**BERGER MONTAGUE P. C.**
Lawrence Deutsch
1818 Market Street
Philadelphia, PA 19103
215.875.3062
ldeutsch@bm.net
josterwise@bm.net
         - and -
**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Neil Grossman
40 Calumet Avenue
Lake Hiawatha, New Jersey 07034
Tel:  (973) 335-6409
Fax:  (973) 335-3717
E-mail:  neil@bgandg.com
         - and –
60 East 42nd Street, Suite 4600
New York,  New York 10165
Tel: (212) 917-697-8209
E-mail:  peretz@bgandg.com

*Attorneys for Plaintiff
and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| **HALEY WILLIAMS**, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.,** ,<br><br>      Defendant. | Civil Action No.<br><br><br><br>**COMPLAINT and<br>DEMAND FOR JURY TRIAL** |

Plaintiff Haley Williams ("**Plaintiff**" or "**Williams**"), having an address in care of

Bronstein, Gewirtz & Grossman, LLC, 60 East 42nd Street, Suite 4600, New York, NY 10165,

1

brings this action against Defendant Samsung Electronics America, Inc., having a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660, ( "**Defendant**" or "**Samsung**") individually and on behalf of all other individuals in the United States who purchased  a Samsung Galaxy Book, Samsung Galaxy Book Pro, or Samsung Galaxy Book Pro 360 (the "**Class Laptops**") directly from Samsung on its website, samsung.com. Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## I.   INTRODUCTION

1.       Samsung designs, manufactures, markets, sells, and warrants the Class Laptops and represents that the Class Laptops have superior computing power and speed and they can effectively run a multitude of applications and processes simultaneously.

2.       However, the Class Laptops have a defect that causes them to excessively overheat when performing basic laptop functions, thus posing a threat to the safety of consumers and rendering the Class Laptops unfit for use (the "**Overheating Defect**").

3.       Samsung has known of the danger posed by the Class Laptops for years. However, Samsung has failed to disclose its knowledge of the Overheating Defect or take any other action to rectify the issue. Samsung has done nothing to fix the Overheating Defect, and the dangerous and severely compromised Class Laptops remain in the marketplace.

4.       The risk of extreme overheating, along with Samsung's concomitant refusal to repair the products or replace them with non-defective products, leaves Plaintiff and members of the Class exposed to danger as well as deprives them of the use of the Class Laptops.

5.       Samsung should not have sold or marketed the Class Laptops without a full

disclosure of the Overheating Defect and should have voluntarily repaired or replaced the Class Laptops upon the first reports of the Overheating Defect, which reports, upon information and belief, were first made in or around March 2017.

6.      Samsung's actions and omissions violate the well-established legal and statutory duties that it owed to Plaintiff and all other similarly situated United States consumers.

7.      Plaintiff brings this class action on behalf of herself and all similarly situated consumers (the "**Class Members**") for actual and statutory damages, as well as for punitive damages and equitable relief, to fully redress the vast harm that Samsung's wrongful acts have caused.

8.      Plaintiff asserts claims for herself and the Class Members under New York Law because Section 11 of the Terms and Conditions pertaining to sales of Class Laptops on samsung.com provides that the Terms will be governed by the law of the State of New York. samsung.com, available at samsung.com/us/terms-of-sale/ (last accessed Nov. 30, 2022).

## II.      PARTIES

### A.  Plaintiff Haley Williams

9.      Plaintiff Haley Williams (née Konsela) is a domiciled Wisconsin citizen, residing in Menomonee, Wisconsin and having a post office address c/o Bronstein, Gewirtz & Grossman, LLC, 60 East 42nd Street, Suite 4600, New York, New York 10165.

### B.  Defendant Samsung Electronics America, Inc.

10.      Defendant Samsung Electronics America, Inc., the designer, manufacturer, and vendor of Samsung laptop computers, is a corporation existing under the laws of the State of New York, headquartered at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung regularly conducts business in this District and throughout the United States.

## III.      JURISDICTION AND VENUE

11.     This Court has personal and subject matter jurisdiction over all causes of action asserted herein.

12.     The Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one Class Member is of diverse citizenship from Defendant, there are more than 100 Class Members, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

13.     This Court has personal jurisdiction over Defendant because it is headquartered in this District, Defendant transacts and does business in this District, and Defendant intentionally avails itself of the laws of New Jersey by transacting a substantial amount of business throughout the State and this District. Further, Defendant has engaged in contractual and statutory violations and common law tortious conduct in New Jersey and in this District.

14.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions that give rise to the claims occurred in this District. Further, Samsung is headquartered and transacts affairs in this District.

## IV.     FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15.     On June 20, 2021, Williams purchased a Class Laptop, specifically a Samsung Galaxy Book Pro 360, from Defendant's website, samsung.com, for $1,079.99. A copy of the receipt dated June 20, 2021 is attached as **Exhibit "A."**

16.     Williams reviewed and relied upon marketing materials and advertisements concerning her Class Laptop that were presented to her on the Samsung website prior to purchasing it. None of the representations regarding the Class Laptops that Williams encountered contained any disclosure relating to the Overheating Defect.

17.     Samsung advertises the Class Laptops on its website as a 2-in-1 device that can be

4

used as a laptop computer or as a tablet, and Class Laptops currently retail from about $1,209.99. samsung.com, *available at* https://www.samsung.com/us/computing/2-in-1-laptops/buy/?model Code=NP935QDC-KE1US (*last accessed* Nov. 30, 2022).

