**BERGER MONTAGUE P. C.**
Lawrence Deutsch
1818 Market Street
Philadelphia, PA 19103
215.875.3062
ldeutsch@bm.net
josterwise@bm.net
- and -
**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Neil Grossman
40 Calumet Avenue
Lake Hiawatha, New Jersey 07034
Tel:  (973) 335-6409
Fax:  (973) 335-3717
E-mail:  neil@bgandg.com
- and –
60 East 42nd Street, Suite 4600
New York,  New York 10165
Tel: (212) 917-697-8209
E-mail:  peretz@bgandg.com

*Attorneys for Plaintiff*
*and the Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK DIVISION

|  |  |
|---|---|
| HALEY WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No.  2:23-cv-00989 (JMV)(JRA)<br><br>**FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL** |

Plaintiff Haley Williams ("**Plaintiff**" or "**Williams**") brings this action against Defendant Samsung Electronics America, Inc. ("**Defendant**" or "**Samsung**"), individually and on behalf of all other individuals in the United States who purchased a Samsung Galaxy Book, Samsung Galaxy Book Pro, Samsung Galaxy Book 2 Pro, or Samsung Galaxy Book Pro 360 (the "**Class Laptops**") directly from Samsung on its website, samsung.com. Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## INTRODUCTION

1.      Samsung designs, manufactures, markets, sells, and warrants the Class Laptops and represents that the Class Laptops have superior computing power, speed, and battery life, have thin profiles and/or touchscreens, and can effectively run a multitude of applications and processes simultaneously.

2.      However, the Class Laptops have a defect that causes them to excessively overheat when performing basic laptop functions. Upon information and belief, Class Laptops overheat as a result of an inadequate cooling system that derives from three flaws: inadequate ventilation, insufficient heat dissipation, and poor thermal conductivity (the "**Overheating Defect**"). The inadequate ventilation results from the Class Laptops' shallow casing, insufficiently raised feet pads, and overcrowded internal hardware, restricting proper airflow and leading to a buildup of heat in the devices. Moreover, the materials used in the construction of the Class Laptops, including the thermal paste and heat pipes, exhibit subpar thermal conductivity properties that impede heat transfer. Additionally, the Class Laptops' cooling system, including its fans and heat sinks, fails to effectively dissipate the generated heat, resulting in temperature spikes.

3.      The Overheating Defect has multi-fold consequences. It causes the Class Laptops'

1

CPU and GPU to throttle, leading to reduced processing power and slower performance. It damages, sometimes irreparably, internal components, such as the motherboard, graphics card, hard drive, and, as happened to Plaintiff, network driver. It poses a safety risk to users inasmuch as the high temperatures can lead to burns or cause the battery to malfunction and catch fire.

4.      Samsung has known of the danger posed by the Class Laptops for years. However, Samsung has failed to disclose the Overheating Defect or take any other action to rectify the issue. Samsung has done nothing to fix the Overheating Defect, and the dangerous and severely compromised Class Laptops remain in the marketplace. Instead, Samsung did and continues to misrepresent the Class Laptops as being an excellent solution for consumers seeking powerful, portable performance.

5.      The risk of extreme overheating, along with Samsung's concomitant refusal to repair the products or replace them with non-defective products, leaves Plaintiff and members of the Class exposed to danger as well as deprives them of the use of the Class Laptops.

6.      Samsung should not have sold or marketed the Class Laptops without a full disclosure of the Overheating Defect and should have voluntarily repaired or replaced the Class Laptops upon the first reports of the Overheating Defect, which were made, upon information and belief, in or around March 2017.

7.      Samsung's actions, misrepresentations, and omissions violate the well-established legal and statutory duties that it owed to Plaintiff and all other similarly situated United States consumers.

8.      Plaintiff brings this class action on behalf of herself and all similarly situated consumers (the "**Class Members**") for actual and statutory damages, as well as punitive damages and equitable relief, to fully redress the vast harm that Samsung's wrongful acts have caused.

9.      Plaintiff asserts claims for herself and the Class Members under New York law because Section 11 of the Terms and Conditions of Sale, which pertain to sales of Class Laptops on samsung.com, such as the sale to Plaintiff, provides that the Terms will be governed by the law of the State of New York. The Terms and Conditions of Sale are available at https://www.samsung.com/us/terms-of-sale/ (*last accessed* Nov. 30, 2022).

10.     In the alternative, Plaintiff asserts claims under Wisconsin law for herself and a Wisconsin Subclass, defined below.

11.     On February 23, 2023, Plaintiff filed her initial Complaint in this action.

12.     On June 12, 2023, Defendant provided written consent, pursuant to Fed. R. Civ. P. 15(a)(2), for Plaintiff to file this First Amended Complaint.

## I.      PARTIES

### A.  Plaintiff Haley Williams

13.     Plaintiff Haley Williams (née Konsela) is a domiciled Wisconsin citizen, residing in Menomonie, Wisconsin.

### B.  Defendant Samsung Electronics America, Inc.

14.     Defendant Samsung Electronics America, Inc., the designer, manufacturer, and vendor of Samsung laptop computers, is a corporation existing under the laws of the State of New York, headquartered at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung regularly conducts business in this District and throughout the United States.

## II.     JURISDICTION AND VENUE

15.     This Court has personal and subject matter jurisdiction over all causes of action asserted herein.

16.     The Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one Class Member is of diverse citizenship from

3

Defendant, there are more than 100 Class Members, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

17.     This Court has personal jurisdiction over Defendant because it is headquartered in this District, Defendant transacts and does business in this District, and Defendant intentionally avails itself of the laws of New Jersey by transacting a substantial amount of business throughout the State and this District. Further, Defendant has engaged in contractual and statutory violations and common law tortious conduct in New Jersey and in this District.

18.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions that give rise to the claims occurred in this District. Further, Samsung is headquartered and transacts affairs in this District.

## III.     FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

19.     On June 20, 2021, Williams purchased a Class Laptop, specifically a Samsung Galaxy Book Pro 360, from Defendant's website, samsung.com, for $1,079.99. A copy of the receipt dated June 20, 2021 is attached as **Exhibit "A."**

20.     Williams reviewed and relied upon marketing materials and advertisements concerning her Class Laptop that she viewed on the Samsung website prior to purchasing it. The materials that Williams reviewed and relied upon when making her purchase informed her that a written warranty from Samsung would accompany the purchase of her Class Laptop. None of the representations regarding the Class Laptops that Williams encountered contained any disclosure relating to the Overheating Defect. On the contrary, the marketing materials and advertisements touted the Class Laptops' powerful performance, thin design, and touchscreen capabilities.

21.     Samsung advertises the Class Laptops on its website as a 2-in-1 device that can be used as a laptop computer or as a tablet, and Class Laptops retailed from about $1,209.99.

4

samsung.com,         *available*         *at*         https://www.samsung.com/us/computing/2-in-1-laptops/buy/?modelCode=NP935QDC-KE1US (*last accessed* Nov. 30, 2022).

22.      Williams received her Class Laptop on June 24, 2021 and began using it on a regular basis for ordinary computer tasks. Soon after Williams commenced regular use of her Class Laptop, its temperature would rise significantly to the extent that she would have to turn it off.

23.      On August 16, 2021, Williams' Class Laptop overheated intensely under ordinary use. The heat was so bad that Williams was unable to use her Class Laptop in tablet mode inasmuch as Williams feared it would burn her. Additionally, even while using her Class Laptop in laptop mode, Williams would have to regularly power down the Class Laptop to keep it from overheating, effectively preventing her from using the Class Laptop at all. Further, due to the excessive heat, the Class Laptop's fan ran continuously and loudly, interfered with Williams's ordinary use of the Class Laptop, and prevented her from using the Class Laptop in environments expected to remain quiet.

24.      In November 2021, Williams had to exit a Zoom session after only a few minutes due to her Class Laptop becoming too hot and the fan too loud.

25.      In late March 2022, Williams' Class Laptop's network driver failed. At first, it worked intermittently, with a message indicating, "no networks found." Similarly, a message to the effect of, "no networks found," would appear upon Plaintiff running the Class Laptop's troubleshooter. Within a few days, the network driver had become entirely inoperable. This complete performance failure is consistent with the effects of the Overheating Defect.

