## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HALEY WILLIAMS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　　　Defendant. | No. 2:23-cv-00989-JMV-JRA |

---

## DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

---

GREENBERG TRAURIG, LLP
David Jay
James L. Ryerson
500 Campus Drive, Suite 400
Florham Park, NJ 07932
(973) 360-7900

GREENBERG TRAURIG, LLP
Robert J. Herrington
(admitted pro hac vice)
Michael E. McCarthy
(pro hac vice application forthcoming)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
(310) 586-7700

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

# **TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ................................................................. 1

II.  SUMMARY OF PLAINTIFF'S ALLEGATIONS ................................. 5

    A.  Williams' Own Communications Confirm She Has No Claim. ...........5

    B.  Williams' Conclusory Allegations Do Not Support Her Claims. ......... 7

III.  LEGAL STANDARD .......................................................................... 9

IV.  ARGUMENT ..................................................................................... 10

    A.  Plaintiff Has Not Plausibly Alleged An Actionable "Defect." ............. 10

    B.  Plaintiff Has No Basis To Invoke New York Law For Any Claims... 14

        1.  The governing law provision in the TCS does not apply. ........14

        2.  Plaintiff lacks standing to assert claims under New York
            law. ..........................................................................................17

    C.  All The Warranty Claims (Counts I through V) Fail. ........................... 18

        1.  All the warranty claims fail because Williams does not
            allege breach within the warranty period, or at all. ..................18

        2.  Williams alleges no facts showing that the Limited
            Warranty for her laptop is procedurally and substantively
            unconscionable. .......................................................................21

        3.  Williams fails to plead reliance on the Limited Warranty ........25

        4.  The MMWA claim fails because there is just one
            plaintiff, and because the underlying state-law warranty
            claims fail. ...............................................................................25

    D.  The Consumer Fraud Claims (Counts VI & VII) Fail For Many
        Reasons. ......................................................................................... 26

           1.    Williams alleges no connection between her purported deception and the State of New York. .......................................27

           2.    Omissions cannot support claims under Wis. Stat. § 100.18(1). .....................................................................................28

           3.    Williams does not allege what she saw, or how it misled her. ........................................................................................29

           4.    Williams does not allege SEA's knowledge of any overheating problem at the time of sale. ...................................31

    E.    The Unjust Enrichment Claim (Count VIII) Fails For Four Reasons. ................................................................................. 36

    F.    Williams Also Lacks Standing To Seek Injunctive Relief. .................. 39

V.    CONCLUSION ........................................................................ 40

# TABLE OF AUTHORITIES

## Cases

*Action Rentals Holdings, LLC v. Wacker Neuson Am. Corp.*,
    2023 WL 156278 (E.D. Wis. Jan. 11, 2023) ..........................................................38

*AEP Indus. v. Thiele Techs. Inc.*,
    2016 WL 4591902 (E.D. Wis. Sep. 2, 2016) ........................................................20

*Alban v. BMW of N. Am., LLC*,
    2011 WL 900114 (D.N.J. Mar. 15, 2011) ............................................................23

*Alban v. BMW of N. Am., LLC*,
    2010 WL 3636253 (D.N.J. Sept. 8, 2010).............................................................32

*Amato v. Subaru of Am., Inc.*,
    2019 WL 6607148 (D.N.J. Dec. 5, 2019) ............................................................22

*Argabright v. Rheem Mfg. Co.*,
    201 F. Supp. 3d 578 (D.N.J. 2016).......................................................................26

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................9

*Ball v. Sony Elecs., Inc.*,
    2005 WL 2406145 (W.D. Wis. Sep. 28, 2005) ........................................... 29, 30

*Bayerische Motoren Werke Aktiengesellschaft*,
    2018 WL 6804506 (D.N.J. Oct. 30, 2018) ..........................................................29

*Bd. of Educ. of Twp. of Cherry Hill v. Human Res. Microsystems, Inc.*,
    2010 WL 3882498 (D.N.J. Sept. 28, 2010)................................................... 16, 17

*Bedi v. BMW of N. Am., LLC*,
    2016 WL 324950 (D.N.J. Jan. 27, 2016) .............................................................38

*Berni v. Barilla S.P.A.*,
    964 F.3d 141 (2d Cir. 2020) .................................................................................40

*Black Box Corp. v. Markham*,
   127 F. App'x 22 (3d Cir. 2005) ..........................................................................15

*Bledsoe v. FCA US LLC*,
   307 F. Supp. 3d 646 (E.D. Mich. 2018) ............................................................11

*Brame v. GM LLC*,
   535 F. Supp. 3d 832 (E.D. Wis. 2021) ...............................................................37

*Burtch v. Milberg Factors, Inc.*,
   662 F.3d 212 (3d Cir. 2011) .................................................................................9

*Butera v. Honeywell Int'l, Inc.*,
   2020 WL 64568 (D.N.J. Jan. 6, 2020) ........................................................ 19, 33

*Cali v. Chrysler Grp. LLC*,
   2011 WL 383952 (S.D.N.Y. Jan. 18, 2011) .......................................................19

*Catalano v. MarineMax*,
   590 F. Supp. 3d 487 (E.D.N.Y. 2022) ......................................................... 22, 25

*Coffman v. Pruco Life Ins. Co.*,
   2011 WL 4550152 (D.N.J. Sep. 29, 2011) ...........................................................7

*Cohen v. Subaru of Am., Inc.*,
   2022 WL 721307 (D.N.J. Mar. 10, 2022) ......................................... 18, 26, 30, 37

*Connelly v. Lane Const. Corp.*,
   809 F.3d 780 (3d Cir. 2016) .................................................................................9

*Cooper v. Samsung Elecs. Am., Inc.*,
   374 F. App'x 250 (3d Cir. 2010) ........................................................................18

*Corsello v. Verizon N.Y., Inc.*,
   18 N.Y.3d 777 (N.Y. Ct. App. 2012) .................................................................38

*Cota v. Ralph Lauren Corp.*,
   603 F. Supp. 3d 666 (E.D. Wis. 2022) ........................................................ 38, 40

*Crown Cell Inc. v. Ecovacs Robotics Inc.*,
   2022 WL 4087512 (N.D. Cal. Sep. 6, 2022) ......................................................19

*Cruz v. FXDirectDealer, LLC*,
    720 F.3d 115 (2d Cir. 2013) ...............................................................27

*Cummings v. FCA US LLC*,
    401 F. Supp. 3d 288 (N.D.N.Y. 2019) ................................................32

*Curtis-Universal, Inc. v. Ford Motor Co.*,
    1989 U.S. Dist. LEXIS 19418 (E.D. Wis. Nov. 28, 1989) ..................24

*Dawson v. Gen. Motors LLC*,
    2019 WL 3283046 (D.N.J. July 22, 2019) ..........................................20

*DeCoteau v. FCA US LLC*,
    2015 WL 6951296 (E.D. Cal. Nov. 10, 2015) .....................................11

*Devey v. Big Lots, Inc.*,
    2022 WL 6827447 (W.D.N.Y. Oct. 12, 2022).....................................30

*Diaz v. FCA US LLC*,
    2022 WL 4016744 (D. Del. Sept. 2, 2022) ........................... 29, 32, 35

*Fagan v. Fischer*,
    2019 WL 5587286 (D.N.J. Oct. 30, 2019) ............................... 15, 16, 17

*Federman v. Bank of America, N.A.*,
    2014 WL 12774688 (D.N.J. Dec. 16, 2014) ................................... 9, 17

*Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*,
    2021 WL 5448716 (D.N.J. Nov. 19, 2021) ..........................................26

*Franze v. Bimbo Foods Bakeries Distrib., LLC*,
    2019 WL 1244293 (S.D.N.Y. Mar. 15, 2019)............................... 37, 38

*Glass v. BMW of N. Am., LLC*,
    2011 WL 6887721 (D.N.J. Dec. 29, 2011) ..........................................32

*Gordon v. Hain Celestial Grp., Inc.*,
    2017 WL 213815 (S.D.N.Y. Jan. 18, 2017)..........................................38

*Goshen v. Mut. Life Ins. Co.*,
    98 N.Y.2d 314 (N.Y. Ct. App. 2002) ..................................................27

v

*Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*,
   525 F. App'x 94 (3d Cir. 2013) ...........................................................................35

*Goudy v. Yamaha Motor Corp.*,
   324 Wis. 2d 441 (2010) ......................................................................................28

*Gray v. BMW of N. Am., LLC*,
   22 F. Supp. 3d 373 (D.N.J. 2014) .......................................................................18

*Haag v. Hyundai Motor Am.*,
   969 F. Supp. 2d 313 (W.D.N.Y. 2013) ................................................................38

*Haggerty v. Bluetriton Brands, Inc.*,
   2022 WL 17733677 (D.N.J. Dec. 16, 2022) ......................................................40

*Harris v. Pfizer Inc.*,
   586 F. Supp. 3d 231 (S.D.N.Y. 2022) ........................................................ 31, 34

*Hughes v. Panasonic Consumer Elecs. Co.*,
   2011 WL 2976839 (D.N.J. July 21, 2011) .........................................................30

*Hume v. Farr's Coach Lines, Ltd.*,
   2016 WL 1031320 (W.D.N.Y. Mar. 8, 2016) .....................................................25

*In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*,
   2015 WL 4591236 (D.N.J. July 29, 2015) .........................................................24

*In re DIPF Indirect Purchaser Antitrust Litig.*,
   2013 WL 5503308 (D.N.J. Oct. 2, 2013) ...........................................................17

*In re NJOY, Inc. Consumer Class Action Litig.*,
   2014 WL 12586074 (C.D. Cal. Oct. 20, 2014) ..................................................29

*In re Philips/Magnavox TV Litig.*,
   2010 WL 3522787 (D.N.J. Sep. 1, 2010) .................................................... 23, 24

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
   2018 WL 1576457 (N.D. Cal. Mar. 30, 2018). ..................................................34

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
   2020 WL 7664461 (N.D. Cal. Dec. 24, 2020) ....................................... 11, 14, 36

*In re Subaru Battery Drain Prods. Liab. Litig.*,
    2021 WL 1207791 (D.N.J. Mar. 31, 2021) .........................................................28

*Jackson v. Bank of Am., N.A.*,
    2017 WL 5598856 (W.D.N.Y. Nov. 21, 2017)...................................................29

*James v. Richman*,
    547 F.3d 214 (3d Cir. 2008) ...............................................................................39

*Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practices & Liab. Litig.*,
    903 F.3d 278 (3d Cir. 2018) ...............................................................................39

*Kavon v. BMW of N. Am., LLC*,
    2022 WL 1830797 (D.N.J. June 3, 2022) ..........................................................26

*Kennedy v. Samsung Elecs. Am., Inc.*,
    2015 WL 2093938 (D.N.J. May 5, 2015) ..........................................................22

*Kostick v. Masonite Corp.*,
    2022 WL 14014942 (W.D. Wis. Oct. 24, 2022) ................................................22

*Kyszenia v. Ricoh USA, Inc.*,
    583 F. Supp. 3d 350 (E.D.N.Y. 2022)................................................................24

