## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HALEY WILLIAMS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendant. | No. 2:23-cv-00989-JMV-JRA |

## DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

GREENBERG TRAURIG, LLP
David Jay
James L. Ryerson
500 Campus Drive, Suite 400
Florham Park, NJ 07932
(973) 360-7900

GREENBERG TRAURIG, LLP
Robert J. Herrington
(admitted pro hac vice)
Michael E. McCarthy
(pro hac vice application forthcoming)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
(310) 586-7700

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

# **TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ......................................................................1

II.  ARGUMENT...........................................................................................1

    A.  The Opposition Confirms Williams Alleged No Actionable "Defect."..................................................................................1

    B.  Williams Provides No Basis To Invoke New York Law For Any Claim. ....................................................................................3

    C.  The Opposition Concedes The One-Year Warranty Is Enforceable, Requiring Dismissal Of All Warranty Claims................6

        1.  Williams cannot salvage her claims by mischaracterizing her communications with SEA. ...................................6

        2.  Williams also has not shown reliance on the Limited Warranty........................................................................8

        3.  Williams cannot meet the MMWA's jurisdictional requirements. ..................................................................8

    D.  The Opposition Confirms Williams Failed To Allege Consumer Fraud.......................................................................9

        1.  Williams' transaction has no connection to the State of New York...................................................................9

        2.  Williams concedes that omissions cannot support her WDTPA claim...............................................................10

        3.  The FAC identifies no actionable statement that caused Williams injury. ......................................................11

        4.  The Opposition confirms Williams has not shown that SEA knew about any actionable defect, as required for an omission claim. ..................................................................13

i

E.      Williams' Unjust Enrichment Claim Violates Equitable
        Principles. ................................................................................14

F.      The Opposition Confirms Williams' Injunctive Relief Claims
        Fail. ..........................................................................................15

III.    CONCLUSION.............................................................................15

## TABLE OF AUTHORITIES

**Cases**

*Bullard v. Jaguar Land Rover Auto. PLC*,
 2023 WL 4845873 (D.N.J. July 28, 2023) ...........................................................12

*CDK Glob., LLC v. Tulley Auto. Grp., Inc.*,
 489 F. Supp. 3d 282 (D.N.J. 2020).........................................................................4

*Chiarelli v. Nissan N. Am., Inc.*,
 2015 WL 5686507 (E.D.N.Y. Sep. 25, 2015) .......................................................15

*Cota v. Ralph Lauren Corp.*,
 603 F. Supp. 3d 666 (E.D. Wis. 2022) ..................................................................15

*Demmick v. Cellco P'ship*,
 2010 WL 3636216 (D.N.J. Sep. 8, 2010)................................................................5

*Devey v. Big Lots, Inc.*,
 635 F. Supp. 3d 205 (W.D.N.Y. 2022) ..................................................................11

*Diaz v. FCA US LLC*,
 2022 WL 4016744 (D. Del. Sep. 2, 2022) .............................................................14

*Fishman v. GE*,
 2014 WL 1628369 (D.N.J. Apr. 23, 2014)..............................................................8

*Fishon v. Peloton Interactive, Inc.*,
 2021 WL 2941820 (S.D.N.Y. July 12, 2021).........................................................10

*Frenzel v. Aliphcom*,
 2015 WL 4110811 (N.D. Cal. July 7, 2015) ...........................................................5

*Galitski v. Samsung Telecomms. Am., LLC*,
 2013 WL 6330645 (N.D. Tex. Dec. 5, 2013)..........................................................8

*Gavornik v. LPL Fin. LLC*,
 2014 WL 3844828 (D.N.J. Aug. 5, 2014)...............................................................7

*Gelis v. Bayerische Motoren Werke Aktiengesellschaft*,
 2018 WL 6804506 (D.N.J. Oct. 30, 2018) ...........................................................11

*Granillo v. FCA US Ltd. Liab. Co.*,
2016 WL 9405772 (D.N.J. Aug. 29, 2016) ..........................................................14

*Haft v. Haier US Appliance Sols., Inc.*,
578 F. Supp. 3d 436 (S.D.N.Y. 2022) ...................................................................8

*Howmedica Osteonics Corp. v. Howard*,
2022 WL 16362464 (D.N.J. Oct. 28, 2022) ..........................................................4

*In re Caterpillar, Inc.*,
2015 WL 4591236 (D.N.J. July 29, 2015) ...........................................................12

*In re Duramax Diesel Litig.*,
2018 WL 3647047 (E.D. Mich. Aug. 1, 2018) ........................................... 12, 13