18.     Williams received her Class Laptop on June 24, 2021 and began using it on a regular basis for ordinary computer tasks. Soon after Williams commenced regular use of her Class Laptop, its temperature would rise significantly to the extent that she would have to turn it off.

19.     On August 16, 2021, Williams' Class Laptop overheated intensely under ordinary use. The heat was so bad that Williams was unable to use her Class Laptop in tablet mode inasmuch as Williams feared it would burn her. Additionally, even while using her Class Laptop in laptop mode, Williams would have to regularly power down the Class Laptop to keep it from overheating, effectively preventing her from using the Class Laptop at all. Further, due to the excessive heat, the Class Laptop's fan ran continuously and loudly, interfered with Williams's ordinary use of the Class Laptop, and prevented her from using the Class Laptop in environments expected to remain quiet.

20.     In November 2021, Williams had to exit a Zoom session after only a few minutes due to her Class Laptop becoming too hot and the fan too loud.

21.     In late March 2022, Williams' Class Laptop's network driver failed. At first, it worked intermittently, with a message indicating, "no networks found." Similarly, a message to the effect of, "no networks found," would appear upon Plaintiff running the troubleshooter. Within a few days, the network driver had become entirely inoperable.

22.     On April 6, 2022, Williams contacted Samsung, informing it of her Class Laptop's problems. The Samsung representative generated a service ticket and instructed Williams to send her Class Laptop to Samsung's authorized service center in New Jersey for repairs, which she promptly did. A copy of the service ticket, number 4164667888, dated April 6, 2022 is attached as

5

**Exhibit "B."**

23.     On April 7, 2022, Samsung's repair service received Williams' Class Laptop and listed the repair as "completed." Samsung's repair service emailed Williams a statement that there were "no defects found." Plaintiff immediately called the service center and informed them that she would not accept a broken computer to be sent back to her. She was told that the service center did have to re-set a cable to get the wi-fi to work again. A copy of the repair service statement dated April 7, 2022 is attached as **Exhibit "C."**

24.     The repair service then sent Williams' Class Laptop - dented and with a broken tab and some media/testing downloaded material still on it - back to Williams. See **Exhibit "C."**

25.     On October 4, 2022, Williams again contacted Samsung, through its online chat platform. She informed Samsung that: her Class Laptop constantly overheated; it would burn the user's fingers if she were to keep her fingers on it; the fan was always running; the Class Laptop smelled like it was melting; when she had previously sent in the Class Laptop for repairs, it had been returned not put together correctly; if she charged the Class Laptop while using it, it got worse; the battery lasted only two hours even after a full charge; and the Class Laptop had become worthless because she had to shut it down every two hours to do a full charge out of concern that it would catch fire. Williams requested help with solving the issue and generated a service ticket. A copy of the online chat dated October 4, 2022 is attached as **Exhibit "D."**

26.     The Class Laptop consistently exhibited the overheating issues of which Williams complained to Samsung despite Williams taking impeccable care of it, including keeping it propped on two spaced-out books in an attempt to reduce overheating. See **Exhibit "D."**

27.     On October 7, 2022, a Samsung representative called Williams asking for more details regarding the overheating issue. Williams informed the representative once again that the

computer was effectively rendered useless due to the constant overheating and related problems, such as the battery drain, the loud fan, and the melted plastic odor. Williams was issued service ticket number 4167760955. A copy of the service ticket, number 4167760955, dated October 7, 2022 is attached as **Exhibit "E**."

28.    On October 7, 2022, Williams measured the temperature of her Class Laptop. The front reached 104.9F and the back, 113.1F. Photos of Williams' Class Laptop's temperatures on October 7, 2022 are attached as **Exhibit "F1"**and **Exhibit "F2."**

29.    On October 11, 2022, Williams measured the temperature of her Class Laptop. The front reached 112.2F and the back, 123.4F. Photos of Williams' Class Laptop's temperatures on October 7, 2022 are attached as **Exhibit "G1"**and **Exhibit "G2."**

30.    The temperatures that Williams measured on her Class Laptop on October 7, 2022 and October 11, 2022 exceed heat pain threshold standards.  *See* Ungar, E., & Stroud, K. (2010), *A new approach to defining human touch temperature standards*, Houston, TX: NASA/Johnson Space Center.

31.    Williams' Class Laptop continues to excessively overheat, give off a pungent smell of melting plastic, and suffer from negligible battery life and a flickering screen. Consequently, Plaintiff is unable to use her Class Laptop for its intended use and frequently, cannot use her Class Laptop at all.

32.    Samsung warranted the Class Laptops "against manufacturing defects in materials and workmanship for a period of: One (1) Year Parts and Labor, Carry-In/Ship-In Services." The written, express warranty further stated that it "covers manufacturing defects in materials and workmanship encountered in normal...noncommercial use of this product…," and that Samsung would "repair or replace" the product "if found to be defective." Nevertheless, Samsung has failed

to repair Williams' Laptop during or after the express one-year period. Indeed, Samsung has not repaired it at all. The warranty was printed in a booklet provided with the Laptop's packaging upon delivery to Williams. A copy of the express warranty is attached as **Exhibit "I."**

**A. Samsung's Performance Representations**

33.     Samsung proudly points to its being a computer manufacturer since March 1983. news.samsung.com, *available at* https://news.samsung.com/global/youre-how-old-samsung-pcs-modern-history (*last accessed* Dec. 1, 2022).