26.      On or about April 6, 2022, Williams contacted Samsung, informing it that her Laptop would not connect to the internet despite her numerous attempts at troubleshooting. *See* ECF 16-2, Certification of Nicole Cantwell ("**Cantwell Cert.**") Ex. 3, p. 3 and Ex. 5., p. 2. The Samsung

representative with whom Williams dealt generated a service ticket and instructed Williams to send her Class Laptop to Samsung's authorized service center in New Jersey for repairs, which she promptly did. A copy of the service ticket, number 4164667888, dated April 6, 2022 is attached as **Exhibit "B."**

27.     On or about April 7, 2022, Samsung's repair service received Williams' Class Laptop but did not repair the Overheating Defect.

28.     Instead, Samsung's repair service listed the repair as "completed" and returned the Class Laptop to Williams unrepaired. *See* Cantwell Cert., Ex. 3, p. 2. Despite knowing that the Class Laptops were sold with the Overheating Defect, Samsung's repair service emailed Williams a statement that there were "no defects found." Plaintiff immediately called the service center and informed them that she would not accept the return of a broken computer. Despite the fact that, upon information and belief, the Overheating Defect caused the network driver failure, Samsung's repair service implied to Williams that the source of the malfunction in her Class Laptop was merely a cable that needed to be re-set. A copy of the repair service statement dated April 7, 2022 is attached as **Exhibit "C."**

29.     On April 7, 2022, upon receiving an email from Samsung detailing the work that was done on her Laptop, Plaintiff emailed back that she hoped the "issue doesn't come back," putting Defendant on notice that its sale of the Class Laptop to Plaintiff was still troublesome. *See* **Exhibit "C."**

30.     However, when she did receive the Class Laptop from the service center, Williams noticed that the bottom of the laptop showed signs of warping from overheating, the right-side

corner near the trackpad had a dent protruding outward, and the tabs on the back vent had been broken. *See* **Exhibit "C."**

31.      On October 4, 2022, Williams again contacted Samsung, through its online chat platform. She informed Samsung that: her Class Laptop constantly overheated; it would burn the user's fingers if she were to keep her fingers on it; the fan was always running; the Class Laptop smelled like it was melting; when she had previously sent in the Class Laptop for repairs, it had been returned incorrectly assembled; if she charged the Class Laptop while using it, the overheating got worse; the battery lasted only two hours even after a full charge; and the Class Laptop had become worthless because she had to shut it down every two hours to do a full charge out of concern that it would catch fire. Williams requested help with solving these issues, and Samsung generated a service ticket. A copy of the online chat dated October 4, 2022 is attached as **Exhibit "D."**

32.      The Class Laptop consistently exhibited the overheating issues of which Williams complained to Samsung despite Williams taking impeccable care of it, including keeping it propped up on two spaced-out books in an attempt to reduce overheating. *See* **Exhibit "D."**

33.      On October 7, 2022, a Samsung representative called Williams asking for more details regarding the overheating issue. Williams informed the representative once again that the computer was effectively rendered useless due to the constant overheating and related problems, such as the battery drain, the loud fan, and the melted plastic odor. She explained that although the laptop had been overheating for months, the overheating had gotten worse and that she had already sent it in for repair but "still the unit smells like it is melting." She expressed her fear that the laptop would physically hurt her. *See* Cantwell Cert., Ex. 4, p. 2. Williams was issued service ticket

7

number 4167760955. However, Samsung declined to repair Williams' laptop. Specifically, Samsung cancelled the service ticket it had issued before Williams had an opportunity to send in her laptop for repair. A copy of the service ticket, number 4167760955, dated October 7, 2022 is attached as **Exhibit "E**."

34.     On October 7, 2022, Williams measured the temperature of her Class Laptop. The front reached 104.9F and the back, 113.1F. Photos of Williams' Class Laptop's temperatures on October 7, 2022 are attached as **Exhibit "F1"**and **Exhibit "F2."**

35.     On October 11, 2022, Williams measured the temperature of her Class Laptop. The front reached 112.2F and the back, 123.4F. Photos of Williams' Class Laptop's temperatures on October 7, 2022 are attached as **Exhibit "G1"**and **Exhibit "G2."**

36.     The temperatures that Williams measured on her Class Laptop on October 7, 2022 and October 11, 2022 exceeded heat pain threshold standards. *See* Ungar, E., & Stroud, K. (2010), *A new approach to defining human touch temperature standards*, Houston, TX: NASA/Johnson Space Center.

37.     Williams' Class Laptop continues to excessively overheat, give off a pungent smell of melting plastic, and suffer from negligible battery life and a flickering screen. Consequently, Plaintiff is unable to use her Class Laptop for its intended use and, frequently, cannot use her Class Laptop at all.

38.     Samsung warranted the Class Laptops "against manufacturing defects in materials and workmanship for a period of: One (1) Year Parts and Labor, Carry-In/Ship-In Services." The written, express warranty further stated that it "covers manufacturing defects in materials and workmanship encountered in normal...noncommercial use of this product…," and that Samsung

would "repair or replace" the product "if found to be defective." Here, the Overheating Defect manifested shortly after Williams purchased the Class Laptop. Nevertheless, Samsung has failed to repair Williams' Laptop during or after the express one-year period. Indeed, Samsung has not repaired it at all. Williams was aware, when making the purchase, that the Class Laptop included a warranty against defects, and she relied on the warranty. Also, the warranty was printed in a booklet provided with the Laptop's packaging upon delivery to Williams. Williams reviewed the booklet, including the Warranty, when she opened the package. A copy of the express warranty is attached as **Exhibit "H."**

### A.  Samsung's Performance Representations

39.     Samsung proudly points to its being a computer manufacturer since March 1983. news.samsung.com, *available at* https://news.samsung.com/global/youre-how-old-samsung-pcs-modern-history (*last accessed* Dec. 1, 2022).

40.     Samsung started advertising the first Galaxy Book in 2017. Its successor, the Galaxy Book 2, was announced in October 2018. theverge.com, *available at* https://www.theverge.com/2018/10/18/17993784/samsung-galaxy-book-2-announced-features-price (*last accessed* Dec. 5, 2022). On April 28, 2021, the Galaxy Book Pro and Galaxy Book Pro 360 were announced. news.samsung.com, *available at* https://news.samsung.com/global/infographic-introducing-the-galaxy-book-pro-and-galaxy-book-pro-360-inspired-by-mobile-and-built-for-productivity (*last accessed* Dec. 5, 2022). The Galaxy Book 2 Pro was released April 1, 2022. Cnet.com, *available at* https://www.cnet.com/tech/computing/samsung-made-the-galaxy-book-2-lineup-feel-more-pro/ (*last accessed* May 28, 2023).

41.     While making public statements about the Class Laptops' speed, performance, battery life, thin profile, and touchscreen characteristics, Samsung withheld information from

consumers about the Overheating Defect in the Class Laptops, thus making false statements about the qualities of the Class Laptops.

42.     In breach of its duty to disclose, on its website, Samsung misrepresents the Galaxy Book Pro 360 as a device that allows a customer to "[g]et the speeds you need to blaze through your work in record time, then binge-watch a show or game with virtually zero lag," and, generally, "The 5G connectivity of this next-generation data network helps you do more with lightning speeds." samusung.com,    *available    at*    https://www.samsung.com/us/computing/galaxy-book-pro-360/?cid=us_pd_social_instagram_galaxy-book-pro-360_sustain_tomorrowsoffice_multi_none_none (*last accessed* Nov. 30, 2022).

43.     Among its list of "Notable Features," the Galaxy Book Pro 360 is held out to have a "Super AMOLED touchscreen," and be a "Convertible 2-in-1." It is listed as having 16-17 hours of battery life. The Galaxy Book, featuring a touchscreen, is purported to have eight hours of battery capacity. The Galaxy Book Pro boasts 15-16 hours of battery life. The Galaxy Book 2 Pro is advertised as having an "[u]ltra light design" and a 21-hour battery. samusung.com, *available at* https://www.samsung.com/us/computing/galaxy-books/compare/ (*last accessed* May 28, 2023). These statements were false because the Overheating Defect prevented consumers from utilizing these design attributes.

44.     Notably, while Samsung's website made no mention of the Overheating Defect and related malfunctions in the Class Laptops at the point of sale, Samsung acknowledged its awareness of the Overheating Defect in an appendix to the warranty information booklet that is included in the box for the Class Laptops. Specifically, the appendix states: "[I]f the product emits smoke or there is a burning smell, disconnect the power plug from the wall outlet and contact a Samsung Service

Center immediately." A copy of the appendix is attached as **Exhibit "I."**

    **B. Samsung's Knowledge of the Overheating Defect**

45.    Samsung has long known of the Overhearing Defect in the Class Laptops, including from customer complaints, product reviews, warranty claims, and its own experience from other products that it has manufactured and sold that overheated excessively.