*Leboon v. DS Waters of America, Inc.*,
    2021 WL 1193239 (E.D. Pa. Mar. 30, 2021) ....................................................16

*Lee v. Canada Goose US, Inc.*,
    2021 WL 2665955 (S.D.N.Y. June 29, 2021).....................................................38

*Linde, LLC v. Valley Protein, LLC*,
    2019 WL 3035551 (E.D. Cal. July 11, 2019).....................................................16

*Maloney v. Microsoft Corp.*,
    2011 WL 5864064 (D.N.J. Nov. 21, 2011) ........................................................15

*Martelli v. Rite Aid Corp.*,
    2023 WL 2058620 (S.D.N.Y. Feb. 16, 2023) ....................................................31

*Martin v. LG Elecs. USA, Inc.*,
    2015 WL 1486517 (W.D. Wis. Mar. 31, 2015) .................................................39

*McCalley v. Samsung Elecs. Am., Inc.*,
2008 WL 878402 (D.N.J. Mar. 31, 2008) ...................................................... 19, 20

*McQueen v. BMW of N. Am., LLC*,
2013 WL 4607353 (D.N.J. Aug. 29, 2013) ................................................... 10, 14

*Miller v. Samsung Elecs. Am., Inc.*,
2015 WL 3965608 (D.N.J. June 29, 2015) .........................................................16

*Miller v. Vonage Am., Inc.*,
2015 WL 59361 (E.D. Wis. Jan. 5, 2015) ..........................................................29

*Morales v. Kimberly-Clark Corp.*,
2020 WL 2766050 (S.D.N.Y. May 27, 2020) ....................................................34

*Moulton v. LG Elecs. USA, Inc.*,
2012 WL 5555496 (D.N.J. Nov. 14, 2012) .........................................................24

*MZL Cap. Holdings, Inc. v. TD Bank, N.A.*,
734 F. App'x 101 (3d Cir. 2018) .........................................................................12

*New Jersey Second Amend. Soc'y v. New Jersey Press Ass'n*,
2021 WL 4822050 (D.N.J. Oct. 15, 2021) ............................................................6

*Nikolin v. Samsung Elecs. Am., Inc.*,
2010 WL 4116997 (D.N.J. Oct. 18, 2010) ..................................................... 16, 17

*Oden v. Bos. Sci. Corp.*,
330 F. Supp. 3d 877 (E.D.N.Y. 2018) .................................................................25

*Ohanian v. Apple Inc.*,
2022 WL 826415 (S.D.N.Y. Mar. 18, 2022) .......................................................31

*Oliver v. Funai Corp., Inc.*,
2015 WL 9304541 (D.N.J. Dec. 21, 2015) .........................................................34

*Pagoudis v. Keidl*,
2023 WI 27 (2023) ..............................................................................................25

*Par Pharm., Inc. v. Luitpold Pharm., Inc.*,
2017 WL 452003 (D.N.J. Feb. 1, 2017) .......................................................... 5, 21

*Pelayo v. Hyundai Motor Am., Inc.*,
   2021 WL 1808628 (C.D. Cal. May 5, 2021)......................................................10

*Pineda v. Nissan N. Am., Inc.*,
   2022 WL 2920416 (C.D. Cal. July 25, 2022) ...................................................11

*Ponzio v. Mercedes-Benz USA, LLC*,
   447 F. Supp. 3d 194 (D.N.J. 2020)...................................................................17

*Priano-Keyser v. Apple, Inc.*,
   2019 WL 7288941 (D.N.J. Dec. 30, 2019) ................................................. 24, 35

*Price v. L'Oreal USA, Inc.*,
   2017 WL 4480887 (S.D.N.Y. Oct. 5, 2017) ......................................................37

*Princeton Neurological Surgery, P.C. v. Aetna, Inc.*,
   2023 WL 2307425 (D.N.J. Feb. 28, 2023).........................................................6

*Remtek Servs. v. Wells Fargo Bank, N.A.*,
   2020 WL 241332 (D.N.J. Jan. 16, 2020) ..........................................................39

*Rider v. Uphold HQ Inc.*,
   2023 WL 2163208 (S.D.N.Y. Feb. 22, 2023) ...................................................31

*Rieger v. Volkswagen Grp. of Am., Inc.*,
   2023 WL 3271116 (D.N.J. May 4, 2023) ..........................................................18

*Rosenberg v. SC Johnson & Son, Inc.*,
   2021 WL 3291687 (E.D. Wis. Aug. 2, 2021) ...................................................31

*Rowland v. Bissell Homecare, Inc.*,
   2023 WL 4419370 (3d Cir. July 10, 2023) .......................................................26

*Sauer v. Subaru of Am., Inc.*,
   2020 WL 1527779 (D.N.J. Mar. 31, 2020) .......................................................32

*Schechter v. Hyundai Motor Am.*,
   2019 WL 3416902 (D.N.J. July 29, 2019) ........................................................35

*Schwab Cap. Tr. v. Celgene Corp.*,
   2021 WL 1085474 (D.N.J. Mar. 22, 2021) .........................................................6

*Serrano v. Cablevision Sys. Corp.*,
    863 F. Supp. 2d 157 (E.D.N.Y. 2012) ....................................................30

*Smith v. RecordQuest, LLC*,
    989 F.3d 513 (7th Cir. 2021) ................................................................37

*Spera v. Samsung Elecs. Am., Inc.*,
    2014 WL 1334256 (D.N.J. Apr. 2, 2014) ............................................18

*St. Matthew's Baptist Church v. Wachovia Bank Nat'l Ass'n*,
    2005 WL 1199045 (D.N.J. May 18, 2005) .........................................21

*Stevenson v. Mazda Motor of Am., Inc.*,
    2015 WL 3487756 (D.N.J. June 2, 2015) ...........................................19

*Stewart v. Electrolux Home Products, Inc.*,
    2018 WL 1784273 (E.D. Cal. Apr. 13, 2018) .....................................32

*Sweeny v. Toyota Motor Sales, U.S.A., Inc.*,
    2023 WL 2628697 (C.D. Cal. Feb. 9, 2023) .......................................11

*T&M Farms v. CNH Indus. Am., LLC*,
    2020 WL 1082768 (E.D. Wis. Mar. 5, 2020) ......................................31

*Taylor v. BMW of N. Am., LLC*,
    2021 WL 1186777 (D.N.J. Mar. 29, 2021) ............................... 19, 20, 24

*Thomas v. Kimpton Hotel & Rest. Grp., LLC*,
    2020 WL 3544984 (N.D. Cal. June 30, 2020) ....................................28

*Tietsworth v. Harley-Davidson, Inc.*,
    270 Wis. 2d 146 (2004) ......................................................................28

*Weske v. Samsung Elecs. Am., Inc.*,
    2012 WL 833003 (D.N.J. Mar. 12, 2012) ..........................................22

*Wesley v. Samsung Elecs. Am., Inc.*,
    2021 WL 5771738 (D.N.J. Dec. 3, 2021) ................................ 25, 26, 32, 33, 34

*Wesley v. Samsung Elecs. Am., Inc.*,
    2022 WL 16509541 (D.N.J. Oct. 28, 2022) ..................................... 10, 11, 13, 14

*Wesley v. Samsung Elecs. Am., Inc.*,
  2023 WL 3496024 (D.N.J. May 17, 2023) ................................... 2, 10, 11, 12, 14

*Whitaker v. Herr Foods, Inc.*,
  198 F. Supp. 3d 476 (E.D. Pa. 2016) .................................................................39

*Zachmann v. Coleman Co.*,
  2022 WL 161480 (S.D.N.Y. Jan. 18, 2022) .......................................................28

**Statutes**

15 U.S.C. § 2310 ..................................................................................................26

N.J. Stat. § 12A:2-316 .........................................................................................20

N.Y. Gen. Bus. Law § 349 ............................................................................ 4, 9, 26

N.Y. Gen. Bus. Law § 350 ............................................................................ 4, 9, 26

N.Y. U.C.C. § 2-313 ...............................................................................................8

N.Y. U.C.C. § 2-314 ...............................................................................................8

N.Y. U.C.C. § 2-316 .............................................................................................20

Wis. Stat. § 100.18 ......................................................................... 4, 9, 26, 28, 29, 31

Wis. Stat. § 402.313 ...............................................................................................9

Wis. Stat. § 402.314 ...............................................................................................9

Wis. Stat. § 402.316 .............................................................................................20

**Rules**

Fed. R. Civ. Proc.  8 ............................................................................................29

Fed. R. Civ. Proc.  9(b) .......................................................................................29

Fed. R. Civ. Proc. 12(b)(6) ...................................................................................9

## I.     <u>PRELIMINARY STATEMENT</u>

Samsung Electronics America, Inc. ("SEA") sells cutting-edge 2-in-1 convertible laptops that receive glowing reviews, like the Galaxy Book Pro 360 that Plaintiff Haley Williams bought in June 2021.[1] In April 2022, Williams contacted SEA about a Wi-Fi issue, without mentioning any other problem. SEA had Williams send in her laptop, tested all hardware and resolved any supposed issue for free. Upon receiving her laptop back, Williams thanked SEA and confirmed her laptop was working fine. Six months later, in October 2022, Williams contacted SEA again, acknowledging her warranty had expired but claiming for the first time that her laptop was overheating. Despite her expired warranty, SEA provided Williams a prepaid shipping label to send in her laptop for a free repair, but, remarkably, Williams never responded. Instead, she sued SEA for breach of warranty and fraud.

---

[1] *See, e.g.*, Tech Radar, *Samsung Galaxy Book Pro 360 review* (June 11, 2021), available at https://www.techradar.com/reviews/samsung-galaxy-book-pro-360 ("In short, the Galaxy Book Pro 360 is a premium and high-quality 2-in-1 device."); Tom's Guide, *Samsung Galaxy Book Pro 360 Review* (June 7, 2021), available at https://www.tomsguide.com/reviews/samsung-galaxy-book-pro-360-review (describing the device as a 2021 "best laptop overall" and noting that it never overheated even when "trying to play games with all sorts of apps open"); The Verge, *Samsung Galaxy Book Pro 360 (15-inch) review* (May 14, 2021), available at https://www.theverge.com/22419899/samsung-galaxy-book-pro-360-15-inch-review ("Samsung has made a tough 2-in-1 to beat."); CNET, *Samsung Galaxy Book Pro 360 review: Pure premium 2-in-1 primed for Galaxy fans* (May 18, 2021), available at https://www.cnet.com/tech/computing/samsung-galaxy-book-pro-360-15-inch-2021-review-pure-premium-2-in-1-primed-for-galaxy-fans/ ("Basically, if you're a Galaxy fan, . . . this or one of the Galaxy Book Pros should probably be your next laptop.").

Williams claims that Galaxy Book, Galaxy Book Pro, Galaxy Book 2 Pro and Galaxy Book Pro 360 laptops all have a "defect" that "causes them to excessively overheat when performing basic laptop functions." (Dkt. 28, First Amended Complaint ("FAC") ¶ 2.) Williams claims SEA knew about the supposed "defect" and concealed it. (*Id.* ¶¶ 4, 45, 66-68.) Yet she provides no *facts* to support her implausible claims: (i) she cites nothing showing that any, much less all, Galaxy Book laptops have a "defect"; (ii) she fails to identify the supposed "defect," referencing only vague conclusions; and (iii) her own communications confirm SEA honored its warranty. Her claims should be dismissed in their entirety.