*In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Liab.
Litig.*, 903 F.3d 278 (3d Cir. 2018)......................................................................15

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
2020 WL 7664461 (N.D. Cal. Dec. 24, 2020) ......................................................2

*In re: Elk Cross Timbers Decking Mktg.*,
2015 WL 6467730 (D.N.J. Oct. 26, 2015) .............................................................8

*Kyszenia v. Ricoh USA, Inc.*,
583 F. Supp. 3d 350 (E.D.N.Y. 2022)..................................................................15

*Livingston v. Trustco Bank*,
2022 WL 798157 (N.D.N.Y. Mar. 16, 2022) .......................................................10

*Lungu v. Antares Pharma Inc.*,
2022 WL 212309 (3d Cir. Jan. 25, 2022)...........................................................6, 7

*Martelli v. Rite Aid Corp.*,
2023 WL 2058620 (S.D.N.Y. Feb. 16, 2023) ......................................................11

*McQueen v. BMW of N. Am., LLC*,
2013 WL 4607353 (D.N.J. Aug. 29, 2013)..........................................................2, 3

*McVetty v. Tomtom N. Am., Inc.*,
2021 WL 965239 (S.D.N.Y. Mar. 13, 2021).........................................................9

*Morales v. Apple, Inc.*,
   2023 WL 5579929 (S.D.N.Y. Aug. 29, 2023) ....................................................11

*Murillo v. Kohl's Corp.*,
   197 F. Supp. 3d 1119 (E.D. Wis. 2016) ............................................................13

*Noble v. Samsung Elecs. Am., Inc.*,
   682 F. App'x 113 (3d Cir. 2017) .........................................................................8

*Price v. L'Oreal USA, Inc.*,
   2017 WL 4480887 (S.D.N.Y. Oct. 5, 2017) .....................................................14

*Pro v. Hertz Equip. Rental Corp.*,
   2008 WL 5218267 (D.N.J. Dec. 11, 2008) ..........................................................4

*Rodriguez v. Wells Fargo Bank, N.A.*,
   2019 WL 1529846 (D.N.J. Apr. 9, 2019)............................................................13

*Scattaglia v. Mercedes-Benz USA, LLC*,
   2023 U.S. Dist. LEXIS 122937 (D.N.J. July 14, 2023) ..................................9, 14

*Smith v. RecordQuest, LLC*,
   989 F.3d 513 (7th Cir. 2021) .............................................................................14

*T&M Farms v. CNH Indus. Am., LLC*,
   2020 WL 1082768 (E.D. Wis. Mar. 5, 2020)......................................................12

*Vivar v. Apple Inc.*,
   2023 WL 3847163 (S.D.N.Y. June 6, 2023) ......................................................15

*Wagner v. Catalent Pharma Sols. LLC*,
   2019 WL 13234851 (D.N.J. Dec. 3, 2019) ...........................................................5

*Wesley v. Samsung Elecs. Am., Inc.*,
   2022 WL 16509541 (D.N.J. Oct. 28, 2022) ......................................................2, 3

*Wesley v. Samsung Elecs. Am., Inc.*,
   2023 WL 3496024 (D.N.J. May 17, 2023) .......................................................2, 3

*Wheeler v. Topps Co.*,
   2023 WL 405015 (S.D.N.Y. Jan. 25, 2023) .......................................................10

*Whitaker v. Herr Foods, Inc.*,
    198 F. Supp. 3d 476 (E.D. Pa. 2016)......................................................................15

*Wright v. Publrs. Clearing House, Inc.*,
    372 F. Supp. 3d 61 (E.D.N.Y. 2019)..............................................................9, 10

**Statutes**

15 U.S.C. § 2310(d)(3)(C) ...................................................................................8, 9

Wis. Stat. § 100.18(1) ..................................................................................... 10, 12

**Rules**

Fed. R. Civ. Proc. 9(b) ........................................................................................11

# I.    **PRELIMINARY STATEMENT**

Plaintiff's Opposition confirms her claims fail. She continues to speculate, with no facts, about a supposed overheating "defect" across multiple generations of devices, and all her claims fail for that reason alone. As a Wisconsin citizen who sued SEA in New Jersey, Williams has no basis to invoke New York law, and thus all her New York claims fail. Williams now concedes the one-year Limited Warranty for her Galaxy Book Pro 360 laptop is enforceable. Her own communications confirm she did not tell SEA about any purported overheating issue until months *after* the warranty expired, and that SEA *never* declined warranty coverage even then. Thus, all Williams' warranty claims fail for the independent reasons that she never sought warranty coverage for an overheating issue during the warranty period, and SEA never breached the warranty. The Opposition also confirms that Williams has no facts showing consumer fraud or unjust enrichment, nor any basis for seeking equitable or injunctive relief. The FAC should be dismissed without leave to amend.[1]