34.     Samsung started advertising the first Galaxy Book in 2017. Its successor, the Galaxy Book 2, was announced in October 2018. theverge.com, *available at* https://www.theverge.com/2018/10/18/17993784/samsung-galaxy-book-2-announced-features-price (*last accessed* Dec. 5, 2022). On April 28, 2021, the Galaxy Book Pro and Galaxy Book Pro 360 were announced. news.samsung.com, *available at* https://news.samsung.com/global/infographic-introducing-the-galaxy-book-pro-and-galaxy-book-pro-360-inspired-by-mobile-and-built-for-productivity (*last accessed* Dec. 5, 2022).

35.     Well aware that laptop speed, performance, and battery life are key factors that customers consider when purchasing a laptop, Samsung withheld information from consumers about the Overheating Defect in the Class Laptops, thus misleading consumers about the speed, performance, and battery life of the Class Laptops.

36.     On its website, Samsung touts the Galaxy Book Pro 360 as a device that allows a customer to "[g]et the speeds you need to blaze through your work in record time, then binge-watch a show or game with virtually zero lag," and, generally, "The 5G connectivity of this next-generation data network helps you do more with lightning speeds." samusung.com, *available at* https://www.samsung.com/us/computing/galaxy-book-pro-360/?cid=us_pd_social_instagram_

galaxy-book-pro-360_sustain_tomorrowsoffice_multi_none_none (*last accessed* Nov. 30, 2022).

37.    Among its list of "Notable Features," the Galaxy Book Pro 360 is held out to have a "Super AMOLED touchscreen," and be a "Convertible 2-in-1." It is listed as having 16-17 hours of battery life. The Galaxy Book, featuring a touchscreen, is purported to have eight hours of battery capacity. The Galaxy Book Pro boasts 15-16 hours of battery life. samusung.com, *available at* https://www.samsung.com/us/computing/galaxy-books/compare/ (*last accessed* Nov. 30, 2022).

38.    Notably, while Samsung's website made no mention of the Overheating Defect and related malfunctions in the Class Laptops at the point of sale, Samsung acknowledged its awareness of the Overheating Defect in an appendix to the warranty information booklet that is included in the box for the Class Laptops. Specifically, the appendix states: "[I]f the product emits smoke or there is a burning smell, disconnect the power plug from the wall outlet and contact a Samsung Service Center immediately." A copy of the appendix is attached as **Exhibit "J."**

**B.  Samsung's Knowledge of the Overheating Defect**

39.    Samsung has long known of the Overhearing Defect in the Class Laptops, including from customer complaints, product reviews, warranty claims, and its own experience with other products that it had manufactured and sold excessively overheating.

40.    For example, a technology review of the Galaxy Books on the Men's Journal website, published, upon information and belief, in early 2017, noted that the Galaxy Book would get "[v]ery hot" and that the batteries continued "to be a problem…down to 85 percent life" after "[b]arely half an hour into working…" mensjournal.com, *available at* https://www.mensjournal.com /gear/72-hours-with-the-samsung-galaxy-book-w483499/ (*last accessed* Nov. 30, 2022).

41.    Similarly, in a review dated March 17, 2017 of the newly introduced Samsung Galaxy Book, Softpedia News observed, in a section entitled - "Beware of overheating" – that

Samsung instructed in its manual: "'When you use apps that require more power or use apps on your device for an extended period of time, your device may feel hot to the touch…If the device overheats or feels hot for a prolonged period, do not use it for a while. If the device continues to overheat, contact a Samsung Service Centre.'" newsoftpedia.com, *available at* https://news.softpedia.com/news/samsung-s-new-windows-10-laptop-is-slower-when-the-keyboard-isn-t-connected-514022.shtml (*last accessed* Dec. 5, 2022).

42.     Upon information and belief, Samsung monitors reviews published online of its products. On August 14, 2021, in a post to Samsung's own website entitled, "Galaxy Book Pro 360 13.3 Inch - Hot Temperature," one user complained that "[N]owhere online did I see that my laptop would get super hot and have relatively loud fans…," and "I was wondering if anyone knows as to why my laptop reaches temperatures of 75 Degrees…" us.community.samsung.com, *available at* https://us.community.samsung.com/t5/Computers/Galaxy-Book-Pro-360-13-3-Inch-Hot-Temperature/td-p/1948680 (*last accessed* Nov. 30, 2022).

43.     On August 25, 2021, in a post entitled, "Galaxy book pro 360 overheating and noise," another user reported that "my laptop gets really hot…It is too hot to touch it with a finger for more than a couple of seconds…once a laptop gets hot (it only takes a couple of minutes after starting it and doing stuff), a noise comes out…" us.community.samsung.com, *available at* https://us.community.samsung.com/t5/Computers/Galaxy-book-pro-360-overheating-and-noise/td-p/1963127 (*last accessed* Nov. 30, 2022).

44.     Nearly a year later, the complaints regarding overheating and ancillary problems continued to roll in. On July 7, 2022, in a post entitled, "Samsung galaxy book 360 overheating," a consumer related, "[J]ust had my laptop inspected after it overheated and burnt me, this also caused a small hairline crack on the screen… Samsung tell me there is no manufacture's fault! They are

blaming me for holding it, when it is a tablet which should be held, I can no longer use this tablet / laptop," and concluded with the warning, "[d]o not buy laptops from Samsung they are dangerous !! And they will not fix them when they do go wrong. Told to retest it myself and see if it burns me again." us.community.samsung.com, *available at* https://us.community.samsung.com/t5/ Computers/Samsung-galaxy-book-pro-360-overheating/td-p/2309947 (*last accessed* Nov. 30, 2022).