46.    For example, a technology review of the Galaxy Books on the Men's Journal website, published, upon information and belief, in early 2017, noted that the Galaxy Book would get "[v]ery hot" and that the batteries continued "to be a problem…down to 85 percent life" after "[b]arely half an hour into working…" mensjournal.com, *available at* https://www.mensjournal.com/gear/72-hours-with-the-samsung-galaxy-book-w483499/ (*last accessed* Nov. 30, 2022).

47.    Similarly, in a review dated March 17, 2017 of the newly introduced Samsung Galaxy Book, Softpedia News observed, in a section entitled, "Beware of overheating," that Samsung instructed in its manual: "'When you use apps that require more power or use apps on your device for an extended period of time, your device may feel hot to the touch…. If the device overheats or feels hot for a prolonged period, do not use it for a while. If the device continues to overheat, contact a Samsung Service Centre.'" newsoftpedia.com, *available at*

https://news.softpedia.com/news/samsung-s-new-windows-10-laptop-is-slower-when-the-keyboard-isn-t-connected-514022.shtml (*last accessed* Dec. 5, 2022).

48.    A product review of the Samsung Galaxy Book 360 dated June 14, 2021, observed, after the author had tested it over a month, that the portability of the laptop resulted in its "overheating at times" and that "the noticeable overheating wasn't caused by the fan design but by how thin the device is." www.zdnet.com, *available at* https://www.zdnet.com/article/using-the-galaxy-book-pro-360-for-a-

month-a-great-swiss-knife-that-could-be-sharper/ (*last accessed* May 21, 2023). The fact that
Samsung responded to almost all online complaints, as described below, suggests that Samsung was
aware of these reviews and the Overheating Defect.

49.     Upon information and belief, prior to Plaintiff's purchase, Samsung monitored online complaints
        about the Galaxy Book laptops' Overheating Defect. In addition, Samsung, upon information and
        belief, would have detected the Overheating Defect in testing the Class Laptops, including because
        the Overheating Defect is unavoidably apparent whenever a Class Laptop is left running for any
        period of time.

50.     On August 14, 2021, in a post to Samsung's community forum entitled, "Galaxy Book Pro 360 13.3
        Inch - Hot Temperature," the user complained that "[N]owhere online did I see that my laptop
        would get super hot and have relatively loud fans…," and "I was wondering if anyone knows as to
        why my laptop reaches temperatures of 75 Degrees…" On August 16, 2021, the Samsung
        Community Manager sent a link for instructions for troubleshooting to "alleviate some of the
        stress." us.community.samsung.com, *available at*

        https://us.community.samsung.com/t5/Computers/Galaxy-Book-Pro-360-13-3-Inch-Hot-
        Temperature/td-p/1948680 (*last accessed* Nov. 30, 2022).

51.     On August 25, 2021, in another post to Samsung's community forum entitled "Galaxy book pro 360
        overheating and noise," another user reported that "my laptop gets really hot…. It is too hot to touch
        it with a finger for more than a couple of seconds…once a laptop gets hot (it only takes a couple of
        minutes after starting it and doing stuff), a noise comes out…." Again, on August 26, 2021, the
        Samsung Community Manager responded with a link to troubleshooting instructions because he
        "can definitely understand your concern here." us.community.samsung.com, *available at*

https://us.community.samsung.com/t5/Computers/Galaxy-book-pro-360-overheating-and-noise/td-p/1963127 (*last accessed* Nov. 30, 2022).

52.   Nearly a year later, consumer complaints continued to roll into Samsung. On April 14, 2022, in a post relating an incident that occurred on June 12, 2021 with a Galaxy Book Pro 360, the user reported that an airline had to put the laptop in a fireproof bag during her flight because the laptop would not shut off and would get so hot that it was only touchable with gloves. The Samsung Moderator Community Manager responded on April 14, 2022, stating, "I am sorry to hear about the symptoms you are experiencing with your Galaxy book Pro overheating and I certainly understand your concern with the situation." us.community.samsung.com, *available at*

https://us.community.samsung.com/t5/Computers/Confiscated-by-Airline-for-overheat-and-not-staying-shut-off/td-p/2246795 (*last accessed* May 29, 2023).

53.   On April 26, 2022, in a post to Samsung's website entitled, "Over heating of the latest Samsung Galaxy Book 2 Pro," dated April 26, 2022, a user reported: "I pre-ordered the Samsung galaxy to pro [*sic*] and received the unit a couple of weeks ago. The laptop was getting overheated with the fan running continuously even while running basic programs like Excel and Google Chrome web browsing. No resource intensive programs were being run. It is probably due to the laptop being very thin with insufficient air space inside to cool down the CPU etc. The keyboard was getting very warm and the function bar near the display was hot to touch." A response from the Samsung Moderator Community Manager, dated June 28, 2022, provided a link to troubleshooting instructions and specifically opined that "This should help with the fan noise and excessive heat." us.community.samsung.com, *available at* https://us.community.samsung.com/t5/Computers/Over-heating-of-the-latest-Samsung-Galaxy-Book2-Pro/td-p/2256945 (*last accessed* May 21, 2023).

54.  In a responding comment, posted to Samsung's community forum on May 10, 2022, another user
related: "Same exact issue. I have 15" book2 pro 360 and between the function keys and the screen,
it is very hot to touch. This can't be normal and I can hear the fans as well but the it stays [*sic*] pretty
hot even I'm not running many application. Just normal use like browsing."
us.community.samsung.com, *available at* https://us.community.samsung.com/t5/Computers/Over-
heating-of-the-latest-Samsung-Galaxy-Book2-Pro/td-p/2256945 (*last accessed* May 21, 2023).

55.  Similarly, in a responding comment, posted to Samsung's community forum on June 28, 2022, a
user remarked that the "laptop gets really hot." On June 28, 2022, a Samsung Moderator
Community Manager responded with instructions to help with the "fan noise and excessive heat."
us.community.samsung.com, *available at* https://us.community.samsung.com/t5/Computers/Over-
heating-of-the-latest-Samsung-Galaxy-Book2-Pro/td-p/2256945 (*last accessed* May 21, 2023).

56.  On July 7, 2022, in a post entitled, "Samsung galaxy book 360 overheating," a consumer related,
"[J]ust had my laptop inspected after it overheated and burnt me, this also caused a small hairline
crack on the screen.… Samsung tell me there is no manufacture's fault! They are blaming me for
holding it, when it is a tablet which should be held, I can no longer use this tablet / laptop," and
concluded with the warning, "[d]o not buy laptops from Samsung they are dangerous !! And they
will not fix them when they do go wrong. Told to retest it myself and see if it burns me again." In a
response dated July 10, 2022, the Samsung Moderator Community Manager posted, "I understand
how this can be frustrating with your laptop overheating." us.community.samsung.com, *available at*
https://us.community.samsung.com/t5/Computers/Samsung-galaxy-book-pro-360-overheating/td-
p/2309947 (*last accessed* Nov. 30, 2022).

57.  Thus, upon information and belief, Samsung routinely monitors and responds to online complaints

regarding the Class Laptops. Therefore, Defendant must have had knowledge of the Overheating Defect prior to Plaintiff's purchase of her Class Laptop.

58.    Samsung's awareness of the Overheating Defect obviously led it to include, in the appendix to the express warranty, the instruction to contact the service center if the product emits smoke or there is a burning smell, as stated in ¶ 44 above.

59.  Complaints had been posted in other forums as well. For example a Reddit thread was started on the issue of overheating in the Samsung Galaxy Book 360, with the opening post, dated June 27, 2021, asking, "Galaxy book 360 overheating issues somebody?" Several of the follow-up responses of the same date mentioned overheating as well: from Legitimy, "Does somebody experienced overheating issue with 13" galaxy book pro 360? I was just writing to Samsung support with only google chrome opened as you can see from screenshot and it touched 90° degree, sometimes the bar between the display and function keys it's so hot that you can't touch it, at the moment that im writing this article im at 50° degree with some few chrome tabs and a video in background, before lose time to ship it to Samsung for a useless check I would like to know from other users if you also experienced hot temperature on normal usage or my unit can be broken?"; and from aj1122, "On windows it gets hot very quickly. It burns even putting it in my lap and wearing jeans." reddit.com, *available at* [Galaxy book 360 overheating issues somebody? : r/GalaxyBook (reddit.com).](#) (*last accessed* May 21, 2023).