**Williams does not allege facts plausibly showing a defect.** All Williams' claims hinge on the allegation that SEA concealed a uniform "defect" across multiple generations of laptops and refused to cover it under warranty. But she does not provide the "detailed factual allegations" necessary to identify "a plausible defect" in these complex devices.[2] Ignoring the pleading standard, Williams relies on generic labels about various laptop parts with no specifics about any of them. And while she speculates on "information and belief" that different Samsung laptops manufactured between 2017-2022 have the same "defect," she does not even describe how the devices are commonly designed or manufactured. Her complete

---

[2] *See Wesley v. Samsung Elecs. Am., Inc.*, 2023 WL 3496024, at *3-4 (D.N.J. May 17, 2023) (Vazquez, J.) (dismissing complaint because specificity is required to state a defect claim when dealing with complex machines).

failure to allege facts showing *what* is actually defective and *how* the purported defect is uniform across multiple generations of Galaxy Book laptops is fatal, and the FAC should be dismissed in its entirety for this reason. (Section IV(A).)

**Williams cannot assert New York law claims**. Williams, a Wisconsin resident, also asserts several claims under New York law, apparently because the Terms and Conditions of Sale ("TCS") for her laptop include a New York governing law provision. (FAC ¶ 9.)[3] But none of her claims stem from or invoke the TCS. Rather, her claims are based on a separate Limited Warranty, which has no governing law provision and provides that purchasers' rights *vary by state*. (*See* Dkt. 16-2, Certification of Nicole Cantwell ("Cantwell Cert.") Ex. 1, p. 2.)[4] Williams has no basis to invoke New York law, and all her New York law claims should be dismissed for this separate reason. (Section IV(B).)

**Williams has not stated a warranty claim.** All Williams' warranty claims should be dismissed because (i) she did not request that SEA repair any purported overheating issue until months *after* the Limited Warranty expired, and (ii) SEA never refused warranty coverage. (Section IV(C)(1)-(2).) Her express warranty claims also fail because her conclusory allegation that she relied on the Limited Warranty is insufficient. (Section IV(C)(3).) Her Magnuson-Moss Warranty Act

---

[3] *See* FAC ¶ 9 citing https://www.samsung.com/us/terms-of-sale/.

[4] With this Motion, SEA is refiling the Cantwell Cert. filed with its motion to dismiss the initial complaint, which Williams cites to and relies on. (*See* FAC ¶¶ 26, 28, 33.)

("MMWA") claim fails because the MMWA requires 100 named plaintiffs to bring a class action, and here there is just one. (Section IV(C)(4).)[5]

**Williams' consumer fraud claims fail for four more reasons**. *First*, Williams asserts a claim under New York General Business Law §§ 349-350, but she does not allege a purchase or any deceptive conduct in New York. (Section IV(D)(1).) *Second*, omissions are not actionable under Wis. Stat. § 100.18(1). (Section IV(D)(2).) *Third*, Williams does not allege any false or misleading statement, nor what, if anything, she saw or relied on. (Section IV(D)(3).) *Fourth*, Williams does not plausibly allege that SEA had pre-sale knowledge of a defect it could have disclosed, let alone that SEA actively concealed one. (Section IV(D)(4).)

**Williams' unjust enrichment claim fails for four more reasons**. The unjust enrichment claim should be dismissed because: (i) Williams fails to allege facts showing SEA did anything unjust; (ii) this is an equitable claim, but Williams does not allege her legal remedies are inadequate; (iii) the claim is duplicative of her consumer fraud and warranty claims; and (iv) she cannot maintain the claim in the face of an express warranty that governs her purchase. (Section IV(E).)

**There is no basis for injunctive relief.** Williams' injunctive relief requests fail, as she alleges no concrete, imminent threat of future injury. (Section IV(F).)

---

[5] The MMWA also is derivative of state law, and thus the MMWA claim fails for the same reasons the state law warranty claims fail.

4

## II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

### A.  Williams' Own Communications Confirm She Has No Claim.

Haley Williams (née Konsela), a Wisconsin resident, alleges that, on June 20, 2021, she bought a Samsung Galaxy Book Pro 360 from "samsung.com, for $1,079.99." (FAC ¶¶ 13, 19.) She acknowledges that her laptop came with a Limited Warranty, which covers "manufacturing defects in materials and workmanship for a period of: One (1) Year[.]" (*Id.* ¶ 38; Cantwell Cert. Ex. 1, p. 1.)

Williams alleges that she started having severe overheating problems a few months after purchase. (FAC ¶¶ 22-24.) But her own communications cited in the FAC contradict these allegations. *See Par Pharm., Inc. v. Luitpold Pharm., Inc.*, 2017 WL 452003, at *4 (D.N.J. Feb. 1, 2017) ("Where the factual allegations in a complaint contradict a document attached to the pleadings, the document controls."). In April 2022, Williams contacted SEA about her laptop and requested warranty service. (FAC ¶¶ 26-29.) She attaches her April 2022 communications with SEA and SEA's servicer, which, consistent with SEA's records, show that Williams did not mention *any* overheating issue. (FAC Exs. B-C; *see also* Cantwell Cert. Exs. 3, 5.)[6]

---

[6] Records of Williams' communications with SEA may be considered on this Motion because she expressly relies on them, and they form the basis of her claims. (*See* FAC ¶¶ 26-33 Exs. B-E.) Williams also cites and relies on SEA's service records submitted with SEA's first motion to dismiss. (*See* FAC ¶¶ 26, 28, 33.) *See also Princeton Neurological Surgery, P.C. v. Aetna, Inc.*, 2023 WL 2307425, at *3-4 (D.N.J. Feb. 28, 2023) (considering transcripts of two phone calls and a letter on motion to dismiss because, even if a complaint does not explicitly refer to or cite a

Instead, she told SEA her laptop had a Wi-Fi issue:

> [SEA Customer Service]: "It's **only the Wi-Fi** you have an issue with?"
> [Williams]: **Yeah.**

(Cantwell Cert. Ex. 5, p. 3 [emphasis added].)

Williams' communications show that SEA honored the Limited Warranty, "disconnected and reconnected" the "MTS cable," and found that the device was properly connecting to Wi-Fi. (FAC Exs. B-C; Cantwell Cert. Ex. 3.) SEA also tested all the hardware and found no unusual activity or defect of any kind. (*Id.*) SEA returned the laptop to Williams by April 12, 2022. (FAC Ex. C.) Williams thanked SEA for "taking the time to look at this quickly," and upon receipt of her laptop, advised that "it is now connecting to the internet[,]" mentioning *nothing* about any purported overheating. (*Id.*)

The Limited Warranty for Williams' laptop expired in July 2022 at the latest.[7] SEA did not hear from Williams again until October 2022, at which time she

---

document, the court may consider communications on which plaintiff's allegations are based); *New Jersey Second Amend. Soc'y v. New Jersey Press Ass'n*, 2021 WL 4822050, at *5 (D.N.J. Oct. 15, 2021) (considering email exchange and conversation transcript on motion to dismiss for same reasons); *Schwab Cap. Tr. v. Celgene Corp.*, 2021 WL 1085474, at *6 (D.N.J. Mar. 22, 2021) (considering full transcript of phone call on motion to dismiss because plaintiff's claims arose from the discussion).

[7] The Limited Warranty states that "[r]eplacement parts and products . . . [are] warranted for the remainder of the original warranty period or, if longer, ninety (90) days after they are shipped to you." (Cantwell Cert. Ex. 1, p. 1.) Thus, by October 2022, the one-year warranty for Williams' laptop had expired, and more than 90 days had passed since SEA shipped Williams' laptop back to her.

acknowledged her laptop was "out of warranty" but told SEA for the first time that she was experiencing overheating. (*See id.* ¶ 31 Ex. D.) On October 7, 2022, Williams told SEA that she was not concerned about purported overheating until "maybe about the last month[.]" (*Id.* ¶ 33; Cantwell Cert. Ex. 6, p. 1.)

In response, SEA opened another service ticket, sent Williams a prepaid shipping label, and invited her to send in her laptop for a *free of charge (FOC) repair*, even though the Limited Warranty had expired. (FAC ¶ 33 Ex. E; Cantwell Cert. Exs. 4, 6.) But Williams *never sent her laptop to SEA* or took advantage of the offer. (*See* Cantwell Cert. Ex. 4.) Instead, she waited four months and sued SEA in February 2023. (Dkt. 1.)[8]

## B.  Williams' Conclusory Allegations Do Not Support Her Claims.

Williams alleges that all Samsung Galaxy Book, Galaxy Book Pro, Galaxy Book 2 Pro and Galaxy Book Pro 360 laptops ("Galaxy Books") are "defective."

---

[8] Williams filed the FAC after reviewing SEA's first motion to dismiss (Dkt. 16-1), which showed that Williams ignored SEA's free repair offer. Attempting to evade the documents cited in her own pleading, Williams now claims that SEA "declined to repair Williams' laptop. Specifically, [SEA] cancelled the service ticket it had issued before Williams had an opportunity to send in her laptop for repair." (FAC ¶ 33.) This implausible allegation is not in good faith. Williams' own communications confirm that (i) SEA never once declined to repair her laptop, (ii) SEA did not cancel the service ticket until Williams did not respond, and (iii) Williams never contacted SEA in response to the free repair offer *at any time*, including, for example, to request that the service ticket be reopened or that SEA open a new ticket. (*Compare* FAC ¶ 33, *with* Cantwell Cert. Exs. 4, 6.) *Coffman v. Pruco Life Ins. Co.*, 2011 WL 4550152, at *2 n.3 (D.N.J. Sep. 29, 2011) ("When allegations contained in a complaint are contradicted by the document it cites, the document controls.").

(FAC ¶¶ 1-2, 76.)[9] But she does not allege *facts* showing a plausible defect in one device (let alone all these devices) or what that purported "defect" even is. (*See id.* ¶¶ 2-5, 45-74.) Williams also alleges that she "relied upon marketing materials and advertisements . . . on the Samsung website[,]" but she does not specify what those materials were or what they said. (*Id.* ¶ 20.)

And although she claims SEA supposedly knew about (and concealed) the unidentified "defect" based on "customer complaints, product reviews, warranty claims, and its own experience with other products that it had manufactured" (*id.* ¶ 45), she provides no facts supporting these generic allegations. Compared to the "tens of thousands" of sales she alleges, her FAC includes just ten complaints, all of which were posted *after* her June 20, 2021 purchase. (*Id.* ¶¶ 19, 50-56, 59-61.)[10]

In short, Williams alleges nothing showing a breach of warranty, any actionable defect in her laptop (or any other Galaxy Book), or anything to support her conclusory allegation "upon information and belief" that SEA knew of the purported "defect" and concealed it. (*See* FAC at Intro., p. 2.) Her FAC nevertheless asserts eight claims for: (i) breach of express warranty under N.Y. U.C.C. § 2-313; (ii) breach of implied warranty under N.Y. U.C.C. § 2-314; (iii) breach of express

---

[9] This Motion refers to the laptops together for convenience, without conceding that the FAC alleges a common "defect" across any Galaxy Book models.