# II.    **ARGUMENT**

## A.  **The Opposition Confirms Williams Alleged No Actionable "Defect."**

All claims in the FAC fail because Williams does not allege facts plausibly showing that the various Galaxy Book laptop models—launched over a five-year period, with different designs, parts, and performance specifications—have some

---

[1] Defined terms have the same meaning as in the Motion to Dismiss.

ubiquitous overheating "defect." (Mot. at 10-14.) Williams admits she does not "fully understand the nature" of the purported "defect" or the laptop devices' "inner workings" but insists that her generic conclusions are enough. (Opp. at 12.) She also insists that she "alleged in detail what exactly is wrong with the Class Laptops" by offering adjectives like "<u>inadequate</u> ventilation, <u>insufficient</u> heat dissipation, and <u>poor</u> thermal conductivity." (*Id.* at 13-15.)[2] Her arguments fail.

Courts in this District have rejected defect claims involving complex products when, as here, they are based on ambiguous allegations that lack supporting facts and involve multiple device models. *See, e.g.*, *Wesley v. Samsung Elecs. Am., Inc.*, 2022 WL 16509541, at *1, 4 (D.N.J. Oct. 28, 2022) (demanding specificity because plaintiff alleged dozens of oven models contained the same temperature defect); *McQueen v. BMW of N. Am., LLC*, 2013 WL 4607353, at *7 (D.N.J. Aug. 29, 2013) (finding no "factual support that the *entire line* of [BMW] 7-Series vehicles is defective"); *see also In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, 2020 WL 7664461, at *5 (N.D. Cal. Dec. 24, 2020) (rejecting allegations that failed to show how multiple smartphone models had an overheating defect).

Williams argues that, by citing this Court's decisions in *Wesley v. Samsung Elecs. Am., Inc.*, 2022 WL 16509541 (D.N.J. Oct. 28, 2022) and *Wesley v. Samsung Elecs. Am., Inc.*, 2023 WL 3496024 (D.N.J. May 17, 2023), SEA is "requiring an

---

[2] Unless otherwise indicated, all emphases are added, and all citations are omitted.

unprecedented heighted [sic] level of specificity for alleging a defect." (Opp. at 18.) But that is wrong, as those decisions track rulings from this District and across the country. (Mot. at 10-14.) Williams' allegations also are much more conclusory than in *Wesley*—as she does not offer a single fact, or anything beyond superficial adjectives, showing "specifically what is defective about [any] part" in any laptop. 2022 WL 16509541, at *3. As shown, Williams' own allegations demonstrate that the Galaxy Book, Galaxy Book Pro, Galaxy Book 2 Pro and Galaxy Book Pro 360 laptops have different designs, parts, and specifications. (Mot. at 13.) And like the FAC, the Opposition fails to provide even a cursory explanation of how the supposed "defect" could apply uniformly across these devices. (*See* Opp. at 8-18.)

Williams alleges that SEA "fraudulent[ly]" misled consumers by "concealing" a "defect" in multiple generations of devices over half a decade. (FAC ¶¶ 40, 63, 65, 179, 197.) To sustain these claims, Williams must plead *facts* showing a "defect" in the first place, and "*what* precisely" SEA supposedly concealed. *McQueen*, 2013 WL 4607353, at *7. The FAC supplies no *facts* about any particular failure attributable to any specific part of the multiple models of laptops in question. Williams' conclusory statements do not and cannot support her sweeping claims. *See Wesley*, 2022 WL 16509541, at *3-4; *Wesley*, 2023 WL 3496024, at *3-5.

**B.  Williams Provides No Basis To Invoke New York Law For Any Claim.**

All Plaintiff's New York law claims also fail because the choice-of-law

provision in the TCS does not apply, and she has no other basis to invoke New York law. SEA showed that (i) the TCS's choice-of-law provision is cabined to the TCS itself, (ii) none of Williams' claims even mention the TCS, and (iii) instead, Williams asserts claims under the separate Limited Warranty, which applies irrespective of the TCS. (Mot. at 14-17.) The Opposition fails to counter these points and instead cites cases that support SEA's arguments.