45.    Complaints have continued to be posted in other forums as well. On July 31, 2022, in a post entitled, "Overheating on my Galaxy Book2 Pro 360 13.3 i7," a user described "experiencing some serious overheating issues" and the laptop becoming "uncomfortably hot." reddit.com, *available at* https://www.reddit.com/r/GalaxyBook/comments/wcuu4g/overheating _on_my_galaxy_book2_pro_360_133_i7/ (*last accessed* Nov. 30, 2022).

46.    A most recent example of a similar complaint is that which appeared in a post that was dated September 27, 2022, entitled, "My Galaxy Book Pro 360 (2021) almost caught fire today." The poster recounted getting a "whiff of burning plastic" when the laptop was in tablet mode and then seeing smoke coming out of the right side of the left hinge and the screen flickering. "[T]hen the laptop died (along with the smoke)." reddit.com, *available at* https://www.reddit.com/r/GalaxyBook/comments/xp4noa/my_galaxybook_pro_360_2021_almost_c aught_fire/ (*last accessed* Nov. 30, 2022).

47.    Online reviews of Samsung products indicating that they overheat and customer complaints stating the same would not go unnoticed by Samsung given that Samsung has recalled other products that it designed and manufactured due to overheating issues. As reported by the United States Consumer Product Safety Commission, in September 2016, Samsung recalled approximately one million of its Galaxy Note7 smartphones for their propensity to "overheat and catch fire, posing a serious burn hazard to consumers." cpsc.com, *available at*

https://www.cpsc.gov/Recalls/2016/Samsung-Recalls-Galaxy-Note7-Smartphones    (*last accessed* Dec. 5, 2022).

48.    Defendant has thus has committed, and is persisting to commit, fraudulent and deceptive conduct through, omissions, suppressions, and concealments of a material fact - the Overheating Defect - from Plaintiff and Class Members as well as the public at large.

49.    Defendant knew these omissions to be misleading and deliberately made them when it marketed and sold the Class Laptops to induce Plaintiff and Class Members to buy Defendant's Class Laptops as well as avoid Defendant's warranty obligations and achieve windfall profits at the expense of Plaintiff and all Class Members.

50.    Defendant's intentionally deceptive conduct induced Plaintiff and Class Members to purchase Defendant's Class Laptops and resulted in harm and damage to Plaintiff and Class Members.

51.    Plaintiff and Class Members had no reasonable means of knowing that Defendant had omitted to disclose material information relating to the Class Laptops. Plaintiff and Class Members did not and could not reasonably discover Defendant's concealment on their own.

52.    Defendant had a duty to disclose, rather than conceal and suppress, the full scope and extent of the Overheating Defect.

53.    These omitted and concealed facts were material because they related to a risk of danger, a reasonable consumer would rely on them in deciding to purchase Class Laptops, and they substantially reduced the value of the Class Laptops that Plaintiff and Class Members purchased. Indeed, the ability to continuously run and hold a convertible laptop-tablet, including without pain or getting burned, is a determinative factor in the decision of consumers such as Plaintiff and Class Members to purchase the Class Laptops.

54.    Plaintiff and Class Members trusted Defendant to sell them products that would function properly and were not defective.

55.    Plaintiff and Class Members were unaware of these omitted material facts and would have paid less for the Class Laptops, or would not have purchased them at all, had they known of the concealed and suppressed facts. Plaintiff and Class Members did not receive the benefit of their bargain due to Defendant's conduct.

56.    Plaintiff and Class Members relied to their detriment upon Defendant's material omissions in deciding to purchase the Class Laptops.

57.    Upon information and belief, Defendant has received numerous complaints of safety concerns and performance issues related to the Overheating Defect through Samsung's online forums and review system as well as through other online review platforms and direct customer complaints in addition to the specific complaints and reviews described above.

58.    Despite Defendant's knowledge of the Overheating Defect in the Class Laptops and its safety implications, Defendant continues to conceal this knowledge and refrain from disclosing that its Class Laptops are dangerous and defective. Consumers continue to purchase and attempt to operate the Class Laptops and continue to experience dangerous failures of the defective Class Laptops, which pose a substantial risk for overheating and even fire.

59.    As a direct and proximate result of Defendant's misconduct, including Defendant's intentional suppression of the true facts, Plaintiff and Class Members suffered injury. Plaintiff and Class Members purchased Class Laptops of inferior quality and performance that posed a significant risk of overheating and had a diminished value by reason of Defendant's concealment of, and failure to disclose, the Overheating Defect.

## V.     CLASS ACTION ALLEGATIONS

60.     Plaintiff brings all claims as class claims under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

61.     Plaintiff brings her claims on her own behalf and on behalf of the proposed class of all persons who purchased any of the Class Laptops in the United States from the samsung.com website (the **"Class"**).

62.     Plaintiff reserves the right to modify or amend the definition of the proposed class before the Court determines whether certification is appropriate.

63.     Excluded from the Class are Defendant; any of its corporate affiliates; any of its directors, officers, or employees; any persons who timely elect to be excluded from the Class; any government entities; and any judge to whom this case is assigned and his or her immediate family, law clerks, and court staff.