60.  On July 31, 2022, in a post entitled, "Overheating on my Galaxy Book2 Pro 360 13.3 i7," a user described "experiencing some serious overheating issues" and the laptop becoming "uncomfortably hot." reddit.com, *available at*

[https://www.reddit.com/r/GalaxyBook/comments/wcuu4g/overheating_on_my_galaxy_book2_pro_](https://www.reddit.com/r/GalaxyBook/comments/wcuu4g/overheating_on_my_galaxy_book2_pro_)

360_133_i7/ (*last accessed* Nov. 30, 2022).

61.    A similar complaint appeared in a post dated September 27, 2022, entitled, "My Galaxy Book Pro

360 (2021) almost caught fire today." The poster recounted getting a "whiff of burning plastic"

when the laptop was in tablet mode and then seeing smoke coming out of the right side of the left

hinge and the screen flickering. "[T]hen the laptop died (along with the smoke)." reddit.com,

*available at*

https://www.reddit.com/r/GalaxyBook/comments/xp4noa/my_galaxybook_pro_360_2021_almost_c

aught_fire/ (*last accessed* Nov. 30, 2022).

62.    Online reviews and customer complaints stating that the Class Laptops overheated would not go

unnoticed by Samsung given that Samsung had recalled other products that it designed and

manufactured due to overheating issues. As reported by the United States Consumer Product Safety

Commission, in September 2016, Samsung recalled approximately one million of its Galaxy Note7

smartphones for their propensity to "overheat and catch fire, posing a serious burn hazard to

consumers." cpsc.com, *available at* https://www.cpsc.gov/Recalls/2016/Samsung-Recalls-Galaxy-

Note7-Smartphones (*last accessed* Dec. 5, 2022).

63.    Defendant has thus committed, and continues to commit, fraudulent and deceptive conduct through

misrepresentations regarding and omissions, suppressions, and concealments of a material fact – the

Overheating Defect.

64.    Defendant knew these misrepresentations and omissions to be misleading and deliberately made

them when it marketed and sold the Class Laptops to induce Plaintiff and Class Members to buy

Defendant's Class Laptops as well as to avoid Defendant's warranty obligations and achieve

windfall profits at the expense of Plaintiff and all Class Members.

65.   Defendant's intentionally deceptive conduct induced Plaintiff and Class Members to purchase Defendant's Class Laptops and resulted in harm and damage to Plaintiff and Class Members.

66.   Plaintiff and Class Members had no reasonable means of knowing that Defendant had misrepresented and omitted material information relating to the Class Laptops. Plaintiff and Class Members did not and could not reasonably discover Defendant's concealment on their own. It was Defendant, not Plaintiff and Class Members, who were privy to the inner mechanics of the Class Laptops that caused the Overheating Defect.

67.   Defendant had a duty to disclose, rather than misrepresent, conceal, and suppress, the full scope and extent of the Overheating Defect.

68.   These misrepresented, omitted, and concealed facts were material because they related to a risk of danger, a reasonable consumer would rely on them in deciding to purchase Class Laptops, and they substantially reduced the value of the Class Laptops that Plaintiff and Class Members purchased. Indeed, the ability to continuously run and hold a convertible laptop-tablet, including without pain or getting burned, is a determinative factor in the decision of consumers such as Plaintiff and Class Members to purchase the Class Laptops.

69.   Plaintiff and Class Members trusted Defendant to sell them products that would function properly and were not defective.

70.   Plaintiff and Class Members were unaware of these misrepresented and omitted material facts and would have paid less for the Class Laptops, or would not have purchased them at all, had they known the truth about the misrepresented, concealed, and suppressed facts. Plaintiff and Class Members did not receive the benefit of their bargain due to Defendant's conduct.

71.   Plaintiff and Class Members relied to their detriment upon Defendant's material misrepresentations

17

and omissions in deciding to purchase the Class Laptops.

72.    Upon information and belief, Defendant has received numerous complaints of safety concerns and performance issues related to the Overheating Defect through Samsung's online forums and review system as well as through other online review platforms and direct customer complaints in addition to the specific complaints and reviews described above.

73.    Despite Defendant's knowledge of the Overheating Defect in the Class Laptops and its safety implications, Defendant continues to conceal this knowledge and refrain from disclosing that its Class Laptops are dangerous and defective, instead holding them out to be powerful, effective, and safe. Consumers continue to purchase and attempt to operate the Class Laptops as well as experience dangerous failures of the defective Class Laptops, which pose a substantial risk for overheating and even fire.

74.    As a direct and proximate result of Defendant's misconduct, including Defendant's intentional misrepresentation and suppression of the true facts, Plaintiff and Class Members suffered injury. Plaintiff and Class Members purchased Class Laptops of inferior quality and performance that posed a significant risk of overheating and had a diminished value by reason of Defendant's misrepresentation and concealment of, and failure to disclose, the Overheating Defect.

**IV.    CLASS ACTION ALLEGATIONS**

75.    Plaintiff brings all claims as class claims under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

76.    Plaintiff brings her claims on her own behalf and on behalf of the proposed class of all persons who purchased any of the Class Laptops in the United States from the samsung.com website (the **"Class"**).

77.    In the alternative, Plaintiff brings her claims on behalf of the proposed class of all

persons who purchased any of the Class Laptops in Wisconsin from the samsung.com website (the "**Wisconsin Subclass**").

78.     Plaintiff reserves the right to modify or amend the definition of the proposed class before the Court determines whether certification is appropriate.

79.     Excluded from the Class are Defendant; any of its corporate affiliates; any of its directors, officers, or employees; any persons who timely elect to be excluded from the Class; any government entities; and any judge to whom this case is assigned and his or her immediate family, law clerks, and court staff.

80.     The claims for relief asserted herein satisfy the prerequisites for certification as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

      a. There are questions of law or fact common to the Class;

      b. The claims or defenses of the representative party are typical of the claims or defenses of the Class;

      c. The representative party will fairly and adequately protect the interests of the Class;

      d. The questions of law or fact common to Class Members predominate over any questions affecting only individual members; and

      e. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

81.     _Numerosity_. The Class is so numerous that joinder of individual members thereof is impracticable. Plaintiff believes that there are tens of thousands of Class Members throughout the United States. The precise number and identities of Class Members are unknown to Plaintiff but are known to Defendant or can be ascertained through discovery, including examination of sales records, warranty records, and other information kept by Defendant or its agents.

19

82.    *Commonality*. Common questions of law and fact exist as to all Class Members.

The questions of law and fact common to the Class include:

i.    Whether the Class Laptops possess a design defect;

ii.    Whether the Class Laptops possess a manufacturing defect;

iii.    Whether the Class Laptops were defective at the point of sale;

iv.    Whether Defendant had a duty to disclose its knowledge of the Overheating Defect;

v.    Whether the information that Defendant failed to disclose concerning the Overheating Defect was material to consumers;

vi.    Whether Defendant's alleged conduct constituted the use or employment of an unconscionable commercial practice, deception, fraud, false pretense, false promise, and/or misrepresentation;

vii.    Whether Defendant has violated the express warranty to Plaintiff and the Class;

viii.    Whether Defendant has violated the implied warranty of merchantability;

ix.    Whether Defendant has violated the New York consumer protection statute;

x.    Whether Defendant has violated the Magnuson-Moss Warranty Act;

xi.    Whether Defendant has been unjustly enriched;

xii.    Whether Plaintiff and Class Members overpaid for their Class Laptops as a result of the Overheating Defect;

xiii.    Whether Plaintiff and Class Members are entitled to damages, restitution, disgorgement, and equitable or other relief; and

xiv.    What are the amount and nature of the relief to be awarded to Plaintiff and the Class and what is the appropriate class-wide measure of damages for the Class.

20

83.     The determination of the truth or falsity of these and other questions will resolve an issue that is central to the validity of each one of the claims (depending on the cause of action asserted)  in one stroke.  These and other questions will need to be answered in connection with every Class Member's claim (depending on the cause of action asserted).  These questions will generate common answers that are apt to drive the resolution of the litigation.

84.     *Typicality*. Plaintiff's claims are typical of the claims of the absent Class Members because they arise from the same course of conduct by Defendant and are based on the same legal theories as are the claims of all other Class Members. Moreover, Plaintiff seeks the same forms of relief for herself as she does on behalf of absent Class Members.

85.     *Adequacy*. Plaintiff will fairly and adequately protect the interests of the absent Class Members. Because her claims are typical of the Class that she seeks to represent, Plaintiff has every incentive to pursue those claims vigorously. Plaintiff's interests are coincident with, and not antagonistic to, those of the absent Class Members. Moreover, Plaintiff is represented by counsel who are competent and experienced in the prosecution of class action and, in particular, consumer protection litigation.