[10] The FAC does not include a record of any purported warranty claim from anyone other than Williams, the records from which defeat her claims. Nor does the FAC include any product review (or anything else) showing a "defect."

warranty under Wis. Stat. § 402.313; (iv) breach of implied warranty under Wis. Stat. § 402.314; (v) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.; (vi) violation of New York General Business Law ("GBL") §§ 349, 350; (vii) violation of the Wisconsin Deceptive Trade Practices Act ("WDTPA"), Wis. Stat. § 100.18(1); and (viii) unjust enrichment. (FAC ¶¶ 89-220.) All these claims fail and should be dismissed with prejudice.

## III.   LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[11] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Conclusory allegations are not entitled to a presumption of truth. *See id.* at 789-90; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).[12]

---

[11] Unless otherwise noted, all internal citations are omitted and emphases are added.

[12] "'A motion to dismiss for lack of standing is also properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.'" *Federman v. Bank of Am., N.A.*, 2014 WL 12774688, at *4 (D.N.J. Dec. 16, 2014).

## IV.   ARGUMENT

### A.  Plaintiff Has Not Plausibly Alleged An Actionable "Defect."

Williams' FAC should be dismissed because she does not allege facts showing the most fundamental element of her claims. All her claims are based on the contention that several generations of Galaxy Books have a common "defect" that causes them to overheat. But she does not allege facts plausibly showing what that purported "defect" is—much less that it is uniform across multiple generations of devices—as required.

To allege an actionable defect, Williams must plead "sufficient colorable information to plausibly establish" what defect exists. *See McQueen v. BMW of N. Am., LLC*, 2013 WL 4607353, at *7 (D.N.J. Aug. 29, 2013); *Wesley v. Samsung Elecs. Am., Inc.*, 2022 WL 16509541, at *4 (D.N.J. Oct. 28, 2022) (Vazquez, J.) ("Plaintiffs must plausibly assert what is actually defective about the temperature sensor."). Describing "the *effects* of [an] alleged defect" fails to allege "*what* [the] defect" is. *Pelayo v. Hyundai Motor Am., Inc.*, 2021 WL 1808628, at *5 (C.D. Cal. May 5, 2021) (emphasis in original); *accord McQueen*, 2013 WL 4607353, at *7 ("Plaintiff merely identifies the effects . . . [But] [t]here is no identification as to what precisely the defect is."). Instead, Williams must provide facts identifying what components are defective and how, rather than some vague "combination" of potential reasons. *See Wesley*, 2023 WL 3496024, at *3-4.

Courts have repeatedly dismissed similar claims when, as here, plaintiff does not specify *what* is defective. *See Wesley*, 2022 WL 16509541, at *5-9, *12 (dismissing entire complaint because plaintiffs did not "adequately plead a defect"); *Wesley*, 2023 WL 3496024, at *3-5 (same); *Pineda v. Nissan N. Am., Inc.*, 2022 WL 2920416, at *3 (C.D. Cal. July 25, 2022) (dismissing complaint because plaintiffs failed to specify the defects upon which their warranty and fraud claims were based).[13] Cases like this one that involve "complicated systems" demand even "more detailed factual allegations in order to identify a plausible defect." *DeCoteau v. FCA US LLC*, 2015 WL 6951296, at *3 (E.D. Cal. Nov. 10, 2015); *accord Wesley*, 2022 WL 16509541, at *4 (finding "*DeCoteau* to be persuasive").

The recent *Wesley* decisions are on point. There, plaintiffs alleged their ranges contained a defective "oven temperature sensor" that "fail[ed] to correctly regulate resistance in the circuits" and caused the "oven and burner temperatures to deviate from the user-selected temperature settings." 2022 WL 16509541, at *1, *3. Plaintiffs identified the purportedly defective range part. Yet the court dismissed the

---

[13] *Accord Sweeny v. Toyota Motor Sales, U.S.A., Inc.*, 2023 WL 2628697, at *4 (C.D. Cal. Feb. 9, 2023) ("[A] plaintiff cannot only allege an injury," because that "fails to put a defendant on notice of the defect at issue."); *Bledsoe v. FCA US LLC*, 307 F. Supp. 3d 646, 655 (E.D. Mich. 2018) (rejecting "conclusory allegations that the 'Affected Vehicles' suffer from a defect"); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 2020 WL 7664461, at *5 (N.D. Cal. Dec. 24, 2020) (dismissing claims about smartphone overheating because plaintiffs failed to "provide factual allegations describing each Subject Phone . . . and the component or setup that cause[d] alleged injuries").

complaint because it did not "plausibly assert what is actually defective" about the part, instead providing "amorphous" allegations about various potential issues or "combination[s]" of issues. *Id.* at *4; *Wesley*, 2023 WL 3496024, at *3-5.

Williams' allegations are even more conclusory. In just a single paragraph, she claims that multiple generations of Galaxy Book laptops "excessively overheat" "deriv[ing] from" (i) "inadequate ventilation" through "shallow casing, insufficiently raised feet pads, and overcrowded internal hardware," (ii) "thermal paste and heat pipes" that "exhibit subpar thermal conductivity properties[,]" and (iii) "fans and heat sinks" that "fail[] to effectively dissipate" heat. (FAC ¶ 2.) But nowhere does Williams offer any *facts* to support these vague, generic conclusions, which she makes only on "information and belief." (*Id.*). *See MZL Cap. Holdings, Inc. v. TD Bank, N.A.*, 734 F. App'x 101, 104 (3d Cir. 2018) (when, as here, plaintiff asserts concealment or misrepresentation claims sounding in fraud, and those claims are based on "information and belief," the plaintiff "must also describe the sources of information with particularity").

For example, Williams does not identify (i) what the "casing" of any laptop is or how it is "shallow," (ii) how high any "feet pads" are raised or why that is "insufficient," (iii) what "internal hardware" is supposedly "overcrowded" or how, (iv) what "conductivity properties" of the "thermal paste and heat pipes" are "subpar," or (v) what "fans and heat sinks" exist or how they are ineffective. Aside

from generic labels, the FAC does not offer a *single fact* about any part. *See Wesley*, 2022 WL 16509541, at *3 (dismissing complaint because it "fail[ed] to allege *specifically what is defective about the part*" and included allegations that were "ambiguous as to the actual defect").

Worse, Williams also makes no attempt to explain how the Galaxy Book, Galaxy Book Pro, Galaxy Book 2 Pro or Galaxy Book Pro 360 are similar, even though these devices were launched over a five-year period and obviously have different designs, parts and performance specifications, as her own pleading shows. (*See* FAC ¶¶ 40, 43 (citing to webpages detailing varied designs, components and specifications).) Nor does Williams show that any purported overheating was not attributable to other routine causes (like internal dust buildup).[14] And she ignores that consumers have overwhelmingly given Galaxy Book laptops rave reviews, undercutting her speculative theory. (*See* n.1 *supra*, n.36 *infra*.)

In sum, Williams is trying to assert sweeping defect claims across multiple generations of devices (most of which she never used), without alleging facts plausibly showing an actionable "defect" in the first place. By failing to allege "what precisely the defect is" in these several Galaxy Books, she has failed to state any

---

[14] *See, e.g.*, Dell Technologies, *How to Troubleshoot Overheating, Shutdown, or Thermal Issue on a Dell Computer* (last published May 15, 2023) available at https://www.dell.com/support/kbdoc/en-in/000130867/how-to-troubleshoot-a-overheating-shutdown-or-thermal-issue-on-a-dell-pc ("The most common reason for an overheating computer is dust buildup on the fans or air vents.").

claim. *See McQueen*, 2013 WL 4607353, at *7 (finding plaintiffs failed to provide "factual support that the entire line of [BMW] 7-Series vehicles is defective"); *In re Samsung Galaxy Smartphone Mktg.*, 2020 WL 7664461, at *5-6 (dismissing complaint because plaintiffs' conclusory allegations about "shared [device] characteristics" did not show how multiple smartphone generations had a uniform defect). The FAC should be dismissed for this reason alone. *See Wesley*, 2022 WL 16509541, at *4-5 (dismissing all claims for failing to specify *what* the purported defect is); *Wesley*, 2023 WL 3496024, at *3-5 (same).

## B.  Plaintiff Has No Basis To Invoke New York Law For Any Claims.

Williams is a Wisconsin resident but purports to bring several claims under New York law. (*See* FAC ¶¶ 9, 13, 89-123, 172-193, 216-220.) She alleges that the Terms and Conditions of Sale (TCS) for her Galaxy Book Pro 360 contained a New York governing law provision. (*Id.* ¶ 9.) But her claims do not stem from the TCS. And she has no basis to assert any New York law claim.

### 1.  *The governing law provision in the TCS does not apply.*

Relying on Section 11 of the TCS, Williams asserts claims "under New York Law." (FAC ¶ 9.) But the TCS's governing law provision does not apply to anything except the TCS terms themselves. And Williams' claims have nothing to do with the TCS. Thus, the governing law provision does not apply.

The TCS concerns the online sale and delivery of Williams' Galaxy Book Pro

360, including matters like order acceptance, order cancellation, quantity limitations, prices, shipping and loss in transit—none of which is at issue. (*See id.* citing https://www.samsung.com/us/terms-of-sale/ (last updated August 26, 2020).)[15] The governing law provision in Section 11 is narrow: it applies only to "[t]he formation, existence, construction, performance, validity and all aspects" of the TCS itself. (*See* Cantwell Cert. Ex. 2, p. 5.) The TCS does *not* apply to matters concerning device performance, repair or replacement, which instead are governed by the Limited Warranty. (*See* Cantwell Cert. Ex. 1.) And under the Limited Warranty, consumers' warranty rights vary by state. (*See id.*, p. 2 ("This warranty gives you specific legal rights, and you may also have other rights which *vary from state to state*.").)[16]

"[W]hether a choice of law provision in a contract" governs plaintiff's claims "turns on the breadth of the provision." *Fagan v. Fischer*, 2019 WL 5587286, at \*6 (D.N.J. Oct. 30, 2019). When, as here, a governing law provision is limited to the terms of an agreement, the provision does not cover claims beyond the agreement's duties and obligations. *See Black Box Corp. v. Markham*, 127 F. App'x 22, 25 (3d Cir. 2005) ("The provision, by its own terms, is narrowly drafted to encompass only the underlying merger agreement itself, and not necessarily the entire relationship

---

[15] A copy of the TCS also is Exhibit 2 to the Cantwell Cert.