Williams argues that the choice-of-law provision in the TCS is "broad" because it uses the phrase "governed by" rather than "construed under." (Opp. at 19-20.) But Plaintiff misreads the provision. As the rest of the provision makes clear, all that is "governed by" the provision is "these Terms" themselves. (Cantwell Cert. Ex. 2, p. 5).[3] None of the FAC's claims concern or even mention the TCS. And as Williams' own authorities explain, even "broad" choice-of-law provisions cover claims outside the contract only when they "closely relate" to "the issue of the [contract's] validity and enforceability[.]" *See CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, 489 F. Supp. 3d 282, 302 (D.N.J. 2020) (applying choice-of-law provision to claim that contract assent was fraudulently induced).[4]

---

[3] *See Howmedica Osteonics Corp. v. Howard*, 2022 WL 16362464, at *14 (D.N.J. Oct. 28, 2022) ("The language in the choice of law clause speaks only to the interpretation and enforcement of the Agreements.").

[4] Williams also cites *Pro v. Hertz Equip. Rental Corp.*, 2008 WL 5218267 (D.N.J. Dec. 11, 2008), which distinguished itself from cases (like this one) where the claims can be decided "without consider[ing] the terms of the contract at issue." *Id.* at *6.

Here, no claim concerns the validity or enforceability of the TCS. The warranty claims concern the Limited Warranty, not the TCS. (FAC ¶¶ 38, 93, 127, 162; Cantwell Cert. Ex. 1.) And the consumer fraud claims do not "arise from," or have anything to do with, the TCS. (Opp. at 21.) No party's performance of the TCS is at issue,[5] and all Williams' claims can be decided without even referencing the TCS. *See Frenzel v. Aliphcom*, 2015 WL 4110811, at *8 (N.D. Cal. July 7, 2015) ("Neither [plaintiff's] consumer protection claims nor his warranty claims are based on the Terms of Use themselves[.]"); *Wagner v. Catalent Pharma Sols. LLC*, 2019 WL 13234851, at *4 (D.N.J. Dec. 3, 2019) (rejecting contractual choice-of-law clause because plaintiff did not allege defendant breached any term of the contract containing the clause).

Because the TCS's choice-of-law provision does not apply, Williams has no basis to invoke New York law. Williams acknowledges that she is a Wisconsin citizen who bought her laptop while in Wisconsin, was allegedly injured in Wisconsin, and yet brought suit in New Jersey. (FAC ¶¶ 13, 19-38 Exs. A-E.) New York law has no application to these claims. (*See* Mot. at 17-18 n.19.)  And even if it did, her claims still fail for the reasons explained above and below. (*See* Sections II(A) and II(C)-(F).)

---

[5] Williams cites *Demmick v. Cellco P'ship*, 2010 WL 3636216, at *3 (D.N.J. Sep. 8, 2010), where "[a]ll of Plaintiffs' claims relate[d] to the performance" of the contract containing the choice of law provision. Here, the opposite is true.

**C. The Opposition Concedes The One-Year Warranty Is Enforceable, And This Concession Means All Williams' Warranty Claims Fail.**

    *1. Williams cannot salvage her warranty claims by mischaracterizing her communications with SEA.*

In the FAC, Williams alleged that the one-year warranty period for her laptop is unconscionable. (FAC ¶¶ 105-06, 120, 139-40, 154.) Williams has now withdrawn that allegation, and thus the one-year warranty period controls. (*See* Mot. at 21-24; Opp. at 25-31.) She also agrees the Court should consider the records attached to the FAC and SEA's Motion, which are the basis for her claims. (*See* Mot. at 5-7 n.6; Opp. at 25-31.) Plaintiff, however, ignores what these records actually say.

Williams insists she "sought repairs of the Overheating Defect in April 2022, during the warranty period," and that SEA breached the warranty. (Opp. at 28-29.) But the uncontested documents attached to the pleadings confirm the opposite— Williams raised no overheating problem with SEA in April 2022, and SEA fixed her Wi-Fi issue according to her own email. (FAC Exs. B-C; Cantwell Cert. Exs. 3, 5.) *See Lungu v. Antares Pharma Inc.*, 2022 WL 212309, at *5 n.14 (3d Cir. Jan. 25, 2022) ("When an allegation in the complaint is contradicted by a document incorporated in it by reference, the ***document controls***[.]").[6]

---

[6] If Williams contends that her Wi-Fi issue in April 2022 was an overheating issue, no facts alleged in the FAC support that leap. In April 2022, Williams told SEA that she had a Wi-Fi issue *only*, and in October 2022, she said she was not concerned about overheating until "about the last month" (meaning September 2022). (Cantwell Cert. Exs. 3-6.)