64.     The claims for relief asserted herein satisfy the prerequisites for certification as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

    a.   There are questions of law or fact common to the Class;

    b.   The claims or defenses of the representative party are typical of the claims or defenses of the Class;

    c.   The representative party will fairly and adequately protect the interests of the Class;

    d.   The questions of law or fact common to Class Members predominate over any questions affecting only individual members; and

    e.   A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

65.     *Numerosity*. The Class is so numerous that joinder of individual members thereof is impracticable. Plaintiff believes that there are tens of thousands of Class Members throughout the

United States. The precise number and identities of Class Members are unknown to Plaintiff but are known to Defendant or can be ascertained through discovery, including examination of records of sales, warranty records, and other information kept by Defendant or its agents.

66.      *Commonality*. Common questions of law and fact exist as to all Class Members. The questions of law and fact common to the Class include:

i.      Whether the Class Laptops possess a design defect;

ii.     Whether the Class Laptops possess a manufacturing defect;

iii.    Whether the Class Laptops were defective at the point of sale;

iv.    Whether Defendant had a duty to disclose its knowledge of the Overheating Defect ;

v.     Whether the information that Defendant failed to disclose concerning the Overheating Defect was material to consumers;

vi.    Whether Defendant's alleged conduct constitutes the use or employment of an unconscionable commercial practice, deception, fraud, false pretense, false promise, and/or misrepresentation;

vii.   Whether Defendant has violated the express warranty to Plaintiff and the Class;

viii.  Whether Defendant has violated the implied warranty of merchantability;

ix.    Whether Defendant has violated the New York consumer protection statute;

x.     Whether Defendant has violated the Magnuson-Moss Warranty Act;

xi.    Whether Defendant has been unjustly enriched under New York law;

xii.   Whether Plaintiff and Class Members overpaid for their Class Laptops as a result of the Overheating Defect;

xiii.  Whether Plaintiff and Class Members are entitled to damages, restitution,

disgorgement, equitable or other relief; and

xiv. What are the amount and nature of the relief to be awarded to Plaintiff and the Class and what is the appropriate class-wide measure of damages for the Class.

67.    The determination of the truth or falsity of these and other questions will resolve an issue that is central to the validity of each one of the claims (depending on the cause of action asserted) in one stroke. These and other questions will need to be answered in connection with every Class Member's claim (depending on the cause of action asserted). These questions will generate common answers that are apt to drive the resolution of the litigation.

68.    *Typicality*. Plaintiff's claims are typical of the claims of the absent Class Members because they arise from the same course of conduct by Defendant and are based on the same legal theories as do the claims of all other Class Members. Moreover, Plaintiff seeks the same forms of relief for herself as she does on behalf of absent Class Members.

69.    *Adequacy*. Plaintiff will fairly and adequately protect the interests of the absent Class Members. Because her claims are typical of the Class that she seeks to represent, Plaintiff has every incentive to pursue those claims vigorously. Plaintiff's interests are coincident with, and not antagonistic to, those of the absent Class Members. Moreover, Plaintiff is represented by counsel who are competent and experienced in the prosecution of class action and, in particular, consumer protection litigation.

70.    *Predominance*. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate because the questions of law and fact that are common to Class Members that are set forth above predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

71.    *Superiority*. In addition, class action treatment under Rule 23(b)(3) is a superior

16

method for the fair and efficient adjudication of this controversy. Among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense of numerous individual actions.

72.    Furthermore, although the damages suffered by the members of the Class are substantial in the aggregate, the damages to any individual member of the Class would be insufficient to justify individually controlling the prosecution of separate actions against Defendant. The benefits of proceeding on a class-wide basis, including providing injured persons or entities with a method of obtaining redress for claims that might not be practicable to pursue individually, substantially outweigh any potential difficulties in managing this class action.

## VI.  CAUSES OF ACTION

### COUNT I – BREACH OF EXPRESS WARRANTY UNDER N.Y. U.C.C. § 2-313

73.    Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

74.    Plaintiff and Class Members are and were, at all relevant times, "buyers" of the Class Laptops, within the meaning of N.Y. U.C.C. § 2-103(1)(a).

75.    Defendant is and was, at all relevant times, a "seller" of the Class Laptops, within the meaning of N.Y. U.C.C. § 2-103(1)(d).

76.    The Class Laptops were, at all relevant times, "goods," within the meaning of N.Y. U.C.C. § 2-105(1).

77.    Defendant expressly warranted to Plaintiff and all Class Members that Defendant "would repair or replace" the Class Laptops "if found to be defective" within one year of purchase. Defendant represented that the warranty "covers manufacturing defects in materials and

workmanship."

78.     The express warranty had a natural tendency to induce buyers to purchase the Class Laptops at considerable sums and thus, became part of the basis of the bargain.

79.     The Class Laptops contained the Overheating Defect at the time that Samsung sold the Class Laptops to Plaintiff and the Class.

80.     As described above, the Overheating Defect causes the Class Laptops to reach unsafe temperatures and fail to perform as intended and precludes ordinary use of the Class Laptops.

81.     Under the express warranty, Defendant was obligated to correct the Overheating Defects in the Class Laptops but has failed to do so.

82.     Defendant has also breached the express warranty by providing illusory or ineffective repairs, replacing Class Laptops or their component parts with equally defective laptops or parts, and informing customers that there are no problems with Class Laptops.

83.     As described above, Plaintiff has provided notice to Samsung of the Overheating Defect and Samsung's breach of the express warranty.

84.      Defendant also was provided notice of the Overhearing Defect and its breaches of express warranty via consumer complaints and reviews on online forums, including Samsung's own community forum, and by warranty claims made by consumers concerning excessive overheating of the Class Laptops.