86.     *Predominance*. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate because the questions of law and fact that are common to Class Members that are set forth above predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

87.     *Superiority*. In addition, class action treatment under Rule 23(b)(3) is a superior method for the fair and efficient adjudication of this controversy. Among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims

in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense of numerous individual actions.

88.      Furthermore, although the damages suffered by the members of the Class are substantial in the aggregate, the damages to any individual member of the Class would be insufficient to justify individually controlling the prosecution of separate actions against Defendant. The benefits of proceeding on a class-wide basis, including providing injured persons or entities with a method of obtaining redress for claims that might not be practicable to pursue individually, substantially outweigh any potential difficulties in managing this class action.

## V.   CAUSES OF ACTION

### COUNT I – BREACH OF EXPRESS WARRANTY UNDER N.Y. U.C.C. § 2-313

89.      Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

90.      Plaintiff and Class Members are and were, at all relevant times, "buyers" of the Class Laptops, within the meaning of N.Y. U.C.C. § 2-103(1)(a).

91.      Defendant is and was, at all relevant times, a "seller" of the Class Laptops, within the meaning of N.Y. U.C.C. § 2-103(1)(d).

92.      The Class Laptops were, at all relevant times, "goods," within the meaning of N.Y. U.C.C. § 2-105(1).

93.      Defendant expressly warranted to Plaintiff and all Class Members that Defendant "would repair or replace" the Class Laptops "if found to be defective" within one year of purchase. Defendant represented that the warranty "covers manufacturing defects in materials and workmanship."

94.      Plaintiff relied on Samsung's express warranty when deciding to purchase her

22

Class Laptop.

95.     The express warranty had a natural tendency to induce buyers to purchase the Class Laptops at considerable sums and thus, became part of the basis of the bargain.

96.     The Class Laptops contained the Overheating Defect at the time that Samsung sold the Class Laptops to Plaintiff and the Class.

97.     As described above, the Overheating Defect causes the Class Laptops to reach unsafe temperatures and fail to perform as intended and precludes ordinary use of the Class Laptops.

98.     Under the express warranty, Defendant was obligated to correct the Overheating Defects in the Class Laptops but has failed to do so.

99.     Defendant has also breached the express warranty by providing illusory or ineffective repairs, replacing Class Laptops or their component parts with equally defective laptops or parts, and informing customers that there are no problems with Class Laptops.

100.    As described above, on or about April 6, 2022, Plaintiff apprised Samsung that her Laptop was malfunctioning. Defendant knew or should have known that the cause of the malfunction was the Overheating Defect.

101.    As described above, Plaintiff sent her Laptop to Samsung for repairs but Samsung failed to repair the Overheating Defect.

102.    Defendant also was provided notice of the Overhearing Defect and its breaches of express warranty via consumer complaints and reviews on online forums, including Samsung's own community forum, and, upon information and belief, by warranty claims made by consumers concerning excessive overheating of the Class Laptops.

103.    Plaintiff and the Class were not required to notify Defendant of its breaches of express warranty because affording Defendant a reasonable opportunity to cure its breach of express

warranty would have been futile. Despite having had abundant notice of the Overheating Defect and ample opportunity to cure the defect, Defendant has refused to reimburse consumers or replace or effectively repair the Class Laptops that were purchased by Plaintiff and Class Members.

104.    Plaintiff and the Class have complied with all of their obligations under the express warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

105.    Any attempt by Samsung to disclaim or limit its express warranty is unconscionable and unenforceable under the circumstances here. Specifically, Samsung's express warranty limitations are unenforceable because it knowingly sold a defective product without informing consumers about the defect.

106.    The time limits and limitations on remedies contained in Samsung's express warranty are also unconscionable and inadequate to protect Plaintiffs and the Class. Among other things, Plaintiffs and the Class had no meaningful choice in determining these time limitations, the terms of which unreasonably favor Samsung. A gross disparity in bargaining power existed between Samsung and Class Members, and Samsung knew or should have known that the Class Laptops were defective at the time of sale.

107.    Defendant's inability or unwillingness to replace or repair the Class Laptops, as evident from Plaintiff's unsuccessful attempts to remedy her laptop and the steady stream of reports of the Overheating Defect on the internet, means that the repair and replacement provision of Samsung's express warranty has failed of its essential purpose, within the meaning of N.Y. U.C.C. § 2-719(2).

108.    As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and Class Members have suffered actual damages and may suffer additional damages in the

24

future, including the future purchase of unreasonably dangerous Class Laptops, receipt of defective Class Laptops at the time of purchase, overpayment for their Class Laptops, partial or total loss of actual and/or intended use of the Class Laptops, repair and replacement expenses, and/or substantial diminution in the fair market value of their Class Laptops.

109.    Plaintiff and the Class seek actual damages and, alternatively, restitution, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief under N.Y. U.C.C. § 2-313 and all New York law, by which the purchase of the Class Laptop is governed pursuant to samsung.com's online Terms and Conditions of Sale, Section 11.

### COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER N.Y. U.C.C. § 2-314

110.    Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

111.    Defendant is and was, at all relevant times, a "merchant" of the Class Laptops, within the meaning of N.Y. U.C.C. § 2-103(1)(d).

112.    The Class Laptops were, at all relevant times, "goods," within the meaning of N.Y. U.C.C. § 2-105(1).

113.    Defendant impliedly warranted to Plaintiff and Class Members that its Class Laptops were "merchantable," within the meaning of N.Y. U.C.C. § 2-314(2).

114.    As set forth in more detail above, Defendant sold the Class Laptops with the Overheating Defect, which prevents the Class Laptops from passing without objection in the laptop market; from being fit for the ordinary purposes for which such laptop-tablets are used; from being adequately labeled as exposing users to danger upon ordinary use of the Class Laptops; and from conforming to assurances of superior speed and performance as advertised, all within the meaning

25

of N.Y. U.C.C. § 2-314(a), (c), (d), (e), and (f).

115.     Defendant's actions, as complained of herein, breached the implied warranty that the Class Laptops were of merchantable quality and fit for such use in violation of N.Y. U.C.C. §§ 2-314.

116.     Plaintiff has provided notice to Defendant of the Overheating Defect and Defendant's breach of the implied warranty of merchantability.

117.     Defendant also was provided notice of the Overhearing Defect and Defendant's breaches of express warranty via consumer complaints and reviews on online forums, including Samsung's own community forum, and, upon information and belief, by warranty claims made by consumers concerning excessive overheating of the Class Laptops.

118.     Plaintiff and the Class were not required to notify Defendant of its breaches of implied warranty because affording Defendant a reasonable opportunity to cure its breach of express warranty would have been futile. Despite having had abundant notice of the Overheating Defect and ample opportunity to cure the defect, Defendant has refused to reimburse consumers or replace or effectively repair the Class Laptops that were purchased by Plaintiff and Class Members

119.     Plaintiff and the Class have complied with all of their obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

120.     Any attempt by Samsung to disclaim or limit its implied warranty is unconscionable and unenforceable under the circumstances here. Specifically, Samsung knowingly sold a defective product without informing consumers about the defect.

121.     In addition, Plaintiffs and the Class had no meaningful choice in determining any warranty limitations, the terms of which unreasonably favor Samsung. A gross disparity in

bargaining power existed between Samsung and Class Members.

122.    As a direct and proximate result of Defendant's breach of implied warranty, Plaintiff and Class Members have suffered actual damages and may suffer additional damages in the future, including the purchase of unreasonably dangerous Class Laptops, receipt of defective Class Laptops at the time of purchase, overpayment for their Class Laptops, partial or total loss of actual and/or intended use of the Class Laptops, repair and replacement expenses, and/or substantial diminution in the fair market value of their Class Laptops.

123.    Plaintiff and the Class seek actual damages and, alternatively, restitution, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief under N.Y. U.C.C. § 2-314 and all New York law, by which the purchase of the Laptop is governed pursuant to samsung.com's online Terms and Conditions of Sale, Section 11.

**COUNT III – BREACH OF EXPRESS WARRANTY UNDER WISC. STAT. § 402.313**
**(as an alternative to Count I – Breach of Express Warranty under N.Y. U.C.C. § 2-313)**

124.    Plaintiff and Wisconsin Subclass Members are and were, at all relevant times, "buyers" of the Class Laptops, within the meaning of Wisc. Stat. § 402.103(1)(a).

125.    Defendant is and was, at all relevant times, a "seller" of the Class Laptops, within the meaning of Wisc. Stat. § 402.103(1)(d).