[16] These statements indicate that SEA "expected the laws of the consumers' states to apply" to warranty claims. *See Maloney v. Microsoft Corp.*, 2011 WL 5864064, at \*5 (D.N.J. Nov. 21, 2011) ("the express warranty contemplated applying differing state laws").

between Markham . . . and Black Box."); *Nikolin v. Samsung Elecs. Am., Inc*., 2010 WL 4116997, at *4 n.3 (D.N.J. Oct. 18, 2010) (rejecting argument that "choice-of-law clause [in] 'Terms of Use'" applied to consumer fraud claims because plaintiff's claims did not arise under any terms); *Miller v. Samsung Elecs. Am., Inc*., 2015 WL 3965608, at *7 (D.N.J. June 29, 2015) (similar).[17]

The *Fagan* decision is on point. There, the governing law provision was "narrowly drafted," provided "that *the agreement* shall be governed by and construed in accordance with Delaware law," and "[did] not purport to cover issues beyond the four corners of the agreement." 2019 WL 5587286, at *6. The court held that the "provision, by its plain terms, clearly only applies to actions brought to interpret or enforce the [] agreement," and thus did not apply to plaintiff's lawsuit, which did not allege "breach of the [agreement]" or "any claims which stem[med] directly from the [agreement], itself." *Id*.

The same analysis applies here. Williams' claims relate to the performance of her Galaxy Book Pro 360 and SEA's obligations under the Limited Warranty. (*See*

---

[17] *See also Linde, LLC v. Valley Protein, LLC*, 2019 WL 3035551, at *6 (E.D. Cal. July 11, 2019) ("[T]he choice-of-law provisions here . . . are cabined solely to the contracts themselves, and do not indicate that resolution of any other disputes will be 'governed by' [New York] law.") (citing *Bd. of Educ. of Twp. of Cherry Hill v. Human Res. Microsystems, Inc.*, 2010 WL 3882498, at *4 (D.N.J. Sept. 28, 2010)); *Leboon v. DS Waters of America, Inc.*, 2021 WL 1193239, at *7 n.5 (E.D. Pa. Mar. 30, 2021) ("Contractual choice of law provisions do not govern tort claims between contracting parties unless the fair import of the provision embraces all aspects of the legal relationship[.]").

FAC ¶¶ 22-38, 89-171.) None of her claims invoke duties or obligations under the TCS. (*See id.*) And other than referencing the governing-law provision, her FAC does not mention the TCS anywhere. (*See id.*) Thus, the narrow governing-law provision in the TCS does not apply to Williams' claims. *See Fagan*, 2019 WL 5587286, at *6; *Nikolin*, 2010 WL 4116997, at *4 n.3.[18]

### 2.   *Plaintiff lacks standing to assert claims under New York law.*

Williams has no basis to assert any claim under New York law. In a putative class action, "'class representatives must meet Article III standing requirements the moment a complaint is filed.'" *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 222 (D.N.J. 2020). A plaintiff has standing to bring state claims only under the law of the state where he or she lived or the alleged injury occurred. *See id.* at 223; *Federman*, 2014 WL 12774688, at *10; *In re DIPF Indirect Purchaser Antitrust Litig.*, 2013 WL 5503308, at *11-12 (D.N.J. Oct. 2, 2013).

Williams alleges no connection to New York. (FAC ¶¶ 19-74.) She resides in Wisconsin, bought her laptop from Wisconsin, communicated with SEA from Wisconsin, and was allegedly injured in Wisconsin. (*Id.* ¶¶ 13, 19-38 Exs. A-E.)

---

[18] The governing law provision in the TCS cannot apply to Williams' unjust enrichment claim either. A "claim for unjust enrichment provides a remedy where . . . there is no contract." *Bd. of Educ. of the Twp. of Cherry Hill, Camden Cnty.*, 2010 WL 3882498, at *4. "Thus, it would not be logical to import a contractual choice-of-law clause into a circumstance in which Plaintiff seeks to establish that there is no contract." *Id*.

Thus, she lacks standing to assert claims under New York law, and the New York law claims should be dismissed. *See Rieger v. Volkswagen Grp. of Am., Inc.*, 2023 WL 3271116, at *5 (D.N.J. May 4, 2023) ("Plaintiffs fail to satisfy the identified threshold — standing for claims under the common law of states other than those in which they purchased their class vehicles or reside."); *Cohen v. Subaru of Am., Inc.*, 2022 WL 721307, at *6 (D.N.J. Mar. 10, 2022) (similar).[19]

## C.  All The Warranty Claims (Counts I through V) Fail.

Beyond failing to plausibly allege a "defect," which negates all claims, Williams' warranty claims fail for several other independent reasons.

### 1.  *All the warranty claims fail because Williams does not allege breach within the warranty period, or at all.*

The Limited Warranty for Williams' Galaxy Book Pro 360 states that:

This Samsung branded Computer product, as supplied and distributed by Samsung Electronics America, Inc. ("Samsung") and delivered new, in the original carton to the original end-user purchaser ("you" or "purchaser"), is warranted by Samsung against manufacturing defects in materials and workmanship for a period of one (1) year, parts and labor (the "Limited Warranty Period"). . . . **NO WARRANTIES WHETHER EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE SHALL APPLY AFTER THE EXPRESS WARRANTY PERIODS STATED ABOVE**. . . .

---

[19] Nor would New Jersey choice-of-law principles support applying New York law. *See Spera v. Samsung Elecs. Am., Inc.*, 2014 WL 1334256, at *5 (D.N.J. Apr. 2, 2014) (applying plaintiffs' home states' laws to their consumer fraud claims); *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 255 (3d Cir. 2010) (similar); *Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373, 381 (D.N.J. 2014) (similar).

(Cantwell Cert. Ex. 1, pp. 1-2 (emphasis in original).) To "receive warranty service," Williams needed to contact SEA "for problem determination and service procedures" and "**ship the product to the specified Samsung authorized service center in its original or equivalent packaging**." (*Id.*, p. 1 (emphasis added).)[20]

When, as here, the express and implied warranty periods are the same, and a purported defect manifests after the warranty expires, all warranty claims fail. *See, e.g.*, *McCalley v. Samsung Elecs. Am., Inc.*, 2008 WL 878402, at *7 (D.N.J. Mar. 31, 2008) ("Plaintiff's breach of implied warranty claim fails because the duration of the implied warranty period is consistent with the express warranty period, or in other words one year."); *Taylor v. BMW of N. Am., LLC*, 2021 WL 1186777, at *13 (D.N.J. Mar. 29, 2021) ("Because the CPO Warranty limited the duration of any implied warranties to the duration of the express warranty, the implied warranty claims likewise must be dismissed.").[21]

---

[20] A warrantor is not liable just because a product fails. *See Crown Cell Inc. v. Ecovacs Robotics Inc.*, 2022 WL 4087512, at *5 (N.D. Cal. Sept. 6, 2022). Rather, "'the question is whether [plaintiff] sought repairs, refunds, or replacements and, if so, whether [the company] responded appropriately under the warranty.'" *Id.* "[T]here can be no breach where [plaintiff] did not provide [defendant] with an opportunity to repair or replace" the product. *Butera v. Honeywell Int'l, Inc.*, 2020 WL 64568, at *4 (D.N.J. Jan. 6, 2020).

[21] *Accord Stevenson v. Mazda Motor of Am., Inc.*, 2015 WL 3487756, at *12 (D.N.J. June 2, 2015) (noting the "numerous cases in this District" reaching the same conclusion); *Cali v. Chrysler Grp. LLC*, 2011 WL 383952, at *3 (S.D.N.Y. Jan. 18, 2011), *aff'd*, 426 F. App'x 38 (2d Cir. 2011) ("[I]mplied warranty claims may either be disclaimed entirely or limited to the time-frame of the express warranty."). The

In *Taylor*, for example, plaintiffs asserted express and implied warranty claims against BMW, alleging that their vehicles suffered from oil consumption and battery defects. 2021 WL 1186777, at *8, *12. The express warranty for the vehicles stated: "THE DURATION OF ANY IMPLIED WARRANTIES, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY, IS LIMITED TO THE DURATION OF THE EXPRESS WARRANTIES HEREIN." *Id.* at *12. The court, agreeing with the decision in *McCalley* (which enforced the same SEA warranty language at issue here), held that the belated warranty claims failed. *Taylor*, 2021 WL 1186777, at *13 ("Because the Plaintiffs' warranty has expired, their express and implied claims must fail."); *see also Dawson v. Gen. Motors LLC*, 2019 WL 3283046, at *6-7 (D.N.J. July 22, 2019) ("Generally, an implied warranty does not extend beyond the time . . . limitation provided by an express warranty[.]").

Williams has stated no warranty claim because she does not allege a breach within the warranty period, or any breach at all. As shown (Section II), the only time Williams contacted SEA for repair during the warranty period (in April 2022) was to raise a Wi-Fi issue, which SEA evaluated and resolved. (*See* FAC Exs. B-C; Cantwell Cert. Exs. 3, 5.) Williams told SEA that "[i]t's only the Wi-Fi" she had "an

---

commercial codes of New Jersey, New York and Wisconsin also contain identical language permitting modification of implied warranties. *See* N.J. Stat. § 12A:2-316(2); N.Y. U.C.C. § 2-316(2); Wis. Stat. § 402.316(2); *see also AEP Indus. v. Thiele Techs. Inc.*, 2016 WL 4591902, at *5 (E.D. Wis. Sep. 2, 2016) ("Exclusions or disclaimers of implied warranties are lawful and must be given effect").

issue with[,]" and upon return of her device, she confirmed her laptop was "now connecting to the internet," mentioning no other purported issue or any overheating. (*See* FAC Ex. C, p. 2; Cantwell Cert. Ex. 5, p. 3.)

Williams did not inform SEA that her laptop was allegedly overheating until October 2022, at which point *she* acknowledged that the device was "out of warranty." (FAC Ex. D.) And even though the warranty had expired, SEA *still* offered a free repair, which Williams chose not to pursue. (Cantwell Cert. Exs. 4, 6.) There cannot be a breach of warranty when SEA never failed to comply with the warranty, and when Williams did not provide SEA with an opportunity to repair the issue. (Cantwell Cert. Ex. 1, pp. 1-2.)[22]

### 2. *Williams alleges no facts showing that the Limited Warranty for her laptop is procedurally and substantively unconscionable.*

Williams cannot save her claims by arguing that SEA's industry-standard warranty is unconscionable. (*See* FAC ¶¶ 105-06, 120, 139-40, 154.) Multiple courts in this District have found nothing unconscionable about SEA's warranty. *See*

---

[22] Again, any implausible (and false) allegation that SEA "declined to repair Williams' laptop" should be disregarded. (FAC ¶ 33.) The documents Williams cites confirm that (i) SEA never declined to repair her laptop, (ii) SEA did not cancel her service ticket until she did not respond, and (iii) Williams never contacted SEA in response to the free repair offer at any time. (*Compare* FAC ¶ 33, *with* Cantwell Cert. Exs. 4, 6.) *See St. Matthew's Baptist Church v. Wachovia Bank Nat'l Ass'n*, 2005 WL 1199045, at *3 (D.N.J. May 18, 2005) ("To the extent that Plaintiff's allegations are contradicted by the documents . . . upon which its claims are based, the Court need not accept such allegations as true."); *Par Pharm. Inc.*, 2017 WL 452003, at *4 (similar).