Williams also reiterates her bald allegation that, when she sought repair for an overheating issue in October 2022 *after* the warranty expired, SEA "revoked" its free repair offer. (Opp. at 29 n.9.) But the underlying records show, on their face, that (i) SEA never declined to repair Williams' laptop, (ii) SEA did not cancel the October 2022 service ticket until Williams did not respond to SEA's repair offer for several days, and (iii) Williams never contacted SEA for repair again before suing. (Cantwell Cert. Exs. 4, 5, 6.) Williams cannot contradict *her own communications* and then argue that those contradictions create "factual disputes." (Opp. at 29.) If that were the case, a plaintiff could always evade dismissal by mischaracterizing the documents on which the claim was based. *See Lungu*, 2022 WL 212309, at *5 n.14; *Gavornik v. LPL Fin. LLC*, 2014 WL 3844828, at *5 (D.N.J. Aug. 5, 2014) (declining to credit allegations contradicting plaintiff's emails).

There can be no breach of warranty over an overheating issue that Williams did not raise with SEA until months after the warranty expired. (Mot. at 18-21.) And even after the warranty expired, SEA did not decline warranty service. (*Id*.) Williams' distortions do not and cannot change what her own communications with SEA state, and all her warranty claims fail for these additional reasons.[7]

---

[7] Williams also argues that she did not need to contact SEA within the warranty period to state an implied warranty claim. (Opp. at 27-28.) But her argument ignores the warranty's plain language, that "THIS LIMITED WARRANTY . . . STATES YOUR EXCLUSIVE REMEDY." (Cantwell Cert. Ex. 1, p. 2.) Thus, Williams' implied warranty claims fail for the same reason as her express warranty claims: she

7

### 2.   *Williams also has not shown reliance on the Limited Warranty.*

Under the state laws Plaintiff invokes, reliance is an element of an express warranty claim, but her allegations are conclusory. (Mot. at 25.) She argues that SEA cannot claim the Limited Warranty is enforceable while also contesting reliance. (Opp. at 30-31.) But she cites no authority supporting this notion,[8] nor does she explain what specific warranty terms she relied on and how. Thus, Williams has not excused her failure to allege facts supporting reliance on the express warranty at purchase, confirming that she has not pled the elements of *her* state law claims.

### 3.   *Williams cannot meet the MMWA's jurisdictional requirements.*

Williams concedes she cannot satisfy the MMWA's 100-named-plaintiff requirement. 15 U.S.C. § 2310(d)(3)(C). She argues that the court can exercise "supplemental jurisdiction" over her MMWA claim. (Opp. at 32.) But Williams does not allege supplemental jurisdiction. (FAC ¶ 16.) And she ignores the only basis for

---

has not alleged that SEA refused to repair or replace her laptop during the warranty period. *See Galitski v. Samsung Telecomms. Am., LLC*, 2013 WL 6330645, at *8-9 (N.D. Tex. Dec. 5, 2013) (dismissing implied warranty claim for this reason); *Fishman v. GE*, 2014 WL 1628369, at *5 (D.N.J. Apr. 23, 2014) (similar); *Haft v. Haier US Appliance Sols., Inc.*, 578 F. Supp. 3d 436, 449 (S.D.N.Y. 2022) (similar).

[8] Williams cites *In re: Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730, at *28-29 (D.N.J. Oct. 26, 2015), which noted that certain state laws impose a reliance requirement and found the plaintiffs' conclusory allegations deficient. Further, whether a one-year warranty period is enforceable (as SEA argued) has nothing to do with a purported "meeting of the minds" or Williams' failure to plead reliance. (Opp. at 30-31.) In fact, an express warranty is not a bilateral contract in the first place. *See Noble v. Samsung Elecs. Am., Inc.*, 682 F. App'x 113, 116 n.3 (3d Cir. 2017) (distinguishing between warranty law and traditional contract formation law).

original jurisdiction is CAFA (*id.*), which the Third Circuit held does not provide an alternate basis for MMWA jurisdiction. (Mot. at 25-26.)[9] Thus, her MMWA class action must fail.

### D.  The Opposition Confirms Williams Failed To Allege Consumer Fraud.

In its Motion to Dismiss, SEA demonstrated that the consumer fraud claims (Counts VI-VII) should be dismissed for *four* more independent reasons aside from the failure to allege a defect. (Mot. at 26-27.) The Opposition rebuts none of them.