85.     Plaintiff and the Class were not required to notify Defendant of its breaches of express warranty because affording Defendant a reasonable opportunity to cure its breach of express warranty would have been futile. Despite having had abundant notice of the Overheating Defect and ample opportunity to cure the defect, Defendant has refused to reimburse consumers or replace or effectively repair the Class Laptops that were purchased by Plaintiff and Class Members.

86.     Plaintiff and the Class have complied with all obligations under the express

18

warranty_or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

87.    Any attempt by Samsung to disclaim or limit its express warranty is unconscionable and unenforceable under the circumstances here. Specifically, Samsung's express warranty limitations are unenforceable because it knowingly sold a defective product without informing consumers about the defect.

88.    The time limits and limitations on remedies contained in Samsung's express warranty are also unconscionable and inadequate to protect Plaintiffs and the Class. Among other things, Plaintiffs and the Class had no meaningful choice in determining these time limitations, the terms of which unreasonably favored Samsung. A gross disparity in bargaining power existed between Samsung and Class Members, and Samsung knew or should have known that the Class Laptops were defective at the time of sale.

89.    Defendant's inability or unwillingness to replace or repair the Class Laptops, as evident from Plaintiff's unsuccessful attempts to remedy her Laptop and the steady stream of reports of the Overheating Defect on the internet, means that the repair and replacement provision of Samsung's express warranty has failed of its essential purpose within the meaning of N.Y. U.C.C. § 2-719(2).

90.    As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and Class Members have suffered actual damages and may suffer additional damages in the future, including the purchase of unreasonably dangerous Class Laptops, receipt of defective Class Laptops at the time of purchase, overpayment for their Class Laptops, partial or total loss of actual and/or intended use of the Class Laptops, repair and replacement expenses, and/or substantial diminution in the fair market value of their Class Laptops.

91.    Plaintiff and the Class seek actual damages and, alternatively, restitution,

injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief under N.Y. U.C.C. § 2-313 and all New York law, by which the purchase of the Class Laptop is governed pursuant to samsung.com's online Terms and Conditions of Sale, Section 11.

## COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER N.Y. U.C.C. § 2-314

92.     Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

93.     Defendant is and was, at all relevant times, a "merchant" of the Class Laptops, within the meaning of N.Y. U.C.C. § 2-103(1)(d).

94.     The Class Laptops were, at all relevant times, "goods," within the meaning of N.Y. U.C.C. § 2-105(1).

95.     Defendant impliedly warranted to Plaintiff and Class Members that its Class Laptops were "merchantable," within the meaning of N.Y. U.C.C. § 2-314(2).

96.     As set forth in more detail above, Defendant sold the Class Laptops with the Overheating Defect which prevents the Class Laptops from passing without objection in the laptop market; from being fit for the ordinary purposes for which such laptop-tablets are used; from being adequately labeled as exposing users to danger upon ordinary use of the Class Laptops; and from conforming to assurances of superior speed and performance as advertised, all within the meaning of N.Y. U.C.C. § 2-314(a), (c), (d), (e), and (f).

97.     Defendant's actions, as complained of herein, breached the implied warranty that the Class Laptops were of merchantable quality and fit for such use in violation of N.Y. UCC Law §§ 2-314.

98.     Plaintiff has provided notice to Defendant of the Overheating Defect and Defendant's breach of the implied warranty of merchantability.

99.     Defendant also was provided notice of the Overhearing Defect and Defendant's breaches of express warranty via consumer complaints and reviews on online forums, including Samsung's own community forum, and by warranty claims made by consumers concerning excessive overheating of the Class Laptops.

100.    Plaintiff and the Class were not required to notify Defendant of its breaches of implied warranty because affording Defendant a reasonable opportunity to cure its breach of express warranty would have been futile. Despite having had abundant notice of the Overheating Defect and ample opportunity to cure the defect, Defendant has refused to reimburse consumers or replace or effectively repair the Class Laptops that were purchased by Plaintiff and Class Members

101.    Plaintiff and the Class have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

102.    Any attempt by Samsung to disclaim or limit its implied warranty is unconscionable and unenforceable under the circumstances here. Specifically, Samsung knowingly sold a defective product without informing consumers about the defect.

103.    In addition, Plaintiffs and the Class had no meaningful choice in determining any warranty limitations, the terms of which unreasonably favored Samsung. A gross disparity in bargaining power existed between Samsung and Class Members.

104.    As a direct and proximate result of Defendant's breach of implied warranty, Plaintiff and Class Members have suffered actual damages and may suffer additional damages in the future, including the purchase of unreasonably dangerous Class Laptops, receipt of defective Class Laptops at the time of purchase, overpayment for their Class Laptops, partial or total loss of actual and/or intended use of the Class Laptops, repair and replacement expenses, and/or substantial diminution in the fair market value of their Class Laptops.

105.    Plaintiff and the Class seek actual damages and, alternatively, restitution, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief under N.Y. U.C.C. § 2-314 and all New York law, by which the purchase of the Laptop is governed pursuant to samsung.com's online Terms and Conditions of Sale, Section 11.

### COUNT III – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT 15 U.S.C. §§ 2301, *et seq.*

106.    Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

107.    Plaintiff and Class Members are "consumers," within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

108.    Samsung is a "supplier" and "warrantor," within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) and (5).

109.    The Class Laptops at issue are "consumer products," within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

110.    As described more fully above, Defendant issued a written Limited Warranty to Plaintiff and the Class that covers the Class Laptops and promises that Samsung will repair or replace any product that is defective in material or workmanship under normal use. This warranty is a "written warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

111.    Samsung provided all purchasers of the Class Laptops with the express warranty described herein, which became a material part of the bargain.