126.    The Class Laptops were, at all relevant times, "goods," within the meaning of Wisc. Stat. § 402.105(1).

127.    Defendant expressly warranted to Plaintiff and all Wisconsin Subclass Members that Defendant "would repair or replace" the Class Laptops "if found to be defective" within one year of purchase. Defendant represented that the warranty "covers manufacturing defects in materials and workmanship."

128.     Plaintiff relied on Samsung's express warranty when deciding to purchase her Class Laptop.

129.     The express warranty had a natural tendency to induce buyers to purchase the Class Laptops at considerable sums and thus, became part of the basis of the bargain.

130.     The Class Laptops contained the Overheating Defect at the time that Samsung sold the Class Laptops to Plaintiff and the Wisconsin Subclass.

131.     As described above, the Overheating Defect causes the Class Laptops to reach unsafe temperatures and fail to perform as intended and precludes ordinary use of the Class Laptops.

132.     Under the express warranty, Defendant was obligated to correct the Overheating Defects in the Class Laptops but has failed to do so.

133.     Defendant has also breached the express warranty by providing illusory or ineffective repairs, replacing Class Laptops or their component parts with equally defective laptops or parts, and informing customers that there are no problems with the Class Laptops.

134.     As described above, on or about April 6, 2022, Plaintiff apprised Samsung that her Laptop was malfunctioning. Defendant knew or should have known that the cause of the malfunction was the Overheating Defect.

135.     As described above, Plaintiff sent her Laptop to Samsung for repairs, but Samsung failed to repair the Overheating Defect.

136.     Defendant also was provided notice of the Overhearing Defect and, its breaches of express warranty via consumer complaints and reviews on online forums, including Samsung's own community forum, and, upon information and belief, by warranty claims made by consumers concerning excessive overheating of the Class Laptops.

137.     Plaintiff and the Class were not required to notify Defendant of its breaches of

28

express warranty because affording Defendant a reasonable opportunity to cure its breach of express warranty would have been futile. Despite having had abundant notice of the Overheating Defect and ample opportunity to cure the defect, Defendant has refused to reimburse consumers or replace or effectively repair the Class Laptops that were purchased by Plaintiff and Wisconsin Subclass Members.

138. Plaintiff and the Wisconsin Subclass have complied with all of their obligations under the express warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

139. Any attempt by Samsung to disclaim or limit its express warranty is unconscionable and unenforceable under the circumstances here. Specifically, Samsung's express warranty limitations are unenforceable because it knowingly sold a defective product without informing consumers about the defect.

140. The time limits and limitations on remedies contained in Samsung's express warranty are also unconscionable and inadequate to protect Plaintiff and the Wisconsin Subclass. Among other things, Plaintiff and the Wisconsin Subclass had no meaningful choice in determining these time limitations, the terms of which unreasonably favor Samsung. A gross disparity in bargaining power existed between Samsung and Wisconsin Subclass Members, and Samsung knew or should have known that the Class Laptops were defective at the time of sale.

141. Defendant's inability or unwillingness to replace or repair the Class Laptops, as evident from Plaintiff's unsuccessful attempts to remedy her laptop and the steady stream of reports of the Overheating Defect on the internet, means that the repair and replacement provision of Samsung's express warranty has failed of its essential purpose, within the meaning of Wisc. Stat. § 402.719(2).

142.     As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and Wisconsin Subclass Members have suffered actual damages and may suffer additional damages in the future, including the future purchase of unreasonably dangerous Class Laptops, receipt of defective Class Laptops at the time of purchase, overpayment for their Class Laptops, partial or total loss of actual and/or intended use of the Class Laptops, repair and replacement expenses, and/or substantial diminution in the fair market value of their Class Laptops.

143.     Plaintiff and the Wisconsin Subclass seek actual damages and, alternatively, restitution, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief under Wisc. Stat. §402.313 and all Wisconsin law by which the purchase of the Class Laptop is governed.

### COUNT IV – BREACH OF IMPLIED WARRANTY UNDER WISC. STAT. § 402.314
(as an alternative to Count II – Breach of Implied Warranty of Merchantability under N.Y. U.C.C. § 2-314)

144.     Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

145.     Defendant is and was, at all relevant times, a "merchant" of the Class Laptops, within the meaning of Wisc. Stat. § 402.103(1)(d).

146.     The Class Laptops were, at all relevant times, "goods," within the meaning of Wisc. Stat. § 402.105(1).

147.     Defendant impliedly warranted to Plaintiff and Wisconsin Subclass Members that its Class Laptops were "merchantable," within the meaning of Wisc. Stat. § 402.314(2).

148.     As set forth in more detail above, Defendant sold the Class Laptops with the Overheating Defect, which prevents the Class Laptops from passing without objection in the laptop market; from being fit for the ordinary purposes for which such laptop-tablets are used; from being

adequately labeled as exposing users to danger upon ordinary use of the Class Laptops; and from conforming to assurances of superior speed and performance as advertised, all within the meaning of Wisc. Stat. § 402.314(a), (c), (d), (e), and (f).

149.    Defendant's actions, as complained of herein, breached the implied warranty that the Class Laptops were of merchantable quality and fit for such use in violation of Wisc. Stat. § 402.314.

150.    Plaintiff has provided notice to Defendant of the Overheating Defect and Defendant's breach of the implied warranty of merchantability.

151.    Defendant also was provided notice of the Overhearing Defect and Defendant's breaches of express warranty via consumer complaints and reviews on online forums, including Samsung's own community forum, and, upon information and belief, by warranty claims made by consumers concerning excessive overheating of the Class Laptops.

152.    Plaintiff and the Class were not required to notify Defendant of its breaches of implied warranty because affording Defendant a reasonable opportunity to cure its breach of express warranty would have been futile. Despite having had abundant notice of the Overheating Defect and ample opportunity to cure the defect, Defendant has refused to reimburse consumers or replace or effectively repair the Class Laptops that were purchased by Plaintiff and Wisconsin Subclass Members.

153.    Plaintiff and the Wisconsin Subclass have complied with all of their obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

154.    Any attempt by Samsung to disclaim or limit its implied warranty is unconscionable and unenforceable under the circumstances here. Specifically, Samsung knowingly

31

sold a defective product without informing consumers about the defect.

155.     In addition, Plaintiffs and the Wisconsin Subclass had no meaningful choice in determining any warranty limitations, the terms of which unreasonably favor Samsung. A gross disparity in bargaining power existed between Samsung and Wisconsin Subclass Members.

156.     As a direct and proximate result of Defendant's breach of implied warranty, Plaintiff and Wisconsin Subclass Members have suffered actual damages and may suffer additional damages in the future, including the purchase of unreasonably dangerous Class Laptops, receipt of defective Class Laptops at the time of purchase, overpayment for their Class Laptops, partial or total loss of actual and/or intended use of the Class Laptops, repair and replacement expenses, and/or substantial diminution in the fair market value of their Class Laptops.

157.     Plaintiff and the Wisconsin Subclass seek actual damages and, alternatively, restitution, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief under Wisc. Stat. § 402.314 and all Wisconsin law.

### COUNT V – VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
### 15 U.S.C. §§ 2301, *et seq.*

158.     Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

159.     Plaintiff and Class Members are "consumers," within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

160.     Samsung is a "supplier" and "warrantor," within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) and (5).

161.     The Class Laptops at issue are "consumer products," within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

162.     As described more fully above, Defendant issued a written Limited Warranty to Plaintiff and the Class that covers the Class Laptops and promises that Samsung will repair or replace any product that is defective in material or workmanship under normal use. That warranty is a "written warranty," within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

163.     Samsung provided all purchasers of the Class Laptops with the express warranty described herein, which became a material part of the bargain.

164.     The sale of the Class Laptops was also governed by the implied warranty of merchantability under N.Y. U.C.C. §§ 2-314 and 2-315, as set forth in Count II above (or, in the alternative, under Wisc. Stat. § 402.314, as set forth in Count IV above).

165.     Defendant breached the written warranty by offering for sale and selling defective Class Laptops that suffered from the Overheating Defect, by failing to repair the Class Laptops, by purporting to repair the Class Laptops and/or performing inadequate, illusory repairs, and by informing customers that there were no problems with Class Laptops, thereby subjecting the users of the Class Laptops to damages and risks of loss and injury.

166.     Defendant breached its implied warranties because the Class Laptops at the time of sale and thereafter were not fit for their ordinary and intended purpose.

167.     Samsung's breach of express and implied warranties has deprived Plaintiff and Class Members of the benefit of their bargain.

168.     The amount in controversy of the individual claims of each Plaintiff and Class member meets or exceeds the sum or value of $25.00. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit.