*Kennedy v. Samsung Elecs. Am., Inc.*, 2015 WL 2093938, at *7 (D.N.J. May 5, 2015) (rejecting challenge to SEA's one-year warranty); *Weske v. Samsung Elecs. Am., Inc.*, 2012 WL 833003, at *6 (D.N.J. Mar. 12, 2012) (similar). And the FAC offers no "facts to state a plausible claim that the contract was both procedurally and substantively unconscionable[,]" as required. *Ponzio*, 447 F. Supp. 3d at 255.[23]

A warranty is *not* procedurally unconscionable just because a consumer does not negotiate the details, particularly when, as here, the consumer can choose among different products. *See Amato v. Subaru of Am., Inc.*, 2019 WL 6607148, at *9-10 (D.N.J. Dec. 5, 2019) (rejecting procedural unconscionability challenge for this reason).[24] Williams nowhere alleges that the Galaxy Book Pro 360 was her only option, or that she could not have bought a similar product from another company. *Id.* at *10 ("[T]he Complaint lacks any supporting facts as to [plaintiff's] choices[.]"). She also could have bought an extended warranty[25] from SEA. *See id.*

---

[23] *Accord Kostick v. Masonite Corp.*, 2022 WL 14014942, at *4 (W.D. Wis. Oct. 24, 2022) ("Because plaintiff has failed to advance sufficient facts to support a finding of procedural unconscionability, it is unnecessary for the court to reach the question of the Agreement's substantive unconscionability.").

[24] *Accord Catalano v. MarineMax*, 590 F. Supp. 3d 487, 506 (E.D.N.Y. 2022) ("With respect to procedural unconscionability, even a form contract that is offered on a 'take it or leave it' basis may be valid, and inequality in bargaining position alone is not sufficient.") (internal quotations omitted).

[25] *See Samsung Care+*, available at https://www.samsung.com/us/support/samsung-care-plus/; *see also Frequently Asked Questions Regarding Samsung Protection Plus for Home Appliances & Consumer Electronics*, available at https://www.samsung.com/us/support/extended-service-faqs/.

(inability to negotiate initial warranty largely irrelevant if extended warranty available). Thus, her conclusory allegations are inadequate. *See Alban v. BMW of N. Am., LLC*, 2011 WL 900114, at *9 (D.N.J. Mar. 15, 2011) (rejecting "bare-bones allegations that [plaintiff] had 'no meaningful choice in determining the time and mileage limitation,' and that 'a gross disparity in bargaining power existed'").

Any substantive unconscionability challenge likewise fails. Substantive unconscionability describes an exchange of promises "so one-sided as to shock the conscience of the court." *Ponzio*, 447 F. Supp. 3d at 255. But nothing about a one-year, industry-standard[26] warranty for a consumer electronics device shocks the conscience. *See, e.g.*, *In re Philips/Magnavox TV Litig.*, 2010 WL 3522787, at *5-6 (D.N.J. Sept. 1, 2010) (rejecting unconscionability challenge to one-year warranty for a television because there were "no allegations that Philips warranties are unfair compared to other warranties in the television industry," let alone "shocking").

Williams claims the Limited Warranty is substantively unconscionable because SEA supposedly knew the device had a "defect." (FAC ¶¶ 105, 120, 139, 154.) But she alleges no *facts* showing this supposed knowledge, or any defect. (*See* Section IV(A), *supra* & Section IV(D)(4), *infra*.) And even if she did, knowledge of

---

[26] *See, e.g.*, https://www.apple.com/legal/warranty/products/embedded-mac-warranty-us.html (one-year limited warranty for Apple MacBook); https://support.microsoft.com/en-us/surface/surface-warranty-faq-1217913a-2692-424e-a5c4-0eb0de84f05a (same for Microsoft Surface); https://www.hp.com/us-en/shop/cv/carepackfaq (same for HP Consumer PCs).

a latent defect does not establish unconscionability. Post-*Iqbal*, the "trend in this District . . . consistent with the prevailing approach elsewhere" is to reject unconscionability challenges "based on knowledge of a latent defect." *In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*, 2015 WL 4591236, at *20 (D.N.J. July 29, 2015); *accord Moulton v. LG Elecs. USA, Inc.*, 2012 WL 5555496, at *3 (D.N.J. Nov. 14, 2012) ("Since the Supreme Court's decision in [*Iqbal*], this Court has held claims of unconscionability to a higher level of scrutiny.").[27]

In sum, the one-year warranty for Williams' Galaxy Book is industry-standard.[28] Nothing about it shocks the conscience. *See In re Philips/Magnavox TV Litig.*, 2010 WL 3522787, at *5-6 (nothing unfair about one-year warranty for a television). And SEA never refused Williams warranty coverage in the first place. (Cantwell Cert. Exs. 3-6.) Thus, Williams' deficient warranty claims cannot survive.

---

[27] *Accord Amato*, 2019 WL 6607148, at *10 ("The Court finds no reason to depart from the numerous decisions in this district that reason nearly identical allegations . . . are insufficient to show unconscionability even at the motion to dismiss stage."); *Taylor*, 2021 WL 1186777, at *10-13 (agreeing with *In re Caterpillar*); *Curtis-Universal, Inc. v. Ford Motor Co.*, 1989 U.S. Dist. LEXIS 19418, at *9 (E.D. Wis. Nov. 28, 1989) ("A number of courts have held that, despite similar arguments of latent defects by a consumer-plaintiff, a warranty that is limited to 12 months/12,000 miles covers only those defects that are discovered in that period of time."); *Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350, 364 (E.D.N.Y. 2022) (noting courts "routinely" reject unconscionability claims based on "allegations that the defendant knew that the defect would manifest itself after a year").

[28] SEA did not change the terms of its uniform limited warranty solely for the Galaxy Book Pro 360. *See Priano-Keyser v. Apple, Inc.*, 2019 WL 7288941, at *9 (D.N.J. Dec. 30, 2019) (rejecting unconscionability challenge because no facts showed that Apple intentionally manipulated the terms of its limited warranty).

### 3. *Williams fails to plead reliance on the Limited Warranty.*

Williams' express warranty claims also fail because she does not adequately allege reliance on the Limited Warranty at purchase. *See Catalano*, 590 F. Supp. 3d at 501 ("'To state a claim for breach of express warranty under New York law, a plaintiff must allege . . . the buyer's reliance on this warranty as a basis for the contract with the immediate seller . . . .'"); *Pagoudis v. Keidl*, 2023 WI 27, ¶ 12 (2023) (noting reliance element under Wisconsin law).

Williams concludes that she "relied on the warranty," but she does not allege *facts* showing reliance. (*See* FAC ¶¶ 38, 94.) She does not allege what specific terms she relied on, nor how she relied on them. (*Id.*) "As a result," she "fail[s] to adequately plead reliance for [her] breach of express warranty claim[.]" *Wesley v. Samsung Elecs. Am., Inc.*, 2021 WL 5771738, at *6 (D.N.J. Dec. 3, 2021); *accord Kyszenia*, 583 F. Supp. 3d at 364 ("The plaintiffs' conclusory allegations of reliance are insufficient to state a plausible claim.").[29]

### 4. *The MMWA claim fails because there is just one plaintiff, and because the underlying state-law warranty claims fail.*

To bring a claim under the MMWA as a class action, there must be "one

---

[29] *Accord Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 895 (E.D.N.Y. 2018) (dismissing express warranty claim without "underlying factual details concerning when, where and how such reliance arose"); *Hume v. Farr's Coach Lines, Ltd.*, 2016 WL 1031320, at *6 (W.D.N.Y. Mar. 8, 2016) ("Once again, a party pleading breach of express warranty must be specific and 'lay[] out the precise terms of the express warranty allegedly relied upon.'").

hundred" named plaintiffs. 15 U.S.C. § 2310(d)(3)(C). Here, there is one. The MMWA claim fails for that reason alone. *See Wesley*, 2021 WL 5771738, at *8-9 (dismissing MMWA claim lacking 100 named plaintiffs); *Cohen*, 2022 WL 721307, at *6 (same). If Williams argues that the Class Action Fairness Act provides an alternate basis for MMWA jurisdiction despite the lack of one hundred named plaintiffs, that argument has been rejected. *See Rowland v. Bissell Homecare, Inc.*, 2023 WL 4419370, at *4 (3d Cir. July 10, 2023) ("CAFA does not provide a basis for federal jurisdiction over MMWA class actions that do not satisfy the MMWA's jurisdictional requirements."); *Kavon v. BMW of N. Am., LLC*, 2022 WL 1830797, at *4 (D.N.J. June 3, 2022) (noting the consensus "in this District" since 2020).

The MMWA claim also fails because Williams' underlying state-law warranty claims fail (as shown above).[30] "[I]f there exists no actionable [state law] warranty claim, there can be no violation of the MMWA" either. *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 600 (D.N.J. 2016).

## D.  The Consumer Fraud Claims (Counts VI & VII) Fail For Many Reasons.

There are four more reasons Williams has stated no claim under New York GBL §§ 349, 350 or Wis. Stat. § 100.18(1). *First*, her claims have no connection to

---

[30] "'MMWA claims are coextensive with underlying state law breach of warranty claims and are therefore, dependent on, and derivative of, said state claims for survival in a motion to dismiss.'" *Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*, 2021 WL 5448716, at *7 (D.N.J. Nov. 19, 2021).

New York. *Second*, omissions are non-actionable under the WDTPA. *Third*, Williams fails to allege any actionable misrepresentation or what she saw and relied on, if anything. *Fourth*, the omission claims also do not allege facts showing that SEA had pre-sale knowledge of any purported "defect" it could have disclosed.

### 1. *Williams alleges no connection between her purported deception and the State of New York.*

Sections 349 and 350 of the GBL only protect consumers when "the transaction in which [they] [are] deceived . . . occur[s] in New York." *Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 324 (N.Y. Ct. App. 2002). In *Goshen*, the New York Court of Appeals found that a Florida resident who bought an insurance policy with a New York insurer through a Florida insurance agent, and who paid his premiums from Florida, could not state any GBL claim because "any deception took place in Florida, not New York." *Id.* at 326. After *Goshen*, "two divergent lines of decisions have developed" on the territorial reach of Sections 349 and 350. *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 123 (2d Cir. 2013). The first line "focus[es] on where the deception of the plaintiff occurs[,]" and the second turns "on where the underlying deceptive 'transaction' takes place, regardless of the plaintiff's location or where the plaintiff is deceived." *Id.* (collecting cases).