#### *1.   Williams' transaction has no connection to the State of New York.*

For Williams to state a GBL claim, she must allege a deceptive transaction *in New York*. (Mot. at 27-28.) Williams acknowledges that she is a Wisconsin citizen who made no purchase in New York, yet she insists that, even with the "limitations" on the GBL's "reach," her claim can proceed. (Opp. at 34.) She is wrong.

**First**, as shown, Williams' claims have nothing to do with the TCS, and she has no basis to invoke New York law in the first place. Even if the TCS's choice-of-law clause applied (it does not), that would change nothing, because that clause does not provide "sufficient transactional nexus to New York" to assert a GBL claim. *Wright v. Publrs. Clearing House, Inc.*, 372 F. Supp. 3d 61, 66 (E.D.N.Y. 2019); *accord McVetty v. Tomtom N. Am., Inc.*, 2021 WL 965239, at *3 (S.D.N.Y. Mar. 13,

---

[9] *See also Scattaglia v. Mercedes-Benz USA, LLC*, 2023 U.S. Dist. LEXIS 122937, at *25 (D.N.J. July 14, 2023) ("[A]n MMWA claim cannot be brought on a class-wide basis if the requirements of § 2310(d)(3) are not satisfied.").

2021) ("[T]erritorial connection is established through the facts of the alleged transaction[,]" not "choice of law[.]"); *Fishon v. Peloton Interactive, Inc.*, 2021 WL 2941820, at \*4 (S.D.N.Y. July 12, 2021) (finding allegations that Peloton Terms of Service contained New York choice of law insufficient).[10]

**Second**, that SEA is incorporated in New York provides no basis for GBL standing. The controlling inquiry is the location where *Williams' transaction* occurred (during which she was supposedly deceived), not SEA's place of incorporation or principal place of business. *See, e.g.*, *Wheeler v. Topps Co.*, 2023 WL 405015, at \*3 (S.D.N.Y. Jan. 25, 2023) (dismissing GBL claim based on allegation that defendant's principal place of business was in New York).[11] Williams alleged no facts connecting *her* purchase to New York. (FAC ¶¶ 13, 19-22.) Nor has she specified any purportedly deceptive act in New York. (*Id.* ¶ 14.) Because the FAC fails to connect her transaction to New York, her GBL claim fails.

## 2.   *Williams concedes that omissions cannot support her WDTPA claim.*

In Wisconsin, it is settled that omissions are not actionable under Wis. Stat. § 100.18(1). (Mot. at 28-29.) Williams agrees (Opp. at 35-37), and as explained below,

---

[10] As explained in *Wright*, the Second Circuit in "[*Cruz*] predominately focused on whether the transaction itself occurred in New York." 372 F. Supp. 3d at 66. Indeed, "[s]tretching Section 349 to apply to all cases where the parties agree on New York as their law of choice would depart from *Cruz's* instruction[.]" *Id.*

[11] *Accord Livingston v. Trustco Bank*, 2022 WL 798157, at \*19 (N.D.N.Y. Mar. 16, 2022) (rejecting plaintiffs' argument that defendant's location in New York provided them standing to bring a GBL claim).

the FAC does not state a misrepresentation claim.

### 3.   *The FAC identifies no actionable statement that caused Williams injury.*

SEA showed that Rule 9(b) applies to WDTPA misrepresentation claims. (Mot. at 29.) SEA also showed that, under Third Circuit precedent, Rule 9(b) applies to claims sounding in fraud, including GBL claims. (*Id.*) No matter which pleading standard applies, however, Williams has not stated a misrepresentation claim.

**First**, Williams identifies no statement she saw or relied on. "To adequately plead a N.Y. GBL claim premised on an affirmative misrepresentation," Williams must specify the "*exact* representations" *she* saw that injured her. *Morales v. Apple, Inc.*, 2023 WL 5579929, at *2 (S.D.N.Y. Aug. 29, 2023).[12] The Opposition points to FAC paragraph 20 and argues it "sets forth" "Williams' reliance." (Opp. at 35.) But nowhere in this paragraph (or anywhere) does Williams identify what statement she saw. Instead, she recites that she "relied upon marketing materials and advertisements" touting (in some unspecified way) "performance," "design," and "touchscreen capabilities." (FAC ¶ 20.) These generic allegations fail.[13]

**Second**, the FAC does not allege how the vague statements Williams

---

[12] *See also Gelis v. Bayerische Motoren Werke Aktiengesellschaft*, 2018 WL 6804506, at *8 (D.N.J. Oct. 30, 2018) (dismissing WDTPA claim under Rule 9(b), which requires the "specific content" of the statements plaintiff relied on).