112.    The sale of the Class Laptops was also governed by the implied warranty of merchantability under N.Y. U.C.C. §§ 2-314 and 2-315, as set forth in Count II above.

113.    Defendant breached the written warranty by offering for sale and selling defective Class Laptops that suffered from the Overheating Defect, by failing to repair the Class Laptops, by

purporting to repair the Class Laptops and/or performing inadequate, illusory repairs, and by informing customers that there were no problems with Class Laptops, thereby subjecting the users of the Class Laptops to damages and risks of loss and injury.

114.    Defendant breached its implied warranties because the Class Laptops at the time of sale and thereafter were not fit for their ordinary and intended purpose.

115.    Samsung's breach of express and implied warranties has deprived Plaintiff and Class Members of the benefit of their bargain.

116.    The amount in controversy of the individual claims of each Plaintiff and Class member meets or exceeds the sum or value of $25.00. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

117.    Samsung has been afforded a reasonable opportunity to cure its breach, including when Plaintiff and Class Members contacted Samsung concerning their Class Laptops excessively overheating.

118.    As a direct and proximate result of Samsung's breach of express and implied warranties and violations of the Magnuson-Moss Warranty Act as alleged herein, Plaintiffs and Class Members have incurred damages and other losses in an amount to be determined at trial.

119.    Plaintiff and the Class seek actual damages, restitution, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief under the Magnuson-Moss Warranty Act.

## COUNT IV – VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW
### N.Y. Gen. Bus. Law § 349 and § 350 *et seq.*

120.    Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

121.     Plaintiff and Class Members are "persons" within the meaning of New York General Business Law ("**New York GBL**"). N.Y. Gen. Bus. Law § 349(h).

122.     Samsung is a "person," "firm," "corporation," or "association" within the meaning of N.Y. Gen. Bus. Law § 349.

123.     New York's General Business Law § 349 makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349.

124.     New York's General Business Law § 350, makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce[.]" False advertising includes "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in the light of . . . representations [made] with respect to the commodity." N.Y. Gen. Bus. Law § 350-a.

125.     Defendant's acts and omissions alleged herein constitute deceptive acts or practices, were directed at consumers and were "consumer-oriented," and occurred in the conduct of business, trade, or commerce, all within the meaning of N.Y. Gen. Bus. Law § 349.

126.     Defendant's omission, at the point of sale, of the material fact that the Class Laptops contain an Overheating Defect is false advertising in the conduct of commerce within the meaning of N.Y. Gen. Bus. Law § 350 and § 350-a.

127.     Samsung engaged in unfair or deceptive trade practices and false advertising that violated the New York GBL as described below and alleged throughout the Complaint. By failing to disclose the Overheating Defect, by concealing the Overheating Defect, by marketing the Class Laptops as safe, reliable, and of high quality, and by presenting itself as a reputable manufacturer that valued performance and stood behind its laptops after they were sold, Samsung knowingly and intentionally omitted material facts in connection with the sale or lease of the Class Laptops. Samsung systematically concealed, suppressed, or omitted material facts relating to the Class

Laptops and Overheating Defect in the course of its business.

128.    Samsung engaged in unlawful trade practices and false advertising by employing deception, deceptive acts or practices, fraud, or concealment, and suppression or omission of material facts, with intent that others rely upon such concealment and suppression or omission, in connection with the sale of the Class Laptops.

129.    Samsung's unfair and deceptive acts or practices and false advertising occurred repeatedly in Samsung's trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

130.    Samsung knew or should have known that its conduct violated the New York GBL.

131.    The Class Laptops suffer from the Overheating Defect, which, during the ordinary and anticipated operation of the Class Laptops, causes unsafe conditions and precludes the intended use of the Class Laptops.

132.    Samsung knew that the Class Laptops suffered from the inherent Overheating Defect and were not suitable for their intended use. Among other things, Samsung had received complaints of excessive overheating in the Class Laptops from various sources, had recalled other devices that it manufactured and sold due to the overheating dangers that they had posed, and had even advised powering down the Class Laptops and calling the service center *if* they should "emit smoke or there is a burning smell." Nevertheless, Defendant willfully and knowingly failed to disclose the Overheating Defect, including on Samsung's website or the Class Laptops' packaging.

133.    Samsung owed Plaintiff and Class Members a duty to disclose the truth about the Overheating Defect because Samsung: (a) possessed exclusive knowledge of the Class Laptops and the Overheating Defect; (b) intentionally concealed the foregoing from Plaintiff and Class Members; and/or (c) made incomplete representations regarding the quality and performance of the Class Laptops while purposefully withholding material facts from Plaintiff and Class Members that

contradicted these representations.

134.    The defective nature of the Class Laptops could not have been discovered by Plaintiff and Class Members by the exercise of due diligence and reasonable care.

135.    Information that Samsung possessed about the Overheating Defect inherent in the Class Laptops was material to Plaintiffs and the Class because the omission and concealment of such information was likely to mislead a reasonable consumer and directly impact the value of the Class Laptops that Plaintiffs and Class Members purchased. Performance and safety are material concerns to Samsung laptop consumers.

136.    As more fully described above, reasonable consumers acting reasonably under the circumstances would have been misled by Samsung's omission of material facts about the Overheating Defect, as were Plaintiff and the Class, who purchased the Class Laptops directly from Samsung, a reputable and significant computer manufacturer, on its website, which only lists the Class Laptops' purported favorable features and not the Overheating Defect.