169.     Samsung has been afforded a reasonable opportunity to cure its breach, including when Plaintiff and Class Members contacted Samsung concerning the excessive overheating of their Class Laptops.

170.     As a direct and proximate result of Samsung's breach of express and implied warranties and violations of the Magnuson-Moss Warranty Act as alleged herein, Plaintiffs and Class Members have incurred damages and other losses in an amount to be determined at trial.

171.     Plaintiff and the Class seek actual damages, restitution, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief under the Magnuson-Moss Warranty Act.

**COUNT VI – VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW**
**N.Y. Gen. Bus. Law § 349 and § 350 *et seq.***

172.     Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

173.     Plaintiff and Class Members are "persons," within the meaning of New York General Business Law ("**New York GBL**"). N.Y. Gen. Bus. Law § 349(h).

174.     Samsung is a "person," "firm," "corporation," or "association," within the meaning of N.Y. Gen. Bus. Law § 349.

175.     New York's General Business Law § 349 makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349.

176.     New York's General Business Law § 350, makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce[.]" False advertising includes "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in the light of

34

representations [made] with respect to the commodity." N.Y. Gen. Bus. Law § 350-a.

177.    Defendant's acts, misrepresentations, and omissions alleged herein constitute deceptive acts or practices, were directed at consumers and were "consumer-oriented," and occurred in the conduct of business, trade, or commerce, all within the meaning of N.Y. Gen. Bus. Law § 349.

178.    Defendant's misrepresentations and omissions, at the point of sale, of the material fact that the Class Laptops contained an Overheating Defect, is false advertising in the conduct of commerce within the meaning of N.Y. Gen. Bus. Law § 350 and § 350-a.

179.    Samsung engaged in unfair or deceptive trade practices and false advertising that violated the New York GBL as described below and alleged throughout the Complaint. By making misrepresentations about the Overheating Defect, by failing to disclose the Overheating Defect, by concealing the Overheating Defect, by marketing the Class Laptops as safe, reliable, and of high quality, and by presenting itself as a reputable manufacturer that valued performance and stood behind its laptops after they were sold, Samsung knowingly and intentionally misrepresented and omitted material facts in connection with the sale of the Class Laptops. Samsung systematically misrepresented, concealed, suppressed, and omitted material facts relating to the Class Laptops and Overheating Defect in the course of its business.

180.    Samsung engaged in unlawful trade practices and false advertising by employing deception, deceptive acts or practices, fraud, or concealment, and suppression or omission of material facts with intent that others rely upon such deception, concealment, suppression, or omission, in connection with the sale of the Class Laptops.

181.    Samsung's unfair and deceptive acts or practices and false advertising occurred repeatedly in Samsung's trade or business, were capable of deceiving a substantial portion of the

35

purchasing public, and imposed a serious safety risk on the public.

182.     Samsung knew or should have known that its conduct violated the New York GBL.

183.     The Class Laptops suffer from the Overheating Defect, which, during the ordinary and anticipated operation of the Class Laptops, causes unsafe conditions and precludes the intended use of the Class Laptops.

184.     Samsung knew that the Class Laptops suffered from the inherent Overheating Defect and were not suitable for their intended use. Among other things, Samsung had received complaints of excessive overheating in the Class Laptops from various sources, had recalled other devices that it manufactured and sold due to the overheating dangers that they had posed, and had even advised powering down the Class Laptops and calling the service center *if* they should "emit smoke or there is a burning smell." Nevertheless, Defendant willfully and knowingly misrepresented material facts regarding, and failed to disclose, the Overheating Defect, including on Samsung's website or the Class Laptops' packaging.

185.     Samsung owed Plaintiff and Class Members a duty to disclose the truth about the Overheating Defect because Samsung: (a) possessed exclusive knowledge of the Class Laptops and the Overheating Defect; (b) intentionally concealed the foregoing from Plaintiff and Class Members; and/or (c) made incomplete representations regarding the quality and performance of the Class Laptops while purposefully withholding material facts from Plaintiff and Class Members that contradicted these representations.

186.     The defective nature of the Class Laptops could not have been discovered by Plaintiff and Class Members by the exercise of due diligence and reasonable care.

187.     Information that Samsung possessed about the Overheating Defect inherent in the Class Laptops was material to Plaintiffs and the Class because the omission and concealment of

such information was likely to mislead a reasonable consumer and directly impact the value of the Class Laptops that Plaintiffs and Class Members purchased. Performance and safety are material concerns to Samsung laptop consumers.

188.    As more fully described above, reasonable consumers acting reasonably under the circumstances would have been misled by Samsung's misrepresentation and omission of material facts about the Overheating Defect, as were Plaintiff and the Class, who purchased the Class Laptops directly from Samsung, a reputable and significant computer manufacturer, on its website, which only lists the Class Laptops' purported favorable features and not the Overheating Defect.

189.    Had Plaintiff and Class Members known that the Class Laptops had the inherent Overheating Defect, they would not have purchased the Class Laptops or would have paid less for them. Plaintiff and Class Members did not receive the benefit of their bargain as a result of Samsung's misconduct.

190.    Plaintiff and Class Members suffered injury in fact to a legally protected interest. As a result of Samsung's conduct, Plaintiff and the Class Members were harmed and suffered actual damages in the form of the diminished value of their Class Laptops.

191.    As a direct and proximate result of Defendant's knowing and willful violation of the New York General Business Law, Plaintiff and Class Members have suffered actual damages and may suffer additional damages in the future, including the purchase of unreasonably dangerous Class Laptops, receipt of defective Class Laptops at the time of purchase, overpayment for their Class Laptops, partial or total loss of actual and/or intended use of the Class Laptops, repair and replacement expenses, and/or substantial diminution in the fair market value of their Class Laptops.

192.    Samsung's violations present a continuing risk to Plaintiff and Class Members as well as to the general public. Samsung's unlawful acts and practices complained of herein affect the

public interest. Specifically: (1) the number of consumers affected by Samsung's deceptive practices are in the tens of thousands nationwide; (2) Samsung has significantly high sophistication and bargaining power with respect to the manufacture and sale of the Class Laptops to Plaintiff and individual Class Members; and (3) so long as the Class Laptops continue to be sold and distributed with the Overheating Defect, the likelihood of continued impact on other consumers is significant.

193.    Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff and each Class Member seek actual damages or $50, whichever is greater, in addition to discretionary three times actual damages up to $1,000 for Defendant's willful and knowing violation of N.Y. Gen. Bus. Law § 349. Pursuant to N.Y. Gen. Bus. Law § 350-e, Plaintiff and each Class Member seek actual damages or $500, whichever is greater, in addition to discretionary three times actual damages up to $10,000 for Defendant's willful and knowing violation of N.Y. Gen. Bus. Law § 350 or § 350-a. Plaintiffs and the Class also seek attorneys' fees and costs, an order enjoining Samsung's deceptive conduct, and any other just and proper relief under N.Y. Gen. Bus. Law § 349 and § 350 *et seq.*

### COUNT VII – VIOLATION OF THE WISCONSIN DECEPTIVE TRADE PRACTICES ACT ("DTPA"), WIS. STAT. § 100.18(1)
### (as an alternative to Count VI - Violation of the New York General Business Law
### N.Y. Gen. Bus. Law § 349 and § 350 *et seq.*)

194.    Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

195.    Samsung is a "person," "firm," "corporation," or "association," within the meaning of Wis. Stat. § 100.18(1).

196.    Plaintiff and Wisconsin Subclass Members are members of the "public," within the meaning of Wis. Stat. § 100.18(1).

197.    Samsung, operating in Wisconsin, willfully misrepresented the capability of the

Class Laptops to serve as such by extolling their speed, functionality, battery life, thin profile, touchscreen, portability, and overall performance while failing to disclose and actively concealing the Overheating Defect.

198.     Samsung knew that the Class Laptops suffered from the inherent Overheating Defect and were not suitable for their intended use. Among other things, Samsung had received complaints of excessive overheating in the Class Laptops from various sources, had recalled other devices that it manufactured and sold due to the overheating dangers that they had posed, and had even advised powering down the Class Laptops and calling the service center *if* they should "emit smoke or there is a burning smell." Nevertheless, Defendant willfully and knowingly failed to disclose the Overheating Defect and instead promoted its superior performance, including on Samsung's website and the Class Laptops' packaging.

199.     By misrepresenting the performance capabilities of the Class, Samsung engaged in deceptive business practices in violation of Wis. Stat. § 100.18.

200.     Samsung's unfair and deceptive acts and practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and Wisconsin Subclass Members, about the true nature and quality of the Class Laptops.