Williams' GBL claim fails under either formulation because she was purportedly deceived in Wisconsin, and she alleges no facts showing deceptive conduct in New York. (*See, e.g.*, FAC ¶¶ 13, 19-22 Ex. A (alleging domicile and

shipment of Galaxy Book to her residence in Wisconsin).) Thus, Williams' GBL claim "must be dismissed." *See Zachmann v. Coleman Co.*, 2022 WL 161480, at *3 (S.D.N.Y. Jan. 18, 2022) (dismissing GBL claim of Connecticut plaintiff whose supposed deception had no tie to New York).[31]

### 2. *Omissions cannot support claims under Wis. Stat. § 100.18(1).*

Williams alleges that SEA purportedly violated Wis. Stat. § 100.18(1) by "fail[ing] to disclose the Overheating Defect," breaching its "duty to disclose the truth[,]" and "omi[tting] . . . material facts" from consumers. (FAC ¶¶ 198, 203, 208.) But it is black-letter Wisconsin law that "[s]ilence—an omission to speak—is insufficient to support a claim under Wis. Stat. § 100.18(1)." *Tietsworth v. Harley-Davidson, Inc.*, 270 Wis. 2d 146, 169-70 (2004) ("A nondisclosure is not an 'assertion, representation or statement of fact' under Wis. Stat. § 100.18(1)."); *Goudy v. Yamaha Motor Corp.*, 324 Wis. 2d 441, 460-61 (2010) ("The supreme court's decision in *Tietsworth* additionally confirms that no such exception exists for § 100.18."). For this reason alone, Williams' WDTPA claim based on purported omissions should be dismissed. *See Ball v. Sony Elecs., Inc.*, 2005 WL 2406145, at

---

[31] *Accord In re Subaru Battery Drain Prods. Liab. Litig.*, 2021 WL 1207791, at *26 (D.N.J. Mar. 31, 2021) (dismissing GBL claims of New York resident who bought his vehicle in New Jersey and did not allege facts showing deceptive conduct in New York); *Thomas v. Kimpton Hotel & Rest. Grp., LLC*, 2020 WL 3544984, at *6 (N.D. Cal. June 30, 2020) ("Plaintiffs do not allege Thomas was deceived while in New York, nor do plaintiffs allege facts to support a finding that any of the alleged deceptive acts took place in New York[.]").

*2 (W.D. Wis. Sep. 28, 2005) ("Wisconsin Statute § 100.18 . . . requires an affirmative statement[] and is not violated by a failure to disclose a known defect.").

### 3.    *Williams does not allege what she saw, or how it misled her.*

The gist of the FAC is that SEA intentionally misled consumers by selling Galaxy Books with a known, concealed defect. (FAC ¶¶ 63-74, 179-80, 184-85, 197-98, 201, 204.) Thus, following Third Circuit precedent, Rule 9(b) applies to Williams' GBL and WDTPA claims sounding in fraud. *See Diaz v. FCA US LLC*, 2022 WL 4016744, at *20-21, *24 ns. 27, 32 (D. Del. Sept. 2, 2022) ("[T]he court applies Rule 9(b) as the appropriate pleading standard to the allegations of fraud underlying the NYGBL claims."); *Miller v. Vonage Am., Inc.*, 2015 WL 59361, at *5 (E.D. Wis. Jan. 5, 2015) ("Because a claim under the DTPA sounds in fraud, it must be pleaded with particularity.").[32] Even if the Court does not apply Rule 9(b) (it should), Williams still must provide well-pleaded facts plausibly supporting each element of her claims. *See, e.g.*, *Jackson v. Bank of Am., N.A.*, 2017 WL 5598856, at *7-8 (W.D.N.Y. Nov. 21, 2017) ("[C]onclusory allegations" require dismissal of GBL claims). She has not met the pleading standard under Rule 9(b) or Rule 8.

Williams provides limited allegations about SEA's marketing for the Galaxy

---

[32] *Accord In re NJOY, Inc. Consumer Class Action Litig.*, 2014 WL 12586074, at *14 (C.D. Cal. Oct. 20, 2014) (applying Rule 9(b) to GBL claim sounding in fraud); *Gelis v. Bayerische Motoren Werke Aktiengesellschaft*, 2018 WL 6804506, at *8 (D.N.J. Oct. 30, 2018) (dismissing WDTPA claim not alleged with particularity under Rule 9(b)); *Ball*, 2005 WL 2406145, at *4 (similar).

Case 2:23-cv-00989-EP-JRA   Document 29-1   Filed 07/17/23   Page 42 of 52 PageID: 365

Books, citing general product specifications and puffery about the Galaxy Books' "lightning speeds." (FAC ¶¶ 42-43.) *See Serrano v. Cablevision Sys. Corp.*, 863 F. Supp. 2d 157, 167 (E.D.N.Y. 2012) (describing service as "lightning-fast," "blazing fast," "fastest, easiest," "High Speed" or "Faster" is puffery). But she fails to identify an actionable statement. *See Cohen*, 2022 WL 721307, at \*6 (dismissing WDTPA claim because statements "about the quality and reliability of Denso's products . . . are commercial puffery").[33] Nor does she allege facts showing which statement *she* reviewed or relied on (if any), the *content* of the statement, *when* specifically she saw it, or *how* (if it all) it influenced her purchasing decision. *See Devey v. Big Lots, Inc.*, 2022 WL 6827447, at \*4-5 (W.D.N.Y. Oct. 12, 2022) (dismissing GBL claims because plaintiff did not "allege that she actually viewed the misleading statement prior to making her decision to purchase, [or] set forth 'where, when and how [she] came to view' it"); *Ball*, 2005 WL 2406145, at \*3-4 (dismissing WDTPA claim for similar reason).

Instead, Williams alleges that she "relied upon" unspecified "marketing materials and advertisements" on SEA's website. (FAC ¶ 20.) This generic allegation is insufficient, and her GBL and WDTPA claims should be dismissed for this independent reason. *See T&M Farms v. CNH Indus. Am., LLC*, 2020 WL

---

[33] *See also Hughes v. Panasonic Consumer Elecs. Co.*, 2011 WL 2976839, at \*13 (D.N.J. July 21, 2011) (dismissing misrepresentation claim because plaintiff did not show why descriptions of product were fraudulent).

1082768, at *10 (E.D. Wis. Mar. 5, 2020) ("But while some of the alleged marketing statements might be actionable, the plaintiffs have not identified which . . . 'materially induced' them to suffer a 'pecuniary loss,' as required by the third element of a claim under § 100.18(1)."); *Rosenberg v. SC Johnson & Son, Inc.*, 2021 WL 3291687, at *4 (E.D. Wis. Aug. 2, 2021) (dismissing WDTPA claim alleging defendants misrepresented the non-toxicity of their products because it was not "pled with particularity"); *Martelli v. Rite Aid Corp.*, 2023 WL 2058620, at *4 (S.D.N.Y. Feb. 16, 2023) ("Plaintiff fails to state which specific representations on the Toddler Beginnings labeling or advertising she relied on when making her purchase."); *Rider v. Uphold HQ Inc.*, 2023 WL 2163208, at *4 (S.D.N.Y. Feb. 22, 2023) (dismissing GBL claim alleging conclusory omissions).

## 4. *Williams does not allege SEA's knowledge of any overheating problem at the time of sale.*

For Williams' omission-based GBL claim, she also must allege facts showing that SEA knew about the (unidentified) "defect" before her transaction. *See Ohanian v. Apple Inc.*, 2022 WL 826415, at *2 (S.D.N.Y. Mar. 18, 2022) (dismissing GBL claims "because the Complaint does not allege that T-Mobile was aware of what it failed to disclose"); *Harris v. Pfizer Inc.*, 586 F. Supp. 3d 231, 244 (S.D.N.Y. 2022) (dismissing GBL claim for failure to plausibly allege pre-sale knowledge).

A plaintiff is required to allege *how* the defendant obtained knowledge of the specific defect *before* plaintiff's purchase of the product. *See, e.g., Alban v. BMW of*

31

*N. Am., LLC*, 2010 WL 3636253, at *11 (D.N.J. Sept. 8, 2010) (dismissing consumer fraud claim because plaintiff did not allege facts showing when, before purchase, defendant "learned of the defect" or "how it gained that knowledge"); *Glass v. BMW of N. Am., LLC*, 2011 WL 6887721, at *8 (D.N.J. Dec. 29, 2011) (similar); *Diaz*, 2022 WL 4016744, at *31 ("Once again, Plaintiffs have not pointed the court to *facts* showing that FCA had knowledge of the Defect at *any* time, prior to sale or thereafter.") (emphasis in original). "[A]llegations of the defendant's knowledge cannot be conclusory or speculative." *Stewart v. Electrolux Home Products, Inc.*, 2018 WL 1784273, at *8 (E.D. Cal. Apr. 13, 2018).[34]

Williams does not plausibly allege that SEA knew of any "defect" before her purchase that SEA should or even could have disclosed.

***First***, Williams alleges, on information and belief, that SEA knew of the purported defect based on unspecified "warranty claims" and product "testing." (FAC ¶¶ 45, 49.) But these rote conclusions are entitled to no weight, as Williams identifies no warranty claims or testing of any kind. *See Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 308 (N.D.N.Y. 2019) ("Plaintiff does not allege any facts plausibly suggesting that this ['failure mode analysis'] in fact showed any sort of

---

[34] *Accord Sauer v. Subaru of Am., Inc.*, 2020 WL 1527779, at *9 (D.N.J. Mar. 31, 2020) ("Plaintiff's general and conclusory averments pertaining to Defendant's knowledge of, and failure to disclose, the alleged defects are inadequate."); *Wesley*, 2021 WL 5771738, at *3-5 (dismissing consumer fraud claims, including from New Jersey and New York, for failure to allege facts establishing pre-sale knowledge).

defect in the transmission in the Class Vehicle[.]"); *Wesley*, 2021 WL 5771738, at *3-5 (rejecting conclusory allegations of knowledge through purported "complaints," "testing" and "reports"); *Butera*, 2020 WL 64568, at *7 n.13 ("[Plaintiff's] allegation that Defendant performed 'materials testing' on the Valves prior to sale, and that this testing was either 'inadequate' or revealed the defect, is a conclusory allegation unsupported by facts and is therefore insufficient.").

**Second**, Williams alleges that "product reviews" gave SEA knowledge of the "defect." (FAC ¶ 45.) But she cites only three reviews, two of which are for the original Galaxy Book model (not the Galaxy Book Pro 360 she bought), and none of which mentions any defect. (*Id.* ¶¶ 46-48.)[35] The Men's Journal review called the Galaxy Book a "fierce machine" and recommended that consumers purchase the laptop because it was a "good deal" for the performance capabilities. (*See id.* ¶ 46.) Similarly, the "Softpedia" review contains no indication of any defect in Galaxy Book laptops, and Softpedia did not test a single device for overheating. (*See id.* ¶ 47.) The ZDNet review called the Galaxy Book Pro 360 a "great" device that the reviewer "loved using," and "by far Samsung's best notebook." (*See id.* ¶ 48.) Thus, no one reading these reviews would conclude that any Galaxy Book had a defect.

---

[35] FAC ¶¶ 46-48 citing https://www.mensjournal.com/gear/72-hours-with-the-samsung-galaxy-book-w483499/; https://news.softpedia.com/news/samsung-s-new-windows-10-laptop-is-slower-when-the-keyboard-isn-t-connected-514022.shtml; and https://www.zdnet.com/article/using-the-galaxy-book-pro-360-for-a-month-a-great-swiss-knife-that-could-be-sharper/.