[13] *See Martelli v. Rite Aid Corp.*, 2023 WL 2058620, at *4 (S.D.N.Y. Feb. 16, 2023) ("Plaintiff fails to state *which specific representations* on the Toddler Beginnings labeling or advertising she relied on when making her purchase."); *Devey v. Big Lots, Inc.*, 635 F. Supp. 3d 205, 213-15 (W.D.N.Y. 2022) (similar reasoning).

supposedly saw were actionable. As shown, advertising products as "fast," "lightning speed," high "quality," or "reliable" is commercial puffery. (Mot. at 29-30.) Williams offers no contrary authority, and her argument that she "relied on SEA's assurances of a quality, well-performing laptop . . . with superior performance and functionality" (Opp. at 36) simply proves SEA's point.[14]

**Third**, the gravamen of Williams' claim is that SEA omitted information about the purported "defect" from its marketing, and that these omissions rendered statements about her laptop's basic specifications misleading.[15] In other words, the FAC is based on a purported breach of a duty to disclose, which courts refuse to accept for WDTPA claims. *See In re Caterpillar, Inc.*, 2015 WL 4591236, at *39 (D.N.J. July 29, 2015) (dismissing WDTPA claim for this reason; "[t]he Court is unconvinced . . . that Caterpillar's omissions should be viewed in conjunction with affirmative statements and representations regarding the Engines"); *In re Duramax Diesel Litig.*, 2018 WL 3647047, at *7 (E.D. Mich. Aug. 1, 2018) ("Plaintiffs cannot

---

[14] *See Bullard v. Jaguar Land Rover Auto. PLC*, 2023 WL 4845873, at *14 (D.N.J. July 28, 2023) (marketing a product's "superior performance" is puffery); *see also T&M Farms v. CNH Indus. Am., LLC*, 2020 WL 1082768, at *10 (E.D. Wis. Mar. 5, 2020) ("But while some of the alleged marketing statements might be actionable, the plaintiffs have not identified which . . . 'materially induced' them to suffer a 'pecuniary loss,' as required by . . . § 100.18(1).").

[15] *See, e.g.*, FAC ¶ 41 ("Samsung withheld information from consumers . . . , *thus making* false statements about the qualities of Class Laptops"); ¶ 42 ("In breach of its *duty to disclose* . . . Samsung misrepresents the Galaxy Book Pro 360 as a [high speed] device"); ¶ 44 ("Samsung's website *made no mention* of the Overheating Defect"); ¶¶ 188, 208 (Samsung's marketing "only lists" the "favorable features").

rely on any alleged duty to disclose in attempting to state a [WDTPA] claim[.]").[16]

### 4.   *Williams has not shown that SEA knew about any actionable defect, as required for an omission claim.*

Williams' omission claim fails for another reason. The parties agree that, in order to plead this claim, Williams must allege facts plausibly showing SEA's *pre-sale* knowledge of the purported "defect." (*Compare* Mot. at 31-36, *with* Opp. at 13 n.3.) The FAC did not come close, and the Opposition ducks SEA's arguments.

**First**, Williams ignores that none of the "product reviews" cited in the FAC say anything about a defect. To the contrary, the reviewers recommended that consumers buy Galaxy Book laptops. (Mot. at 33; Opp. at 5.) **Second**, Williams does not dispute that she identified no "warranty claims" or product "testing" to support her conclusory allegations. (Mot. at 32-33; Opp. at 5-7.) **Third,** Williams concedes the FAC cited just ten customer complaints, all of which *post-dated* her purchase and thus cannot show *pre*-sale knowledge. (Mot. at 34-36; Opp. at 5-7.)[17] **Fourth**,

---

[16] Williams relies heavily on *Murillo v. Kohl's Corp.*, 197 F. Supp. 3d 1119 (E.D. Wis. 2016). (Opp. at 36-37.) But the case is distinguishable. *Murillo* was a false reference price case about retail clothing. Thus, the misrepresentation and omission at issue—i.e., the clothing's true price—were the same. As the *Duramax* court explained, *Murillo* does not hold that a plaintiff can rely on purported omissions to bring a WDTPA claim. 2018 WL 3647047, at *6-7.