137.    Had Plaintiff and Class Members known that the Class Laptops had the inherent Overheating Defect, they would not have purchased the Class Laptops or would have paid less for them. Plaintiff and Class Members did not receive the benefit of their bargain as a result of Samsung's misconduct.

138.    Plaintiff and Class Members suffered injury in fact to a legally protected interest. As a result of Samsung's conduct, Plaintiff and the Class Members were harmed and suffered actual damages in the form of the diminished value of their Class Laptops.

139.    As a direct and proximate result of Defendant's knowing and willful violation of the New York General Business Law, Plaintiff and Class Members have suffered actual damages and may suffer additional damages in the future, including the purchase of unreasonably dangerous Class Laptops, receipt of defective Class Laptops at the time of purchase, overpayment for their

Class Laptops, partial or total loss of actual and/or intended use of the Class Laptops, repair and replacement expenses, and/or substantial diminution in the fair market value of their Class Laptops.

140.    Samsung's violations present a continuing risk to Plaintiff and Class Members as well as to the general public. Samsung's unlawful acts and practices complained of herein affect the public interest. Specifically: (1) the number of consumers affected by Samsung's deceptive practices are in the hundreds of thousands nationwide; (2) Samsung has significantly high sophistication and bargaining power with respect to the manufacture and sale of the Class Laptops to Plaintiff and individual Class Members; and (3) so long as the Class Laptops continue to be sold and distributed with the Overheating Defect, the likelihood of continued impact on other consumers is significant.

141.    Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff and each Class Member seek actual damages or $50, whichever is greater, in addition to discretionary three times actual damages up to $1,000 for Defendant's willful and knowing violation of N.Y. Gen. Bus. Law § 349. Pursuant to N.Y. Gen. Bus. Law § 350-E, Plaintiff and each Class Member seek actual damages or $500, whichever is greater, in addition to discretionary three times actual damages up to $10,000 for Defendant's willful and knowing violation of N.Y. Gen. Bus. Law § 350 or § 350-a. Plaintiffs and the Class also seek  attorneys' fees and costs, an order enjoining Samsung's deceptive conduct, and any other just and proper relief under N.Y. Gen. Bus. Law § 349 and § 350 *et seq.*

## COUNT V – UNJUST ENRICHMENT

142.    Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

143.    Defendant has been unjustly enriched by Plaintiffs and Class Members' purchase of the Class Laptops, which they would not have purchased or would have paid less for but for Defendant's misconduct with respect to the Overheating Defect.

144.    As alleged herein, Defendant was well aware of the Overheating Defect but failed

to disclose it in order to induce Plaintiff and Class Members to purchase the Class Laptops or pay more than they would have paid for the Class Laptops had they been apprised of the Overheating Defect.

145.    It would be inequitable, unconscionable, and unjust to allow Defendant to retain the benefit of profits that it unfairly obtained from Plaintiff and Class Members. Those profits include the premium price that Plaintiff and Class Members paid for the Class Laptops in their reasonably innocent belief that the Class Laptops were not defective.

146.    Because Defendant would be unjustly enriched if it were to retain the money obtained through its misconduct, Plaintiff and Class Members are entitled to and therefore seek to recover the amount by which Defendant was unjustly enriched at their expense and such other relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually, and on behalf of the members of the Class, respectfully requests that the Court enter judgment against Defendant as follows:

A.    An order certifying the proposed Class pursuant to Federal Rule of Civil Procedure 23, including designating Plaintiff as representative of the Class and appointing the undersigned as Class Counsel;

B.    A declaration that the Class Laptops are defective;

C.    A declaration that Defendant is financially responsible for notifying all Class Members about the defective nature of the Class Laptops and any repair or replacement available to remedy the defect.

D.    An order enjoining Defendant from further deceptive sales of the Class Laptops;

E.    An order that Defendant repair, entirely at its own expense, the Class Laptops so

that they no longer pose risk of overheating;

F.     An award to Plaintiff and Class Members of actual, compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

G.     An order that Defendant disgorge to Plaintiff and Class Members all or part of the unjustly obtained profits from the sale of the Class Laptops or make full restitution to Plaintiff and Class Members.

H.     A declaration that Defendant is financially responsible for all Class notices and the administration of class relief;

I.     An award of any and all remedies provided pursuant to the state and federal consumer protection statutes herein alleged, including any applicable statutory or civil penalties;

J.     An order requiring Defendant to pay both pre-judgment and post-judgment interest on any amounts awarded;

K.     An award of reasonable attorneys' fees, plus reimbursement of reasonable costs, expenses, and disbursements, including reasonable allowances for the fees of experts;

L.     Leave to amend this Complaint to conform to the evidence produced in discovery and at trial; and

M.     Any such other and further relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: February 14, 2023

Respectfully submitted,

**BERGER MONTAGUE P. C.**

By:   */s/ Lawrence Deutsch*
      Lawrence Deutsch
      Jeffrey Osterwise
      1818 Market Street
      Philadelphia, PA 19103
      215.875.3062
      ldeutsch@bm.net
      josterwise@bm.net


**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

By:   */s/ Neil Grossman*
      Neil Grossman
      Peretz Bronstein
      Eitan Kimelman
      Nava Listokin
      60 East 42nd Street, Suite 4600
      New York, NY 10165
      917.697.8209
      peretz@bgandg.com