201.     Samsung intentionally and knowingly misrepresented material facts regarding the Class Laptops' performance with an intent to mislead Plaintiff and Wisconsin Subclass Members. Defendant's misrepresentations were disseminated in Wisconsin via its website.

202.     Samsung knew or should have known that its conduct violated Wis. Stat. § 100.18.

203.     As alleged above, in Section III. A, "Samsung's Performance Representations," ¶¶ 41 – 44, Samsung made material statements about the Class Laptops' performance that were either false or misleading. By marketing the Class Laptops as reliable and of high quality, and by

presenting itself as a reputable manufacturer that valued performance and stood behind its laptops after they were sold, all the while concealing the Overheating Defect, Samsung knowingly and intentionally misrepresented material facts in connection with the sale of the Class Laptops. In addition, Samsung owed Plaintiff and Wisconsin Subclass Members a duty to disclose the truth about the Overheating Defect because Samsung: (a) possessed exclusive knowledge of the Class Laptops and the Overheating Defect; (b) intentionally concealed the foregoing from Plaintiff and Wisconsin Subclass Members; and/or (c) made incomplete and misleading representations regarding the quality and performance of the Class Laptops while purposefully withholding material facts from Plaintiff and Wisconsin Subclass Members that contradicted these representations.

204.    Samsung's fraudulent claims of the superior quality of the Class Laptops' performance and their true nature were material to Plaintiff and Wisconsin Subclass Members.

205.    The Class Laptops suffer from the Overheating Defect, which, during the ordinary and anticipated operation of the Class Laptops, causes unsafe conditions and precludes the intended use of the Class Laptops.

206.    The defective nature of the Class Laptops could not have been discovered by Plaintiff and Wisconsin Subclass Members by the exercise of due diligence and reasonable care. It was Defendant, not Plaintiff and Class Members, who were privy to the inner mechanics of the Class Laptops that caused the Overheating Defect.

207.    Information that Samsung possessed about the Overheating Defect inherent in the Class Laptops was material to Plaintiff and Wisconsin Subclass Members because the omission and misrepresentation of such information was likely to mislead a reasonable consumer and directly impact the value of the Class Laptops that Plaintiff and Wisconsin Subclass Members purchased. Performance and safety are material concerns to Samsung laptop consumers.

40

208.     As more fully described above, reasonable consumers acting reasonably under the circumstances would have been misled by Samsung's misrepresentations and omission of material facts about the Overheating heating, as were Plaintiff and Wisconsin Subclass Members, who purchased the Class Laptops directly from Samsung, a reputable and significant computer manufacturer, on its website, also available to the public in Wisconsin, which only lists the Class Laptops' purported favorable features and not the Overheating Defect.

209.     Had Plaintiff and Wisconsin Subclass Members known the true nature of the Class Laptops - namely, that they had a tendency to be inoperable, fail to connect to the internet, suffer damage to their internal components, and even pose danger to their users - they would not have purchased the Class Laptops or would have paid less for them. Plaintiff and Wisconsin Subclass Members did not receive the benefit of their bargain as a result of Samsung's misconduct.

210.     Plaintiff and Wisconsin Subclass Members suffered injury in fact to a legally protected interest. As a result of Samsung's conduct, Plaintiff and the Wisconsin Subclass Members were harmed and suffered actual pecuniary loss in the form of the diminished value of their Class Laptops.

211.     As a direct and proximate result of Defendant's knowing and willful violation of the Wisconsin Deceptive Trade and Practices Act, Plaintiff and Wisconsin Subclass Members have suffered actual damages and may suffer additional damages in the future, including the purchase of unreasonably dangerous Class Laptops, receipt of defective Class Laptops at the time of purchase, overpayment for their Class Laptops, partial or total loss of actual and/or intended use of the Class Laptops, repair and replacement expenses, and/or substantial diminution in the fair market value of their Class Laptops.

212.     Samsung's violations present a continuing risk to Plaintiff and Wisconsin Subclass

41

Members as well as to the general public. Samsung's unlawful acts and practices complained of herein affect the public interest. Specifically: (1) the number of consumers affected by Samsung's deceptive practices are in the tens of thousands nationwide; (2) Samsung has significantly high sophistication and bargaining power with respect to the manufacture and sale of the Class Laptops to Plaintiff and individual Wisconsin Subclass Members; and (3) so long as the Class Laptops continue to be sold and distributed with the Overheating Defect, the likelihood of continued impact on other consumers is significant.

213.    Plaintiff and Wisconsin Subclass Members are entitled to damages and other relief provided for under Wis. Stat. § 100.18(11)(b)(2).

214.    Because Samsung's conduct was committed knowingly and/or intentionally, Plaintiff and Wisconsin Subclass Members are entitled to treble damages.

215.    Plaintiff and Wisconsin Subclass Members also seek court costs and attorneys' fees under Wis. Stat. § 100.18(11)(b)(2).

**COUNT VIII – UNJUST ENRICHMENT**

216.    Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

217.    Defendant has been unjustly enriched by Plaintiffs and Class Members' purchase of the Class Laptops, which they would not have purchased or would have paid less for but for Defendant's misconduct with respect to the Overheating Defect.

218.    As alleged herein, Defendant was well aware of the Overheating Defect but misrepresented material facts and failed to disclose the Overheating Defect in order to induce Plaintiff and Class Members to purchase the Class Laptops or pay more than they would have paid for the Class Laptops had they been apprised of the Overheating Defect.

219.     It would be inequitable, unconscionable, and unjust to allow Defendant to retain the benefit of profits that it unfairly obtained from Plaintiff and Class Members. Those profits include the premium price that Plaintiff and Class Members paid for the Class Laptops in their reasonably innocent belief that the Class Laptops were not defective.

220.     Because Defendant would be unjustly enriched if it were to retain the money obtained through its misconduct, Plaintiff and Class Members are entitled to and therefore seek to recover, in the alternative to the warranty claims presented above, the amount by which Defendant was unjustly enriched at their expense and such other relief as this Court deems just and proper.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually, and on behalf of the members of the Class, respectfully requests that the Court enter judgment against Defendant as follows:

A.     An order certifying the proposed Class pursuant to Federal Rule of Civil Procedure 23, including designating Plaintiff as representative of the Class and appointing the undersigned as Class Counsel;

B.     A declaration that the Class Laptops are defective;

C.     A declaration that Defendant is financially responsible for notifying all Class Members about the defective nature of the Class Laptops and any repair or replacement available to remedy the defect.

D.     An order enjoining Defendant from further deceptive sales of the Class Laptops;

E.     An order that Defendant repair, entirely at its own expense, the Class Laptops so that they no longer pose risk of overheating;

F.     An award to Plaintiff and Class Members of actual, compensatory, exemplary, and

43

statutory damages, including interest, in an amount to be proven at trial;

G.     An order that Defendant disgorge to Plaintiff and Class Members all or part of the unjustly obtained profits from the sale of the Class Laptops or make full restitution to Plaintiff and Class Members.

H.     A declaration that Defendant is financially responsible for all Class notices and the administration of class relief;

I.     An award of any and all remedies provided pursuant to the state and federal consumer protection statutes herein alleged, including any applicable statutory or civil penalties;

J.     An order requiring Defendant to pay both pre-judgment and post-judgment interest on any amounts awarded;

K.     An award of reasonable attorneys' fees, plus reimbursement of reasonable costs, expenses, and disbursements, including reasonable allowances for the fees of experts;

L.     Leave to amend this Complaint to conform to the evidence produced in discovery and at trial; and

M.     Any such other and further relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of  Civil Procedure, Plaintiff hereby demands a

trial by jury of all issues so triable.

Dated: June 15, 2023                 Respectfully submitted,

**BERGER MONTAGUE P. C.**

By:      */s/ Lawrence Deutsch*
          Lawrence Deutsch
          Jeffrey Osterwise
          1818 Market Street
          Philadelphia, PA 19103
          215.875.3062
          ldeutsch@bm.net
          josterwise@bm.net

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

By:      */s/ Peretz Bronstein*
          Peretz Bronstein, Esq.
          Nava Listokin
          60 East 42nd Street, Suite 4600
          New York, NY 10165
          917.697.8209
          peretz@bgandg.com
          soloveichik@bgandg.com
          nava@bgandg.com

**BRONSTEIN, GEWRITZ & GROSSMAN, LLC**

By:      */s/ Neil D. Grossman*
          Neil D. Grossman
          40 Calumet Avenue
          Lake Hiawatha, New Jersey 07034
          (973) 335-6409
          Fax (973) 335-3717

45