Regardless, courts in this District have long declined to find pre-sale knowledge based on third-party internet reviews. *See, e.g.*, *Oliver v. Funai Corp., Inc.*, 2015 WL 9304541, at *4 (D.N.J. Dec. 21, 2015) ("[I]mputing knowledge of a defect . . . based upon an internet posting would mean that virtually every consumer product company would be subject to fraud claims and extensive discovery."); *accord Morales v. Kimberly-Clark Corp.*, 2020 WL 2766050, at *6 (S.D.N.Y. May 27, 2020) (dismissing GBL claims because reviews on online forums do not "give rise to an inference that Defendant failed to disclose material information").

***Third***, Williams cites ten online customer complaints. (FAC ¶¶ 50-56, 59-61.) But all the complaints *post-date* her purchase, meaning they cannot show *pre*-sale knowledge. *See In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig*., 2018 WL 1576457, at *3 (N.D. Cal. Mar. 30, 2018) (rejecting "scattered series of online reports" that predominantly post-dated purchases); *Wesley*, 2021 WL 5771738, at *3 ("The reviews that post-date Plaintiffs' purchases cannot demonstrate Samsung's pre-purchase knowledge of the defect."); *Harris*, 586 F. Supp. 3d at 243-44 (dismissing GBL claim because plaintiffs did not "plausibly allege that Pfizer knew about the nitrosamine contamination before" sale). In any event, these few complaints cherry-picked from the internet show nothing, especially when compared to significant alleged sales and thousands of positive reviews. (FAC

¶¶ 81, 192).[36] *See Schechter v. Hyundai Motor Am.*, 2019 WL 3416902, at *6-7 (D.N.J. July 29, 2019) (thirteen examples of pre-sale complaints could not establish knowledge of a defect); *Priano-Keyser*, 2019 WL 7288941, at *8 ("It is not adequately alleged that Apple knew with certainty that the watches would fail, and neither the customer complaints posted on Apple's online discussion board nor the customers' appointments with Apple Genius Bars come close to suggesting such knowledge.").[37] In addition, the complaints do not even describe a uniform issue, with some users reporting loud fans, others reporting their fans would not run and their device made a buzzer sound, and still others reporting that their device could not be powered off. (*See* FAC ¶¶ 50-56 citing online forum posts describing varied symptoms). *See also Diaz*, 2022 WL 4016744, at *30 ("Where courts have viewed

---

[36] Even cursory internet searches show that customers gave the Galaxy Books overwhelmingly positive reviews. *See, e.g.*, Best Buy, *Samsung - Galaxy Book Pro 360* , available at https://www.bestbuy.com/site/samsung-galaxy-book-pro-360-15-6-amoled-touch-screen-laptop-intel-evo-platform-core-i7-16gb-memory-1tb-ssd-mystic-navy/6457790.p?skuId=6457790 (last accessed July 17, 2023) (showing a 4.5 out of 5 star rating based on 1,429 customer reviews); *see also* Amazon, *Samsung Galaxy Book Pro*, available at https://www.amazon.com/SAMSUNG-Platform-Computer-Processor-Long-Lasting/dp/B091VBW5SX?th=1 (last accessed July 17, 2023) (showing a 4.3 out of 5 star rating based on 272 customer reviews).

[37] Williams also cites a statement in an "appendix" to an "information booklet" instructing users to disconnect the power source if a product emits smoke or a burning smell. (FAC ¶ 44.) But this commonsense instruction falls well short of plausibly establishing SEA's knowledge of any particular "defect" in the Galaxy Books. *See Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 525 F. App'x 94, 104 (3d Cir. 2013) ("Such conclusory allegations are insufficient to establish Toyota's knowledge, and concealment, of the HID headlamp defect.").

consumer complaints as sufficient to establish pre-sale knowledge, [they] identif[ied] or describe[d] the defect alleged, not merely . . . some symptoms.").

**Fourth**, Williams asserts that SEA knew of the "defect" in her laptop bought in June 2021 based on a *smartphone* recall in 2016 (for the Note7). (FAC ¶ 62.) But this naked conclusion lacks factual support, and she provides nothing connecting an entirely different product (phones, not laptops) and issue five years earlier. Courts have rejected similar references to the Note7 recall as showing knowledge of a "defect" in different devices, and this Court should too. *See In re Samsung Galaxy Smartphone Mktg.*, 2020 WL 7664461, at *20 ("Plaintiffs' complaint does not contain any allegations . . . that support the bare conclusory allegation that the Note7 defect is found in the subject phones.").

In sum, Williams has alleged no facts plausibly showing SEA knew about any purported overheating "defect" in Galaxy Book laptops it could have disclosed, let alone one that it actively concealed. Thus, her GBL claim fails for yet another reason.

## E.  The Unjust Enrichment Claim (Count VIII) Fails For Four Reasons.

Unjust enrichment does not apply because Williams fails to allege facts showing SEA did anything unjust or that there is an actionable defect. *See, e.g.*, *Sweeny*, 2023 WL 2628697, at *3-6 (dismissing unjust enrichment claim along with consumer fraud and warranty claims for failure to allege a defect). The claim also fails for three more reasons.

*First*, unjust enrichment is an equitable claim, and thus it is unavailable when, as here, the plaintiff alleges an adequate legal remedy. *See Brame v. GM LLC*, 535 F. Supp. 3d 832, 843 (E.D. Wis. 2021) ("It is not unjust to limit disappointed product purchasers to their legal remedies."); *Franze v. Bimbo Foods Bakeries Distrib., LLC*, 2019 WL 1244293, at *2 (S.D.N.Y. Mar. 15, 2019) ("Unjust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists."). "This is not the unusual situation where there is no adequate remedy at law." *Price v. L'Oreal USA, Inc*., 2017 WL 4480887, at *5 (S.D.N.Y. Oct. 5, 2017). To the contrary, Williams' unjust enrichment claim is based on the same alleged conduct for which she seeks money damages, under both contract and statutory theories. (*See* FAC ¶¶ 108-109, 122-123, 142-143, 156-157, 193, 213.) Thus, because Williams alleges an adequate legal remedy, her equitable unjust enrichment claim should be dismissed. *See, e.g.*, *Cohen*, 2022 WL 721307, at *34 ("[I]t is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment."); *Smith v. RecordQuest, LLC*, 989 F.3d 513, 520 (7th Cir. 2021) (holding that unjust enrichment claim under Wisconsin law must be dismissed when plaintiff has adequate legal remedies).

*Second*, the unjust enrichment claim fails because it is duplicative of Williams' consumer fraud and warranty claims. "[A]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort

claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790-91 (N.Y. Ct. App. 2012); *Gordon v. Hain Celestial Grp., Inc.*, 2017 WL 213815, at *8 (S.D.N.Y. Jan. 18, 2017) (similar). Thus, Williams may not use unjust enrichment "as a catchall cause of action" that duplicates her warranty and consumer fraud claims. *Corsello*, 18 N.Y.3d at 790; *cf. Bedi v. BMW of N. Am., LLC*, 2016 WL 324950, at *5 (D.N.J. Jan. 27, 2016) (plaintiff has "more specific and more appropriate causes of action" than unjust enrichment); *Cota v. Ralph Lauren Corp.*, 603 F. Supp. 3d 666, 675 (E.D. Wis. 2022) (noting Wisconsin courts hold that "'unjust enrichment involves getting something for nothing, not providing a product for a price'").

*Third*, the existence of a contract generally bars recovery under an unjust enrichment theory. *See Action Rentals Holdings, LLC v. Wacker Neuson Am. Corp.*, 2023 WL 156278, at *6 (E.D. Wis. Jan. 11, 2023) ("[T]his court has limited a plaintiff's ability to simultaneously plead incompatible quasi-contract and contract causes of action[.]"). Thus, courts dismiss unjust enrichment claims "when it is clear from the face of the complaint that there exists an express contract that clearly controls." *Franze*, 2019 WL 1244293, at *2. "There is no dispute that an express warranty was made here." *Lee v. Canada Goose US, Inc*., 2021 WL 2665955, at *9 (S.D.N.Y. June 29, 2021). "Consequently, the claim for unjust enrichment must be dismissed." *Id*. at *9; *Haag v. Hyundai Motor Am.*, 969 F. Supp. 2d 313, 317 (W.D.N.Y. 2013) ("Having chosen to sue for breach of warranty, plaintiff cannot

plead an alternative quasi-contract claim . . . ."); *Martin v. LG Elecs. USA, Inc.*, 2015 WL 1486517, at *7 (W.D. Wis. Mar. 31, 2015) (similar).[38]

## F. Williams Also Lacks Standing To Seek Injunctive Relief.

The FAC includes vague requests for prospective injunctive relief. (FAC ¶¶ 109, 123, 143, 157, 171, 193, Prayer at (D).) But again, equitable relief is unavailable when a plaintiff has an adequate remedy at law. *See James v. Richman*, 547 F.3d 214, 217 (3d Cir. 2008) ("[I]f [plaintiff] had an adequate legal remedy, equitable relief would not be appropriate."); *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 496 (E.D. Pa. 2016) ("[I]njunctive relief is inappropriate because Plaintiff . . . has an adequate remedy at law.").

Prospective injunctive relief also is available to prevent future harm only, not to remedy an alleged past injury. *See Remtek Servs. v. Wells Fargo Bank, N.A.*, 2020 WL 241332, at *5 (D.N.J. Jan. 16, 2020) (dismissing injunctive relief claim because plaintiff had not "established that its proposed injunction would protect it from likely future harm"). Williams has not alleged a concrete, imminent risk of future injury. Instead, her claims are for purported past economic harm. Thus, she has not alleged a basis for injunctive relief. *See Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278, 293 (3d Cir. 2018) (bluntly rejecting

---

[38] As shown (Section IV(C)(2)), Williams' conclusory unconscionability allegations fall well short of establishing that the Limited Warranty is invalid or unenforceable.

"stop me before I buy again" standing argument); *Berni v. Barilla S.P.A.*, 964 F.3d 141, 147 (2d Cir. 2020) ("[P]ast purchasers of a consumer product who claim to be deceived by that product[] . . . have, at most, alleged a past harm."); *Haggerty v. Bluetriton Brands, Inc.*, 2022 WL 17733677, at *5 (D.N.J. Dec. 16, 2022) (rejecting speculative future harm allegations); *Cota*, 603 F. Supp. 3d at 675-76 (similar).

## V.    <u>CONCLUSION</u>

The FAC fails at every turn. When Williams first contacted SEA (about an unrelated Wi-Fi issue), it honored her Limited Warranty. Williams never raised any purported overheating issue until after the Limited Warranty expired. Even then, SEA offered a free repair, but Williams failed to respond or allow SEA to evaluate or fix her laptop. Williams also alleges no valid basis for asserting claims under New York law. She alleges no actionable "defect." And she alleges no facts to support any consumer fraud claim, nor any entitlement to equitable relief. The FAC should be dismissed with prejudice.

<div style="margin-left:50%">

Respectfully submitted,

GREENBERG TRAURIG, LLP

</div>

Dated: July 17, 2023                    By: */s/ David Jay*_____
<div style="margin-left:50%">

David Jay
jayd@gtlaw.com
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
Tel: (973) 360-7900
*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

</div>