[17] Underscoring the concession, Williams asks the Court to consider a Reddit thread supposedly posted in May 2021 and "inadvertently omitted from the FAC." (Opp. at 6 n.2.) Even though Williams cannot amend her pleading in opposition briefing (*Rodriguez v. Wells Fargo Bank, N.A.*, 2019 WL 1529846, at *5 n.9 (D.N.J. Apr. 9, 2019)), the allegation is irrelevant. Courts in this District decline to find pre-sale knowledge of a defect based on third-party internet reviews—let alone a single post

Williams argues that, in a list of user instructions in an "appendix" to an "information booklet," SEA advises to disconnect the power source if a product emits smoke or a burning smell. (Opp. at 7.) But this is typical safety guidance from laptop makers.[18] And nothing in the booklet reflects a "defect" in any laptop, let alone SEA's knowledge of a specific "defect." *See Diaz v. FCA US LLC*, 2022 WL 4016744, at *28 (D. Del. Sep. 2, 2022) (plaintiffs "must establish a plausible factual link" between product instructions and the specific "defect" alleged).[19] Thus, Williams' emphasis on a generic instruction in an appendix only confirms she has no claim.

### E.  Williams' Unjust Enrichment Claim Violates Equitable Principles.

Williams argues she can plead her unjust enrichment claim "in the alternative." (Opp. at 38.) But she does not contest that she has an adequate remedy at law, which bars her equitable claims. (*Compare* Mot. at 37, *with* Opp. at 38.)[20]

---

on a third-party site as compared to significant alleged sales and thousands of positive reviews. (*See* Mot. at 34-35.) *See also Granillo v. FCA US Ltd. Liab. Co.*, 2016 WL 9405772, at *9 (D.N.J. Aug. 29, 2016).

[18] *See, e.g.*, *Apple MacBook Pro Essentials*, providing user guidance for laptop heat and charging, available at https://support.apple.com/guide/macbook-pro/important-safety-information-apd9b8f7aa11/mac.

[19] *Accord Scattaglia*, 2023 U.S. Dist. LEXIS 122937, at *16-17 (pointing to general symptoms described in product or service documentation does not plausibly show knowledge of a particular "defect" that plaintiff experienced).

[20] *See, e.g.*, *Smith v. RecordQuest, LLC*, 989 F.3d 513, 520 (7th Cir. 2021) (holding unjust enrichment claim under Wisconsin law must be dismissed when plaintiff has adequate legal remedies); *Price v. L'Oreal USA, Inc.*, 2017 WL 4480887, at *5 (S.D.N.Y. Oct. 5, 2017) (similar in New York).

Her unjust enrichment claim also duplicates her consumer fraud and warranty claims, as it merely incorporates the same allegations and adds nothing but boilerplate conclusions. (Mot. at 37-38.) This is another ground for dismissal.[21, 22]

### F.  The Opposition Confirms Williams' Injunctive Relief Claims Fail.

The Opposition confirms that Williams' injunctive relief claims fail for two reasons. **First**, Williams again admits that she has adequate legal remedies, which "belies a claim of irreparable injury." *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 496 (E.D. Pa. 2016). **Second**, Williams agrees that she must allege a concrete, imminent risk of future injury. But the Opposition shows no risk of "future physical [or] economic harm" beyond a speculative basis (Opp. at 39-40), which courts in the Third Circuit reject. *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278, 293 (3d Cir. 2018) (the court must "afford[ ] [plaintiff] the dignity of assuming that she acts rationally, and that she will not act in such a way that she will again suffer the same alleged 'injury'").

### III.   <u>CONCLUSION</u>

SEA asks the Court to dismiss the FAC without leave to amend.

---

[21] *See Vivar v. Apple Inc.*, 2023 WL 3847163, at *4 (S.D.N.Y. June 6, 2023) (holding unjust enrichment claim cannot duplicate warranty or deceptive practices claims); *Cota v. Ralph Lauren Corp.*, 603 F. Supp. 3d 666, 675 (E.D. Wis. 2022) (similar).

[22] Contrary to Williams' argument (Opp. at 38-39), courts also routinely dismiss deficient warranty claims along with unjust enrichment claims pled as alternatives. *See, e.g.*, *Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350, 363-70 (E.D.N.Y. 2022); *Chiarelli v. Nissan N. Am., Inc.*, 2015 WL 5686507, at *18 (E.D.N.Y. Sep. 25, 2015).

Respectfully submitted,

GREENBERG TRAURIG, LLP

Dated: September 18, 2023      By: */s/ David Jay*
                                       David Jay
                                       jayd@gtlaw.com
                                       500 Campus Drive, Suite 400
                                       Florham Park, NJ 07932-0677
                                       Tel: (973) 360-7900
                                       *Attorneys for Defendant*
                                       *Samsung Electronics America, Inc.*